**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ADP MARSHALL, INC., a Division of Fluor NE, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>NORESCO, LLC and LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>Defendants. | C.A. No. 07-129-ML |

**DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT**

Defendants, NORESCO, LLC ("NORESCO") and Lumbermens Mutual Casualty Company ("Lumbermens"), collectively "Defendants," hereby answer the Plaintiff's Complaint as follows:

**NATURE OF SUIT**

The first two unnumbered paragraphs of Plaintiff's Complaint are introductory paragraphs to which no response is required. To the extent any response is required, as to the first unnumbered paragraph, Defendants state that the Complaint speaks for itself. With respect to the second unnumbered paragraph, Defendants admit that Plaintiff, in breach of the forum selection clause set forth in the contract at issue, filed substantial similar claims in the Providence Superior Court and that the Providence Superior Court dismissed those claims in accordance with the forum selection clause. With respect to any representations made by Defendants to the Providence Superior Court, the pleadings

filed by Defendants and the transcripts of the proceedings in that court speak for themselves.

Defendants answer the remaining allegations set forth in Plaintiff's Complaint as follows:

**PARTIES**

1. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants state that the agreement between NORESCO and Plaintiff speaks for itself and constitutes the best evidence of its terms.

6. Defendants state that the agreement between NORESCO and Plaintiff speaks for itself and constitutes the best evidence of its terms.

**COUNT I**
**(BREACH OF CONTRACT – NORESCO)**

7. Defendants hereby repeat and incorporate by reference their answers to Paragraphs 1 through 6 of the Complaint as set forth above.

8. NORESCO admits the allegations contained in Paragraph 8 of Plaintiff's Complaint. The allegations set forth in Paragraph 8 of the Complaint are not directed at Lumbermens; therefore no response by Lumbermens is required.

9. NORESCO admits the allegations contained in Paragraph 9 of Plaintiff's Complaint. The allegations set forth in Paragraph 9 of the Complaint are not directed at Lumbermens; therefore no response by Lumbermens is required.

10. NORESCO states that contracts referenced in Paragraph 10 of Plaintiff's Complaint speak for themselves and constitute the best evidence of their terms. The allegations set forth in Paragraph 10 of the Complaint are not directed at Lumbermens; therefore no response by Lumbermens is required.

11. NORESCO admits that certain modifications and change orders were made to the scope of ADPM's work. NORESCO denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint. The allegations set forth in Paragraph 11 of the Complaint are not directed at Lumbermens; therefore no response by Lumbermens is required.

12. NORESCO denies the allegations contained in Paragraph 12 of Plaintiff's Complaint. The allegations set forth in Paragraph 12 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

13. NORESCO denies the allegations contained in Paragraph 13 of Plaintiff's Complaint. The allegations set forth in Paragraph 13 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

14. NORESCO admits the allegations contained in Paragraph 14 of Plaintiff's Complaint. The allegations set forth in Paragraph 14 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

15. NORESCO denies the allegations contained in Paragraph 15 of Plaintiff's Complaint. The allegations set forth in Paragraph 15 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

16. NORESCO denies the allegations contained in Paragraph 16 of Plaintiff's Complaint insofar as they allege that ADPM is owed $1,277,705. The allegations set forth in Paragraph 16 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

17. NORESCO denies the allegations contained in Paragraph 17 of Plaintiff's Complaint insofar as they allege that ADPM is owed $1,629,222. The allegations set forth in Paragraph 17 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

18. NORESCO denies the allegations contained in Paragraph 18 of Plaintiff's Complaint. The allegations set forth in Paragraph 18 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

19. NORESCO denies the allegations contained in Paragraph 19 of Plaintiff's Complaint. The allegations set forth in Paragraph 19 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

**COUNT II**
**(BOND CLAIM – LUMBERMENS)**

20. Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 19 of the Complaint as set forth above.

21. Lumbermens admits that a labor and material payment bond was issued in relation to the Primary Contract with Lumbermens as the surety and NORESCO as the principal. Lumbermens denies any remaining allegations set forth in Paragraph 21 of Plaintiff's Complaint. The allegations set forth in Paragraph 21 of the Complaint are not directed at NORESCO therefore no response by NORESCO is required.

22. Lumbermens admits that ADPM supplied or caused to be supplied certain labor and materials for the Facility. Lumbermens specifically denies that all such labor

and materials were supplied in a satisfactory and workmanlike manner. The allegations set forth in Paragraph 22 of the Complaint are not directed at NORESCO therefore no response by NORESCO is required..

23. Lumbermens admits the allegations contained in Paragraph 23 of Plaintiff's Complaint insofar as they allege that Plaintiff submitted various invoices to NORESCO. Lumbermens denies the allegations contained in Paragraph 23 of the Complaint to the extent that they allege that Plaintiff was entitled to be paid the amount that it seeks in this action. The allegations set forth in Paragraph 23 of the Complaint are not directed at NORESCO therefore no response by NORESCO is required.

24. Lumbermens states that the payment bond speaks for itself and constitutes the best evidence of its terms. Lumbermens further states that Paragraph 24 contains a conclusion of law for which no response is required. The allegations set forth in Paragraph 24 of the Complaint are not directed at NORESCO therefore no response by NORESCO is required.

25. Lumbermens states that the payment bond speaks for itself and constitutes the best evidence of its terms. Lumbermens further states that Paragraph 25 contains a conclusion of law for which no response is required. Lumbermens admits that ADPM notified Lumbermens of ADPM's claim. The allegations set forth in Paragraph 25 of the Complaint are not directed at NORESCO therefore no response by NORESCO is required.

26. Lumbermens states that the payment bond speaks for itself and constitutes the best evidence of its terms. The allegations set forth in Paragraph 26 of the Complaint are not directed at NORESCO therefore no response by NORESCO is required.

27. Lumbermens denies the allegations contained in Paragraph 27 of Plaintiff's Complaint. The allegations set forth in Paragraph 27 of the Complaint are not directed at NORESCO therefore no response by NORESCO is required.

28. Lumbermens denies the allegations contained in Paragraph 28 of Plaintiff's Complaint. The allegations set forth in Paragraph 28 of the Complaint are not directed at NORESCO therefore no response by NORESCO is required.

**COUNT III**
**(BOOK ACCOUNT – NORESCO)**

29. Defendants hereby repeat and incorporate by reference their answers to Paragraphs 1 through 28 of the Complaint as set forth above.

30. NORESCO admits that ADPM supplied or caused to be supplied certain labor and materials for the Facility. NORESCO specifically denies that all such labor and materials were supplied in a satisfactory and workmanlike manner. The allegations set forth in Paragraph 30 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

31. NORESCO admits accepting certain labor and materials supplied or caused to be supplied by ADPM and that it incorporated such labor and materials into the Facility. NORESCO specifically denies that all such labor and materials were supplied in a satisfactory or workmanlike manner and that all such labor and materials were incorporated into the Facility. NORESCO denies any remaining allegations contained in Paragraph 31 of Plaintiff's Complaint. The allegations set forth in Paragraph 31 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

32. NORESCO admits the allegations contained in Paragraph 32 of Plaintiff's Complaint insofar as they allege that Plaintiff submitted various invoices to NORESCO.

NORESCO denies the allegations contained in Paragraph 32 of the Complaint to the extent that they allege that Plaintiff was entitled to be paid the amount that it seeks in this action. The allegations set forth in Paragraph 32 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

33. NORESCO admits that ADPM has made demand on NORESCO but NORECSO denies the remaining allegations contained in Paragraph 33 of the Plaintiff's Complaint. The allegations set forth in Paragraph 33 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

**COUNT IV**
**(UNJUST ENRICHMENT – NORESCO)**

34. Defendants hereby repeat and incorporate by reference their answers to Paragraphs 1 through 33 of the Complaint as set forth above.

35. NORESCO admits that ADPM supplied or caused to be supplied certain labor and materials for the Facility. NORESCO specifically denies that all such labor and materials were supplied in a satisfactory and workmanlike manner. The allegations set forth in Paragraph 35 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

36. NORESCO admits accepting certain labor and materials supplied or caused to be supplied by ADPM and that it incorporated certain such labor and materials into the Facility. NORESCO lacks knowledge or information sufficient to form a belief as to whether the value of the Facility increased as a result of certain labor and materials supplied or caused to be supplied by ADPM. NORESCO specifically denies that all such labor and materials were supplied in a satisfactory or workmanlike manner and that all such labor and materials were incorporated into the Facility. NORESCO denies the remaining allegations contained in Paragraph 36 of the Plaintiff's Complaint. The

allegations set forth in Paragraph 36 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

37. NORESCO admits the allegations contained in Paragraph 37 of Plaintiff's Complaint insofar as they allege that Plaintiff submitted various invoices to NORESCO. NORESCO denies the allegations contained in Paragraph 37 of the Complaint to the extent that they allege that Plaintiff was entitled to be paid the amount that it seeks in this action. The allegations set forth in Paragraph 37 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

38. NORESCO denies the allegations contained in Paragraph 38 of Plaintiff's Complaint. The allegations set forth in Paragraph 38 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

**COUNT V**
**(QUANTUM MERUIT – NORESCO)**

39. Defendants hereby repeat and incorporate by reference their answers to Paragraphs 1 through 38 of the Complaint as set forth above.

40. NORESCO lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint, and therefore call upon the Plaintiff to prove the same. The allegations set forth in Paragraph 40 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

41. NORESCO denies the allegations contained in Paragraph 41 of Plaintiff's Complaint. The allegations set forth in Paragraph 41 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

42. NORESCO denies the allegations contained in Paragraph 42 of Plaintiff's Complaint to the extent that they allege that ADPM is entitled to quantum meruit. The

allegations set forth in Paragraph 42 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

**COUNT VI**
**(ATTORNEYS' FEES – NORESCO)**

43. Defendants hereby repeat and incorporate by reference their answers to Paragraphs 1 through 42 of the Complaint as set forth above.

44. NORESCO denies the allegations contained in Paragraph 44 of Plaintiff's Complaint. The allegations set forth in Paragraph 44 of the Complaint are not directed at Lumbermens therefore no response by Lumbermens is required.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, statute of repose, and/or the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has waived any rights it may have had against Lumbermens and NORESCO.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of payment.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of release.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred by its own prior material breach of the agreement between it and NORESCO.

**NINTH AFFIRMATIVE DEFENSE**

Count IV of the Plaintiff's Complaint fails because NORESCO has not been unjustly enriched.

**TENTH AFFIRMATIVE DEFENSE**

In the unlikely event that the Plaintiff is found to have suffered damages for which either or both of the Defendants are found to be liable, said damages must be reduced or offset in whole or in part by amounts paid by Defendants to third-parties which should have been paid by the Plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

In the unlikely event that the Plaintiff is found to have suffered damages for which either or both of the Defendants are found to be liable, said damages must be reduced or offset in whole or in part due to Plaintiff's failure to mitigate its purported damages.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's Count VI fails because Defendants have raised justifiable issues of both law and fact, as required by R.I.G.L. § 9-1-45.

WHEREFORE, Defendants, NORESCO, LLC and Lumbermens Mutual Casualty Company demand that the Plaintiff's Complaint be dismissed in its entirety, and that they be awarded their costs and attorney's fees incurred in defending this action.

**DEFENDANTS NORESCO, LLC AND LUMBERMENS MUTUAL CASUALTY COMPANY'S COUNTERCLAIMS AGAINST ADP MARSHALL, INC.**

Defendants, NORESCO, LLC and Lumbermens Mutual Casualty Company (collectively "Defendants"), hereby assert the following counterclaims against the Plaintiff, ADP Marshall, Inc. as follows:

**PARTIES**

1. ADP Marshall, Inc., a division of Fluor NE, Inc. ("ADPM"), is an Arizona corporation authorized to do business in the State of Rhode Island, with a principal place of business in Pawtucket, Rhode Island.

2. NORESCO, LLC ("NORESCO") is a Delaware limited liability company authorized to do business in the State of Rhode Island.

3. Lumbermens Mutual Casualty Company ("Lumbermens") is an Illinois surety company authorized to do business in Rhode Island.

**FACTS**

**Prime Contract between NORESCO and the State of Rhode Island**

4. On or about September 25, 2000, NORESCO entered into an agreement with the State of Rhode Island (the "State"), Department of Mental Health, Retardation and Hospitals (the "Prime Contract") to, *inter alia*, perform certain construction work with respect to the energy cogeneration facility at the Pastore Centre in Cranston, Rhode Island (the "Facility").

5. Lumbermens issued Payment Bond number 99900 with respect to the Facility. See Exhibit A hereto.

6. The Payment Bond listed NORESCO as principal and Rhode Island Department of Mental Health, Retardation and Hospitals as oblige.

7. In submitting its bid to the State for the Prime Contract, NORESCO dealt exclusively with ADPM and relied upon ADPM to estimate the construction cost of the Facility. Upon information and belief, NORESCO's bid for the Prime Contract was accepted based upon the estimate developed by ADPM.

8. After NORESCO's bid had been submitted to the State, ADPM informed NORESCO that its cost of labor increased, and, as a result, ADPM's cost estimate would not provide sufficient funds for the Facility's construction.

9. As a result of the increase in ADPM's labor costs, ADPM resolved with NORESCO to "value engineer" the Facility so that it could be completed for the bid amount.

**Subcontract between ADPM and NORESCO**

10. Notwithstanding the fact that design documents were not yet complete, on or about March 22, 2002, ADPM and NORESCO executed an agreement which governed ADPM's work on the Facility as general contractor (the "Subcontract"). See Exhibit B hereto.

11. ADPM materially breached various terms and conditions of the Subcontract, including, but not limited to:

a. failing to appoint well qualified, experienced personnel to perform work on the Facility;

b. repeatedly removing or replacing project managers without notice and approval from NORESCO;

c. failing to properly supervise ADPM's employees and subcontractors;

d. failing to obtain a certificate of occupancy for the Facility;

e. failing to minimize interference with the State's operations during construction;

f. failing to provide NORESCO with accurate and timely project schedules and progress reports;

g. failing to identify significant subcontractors to NORESCO in advance;

h. failing to make all subcontracts consistent with and subject to the terms of the Subcontract;

i. failing to observe safe work practices and, in doing so, jeopardizing the safety of other contractors and State employees at the site;

j. failing to produce "as built" drawings to NORESCO;

k. failing to timely achieve Mechanical Readiness and Readiness for Testing;

l. failing to complete the Facility;

m. failing to pay ADPM's subcontractors in accordance with the terms and conditions of the subcontracts between them;

n. failing to indemnify NORESCO from claims brought by ADPM subcontractors, as required by the Subcontract; and,

o. failing to comply with the requirements of Section 6.1.1 of the Subcontract.

12. As a direct consequence of ADPM's breach of the Subcontract, NORESCO and Lumbermens suffered significant damages.

**ADPM Payment and Performance Bonds**

13. Pursuant to the Subcontract, ADPM procured Payment and Performance Bonds from St. Paul and Fidelity (number 400SP8413-02/8642263), which listed ADPM as principal and NORESCO as obligee ("ADPM Bonds"). See Exhibit C hereto.

14. In the Payment Bond, ADPM agreed to pay for all labor materials and equipment furnished for use in the performance of the Facility and agreed to indemnify NORESCO and hold NORESCO harmless from claims, demands, liens or suits by any person or entity making a claim for payment for labor, materials and equipment furnished for use in the performance of the construction of the Facility.

15. In connection with construction of the Facility, ADPM subcontracted the performance of certain of its responsibilities under the Subcontract to various entities, including, but not limited to, Weststar Associates, Inc., R.P. Iannuccillo & Sons Construction Company, Northeast Steel Corporation, Inc., Process Construction Management, Inc., D'Ambra Construction Company, Inc., Hydrochem Industrial Services, Inc., Arden Engineering Constructors, LLC, Unique Metal Works, Inc. and Atlantic Contracting Specialties, LLC (collectively the "Subcontractors").

16. Upon information and belief, ADPM refused to pay the Subcontractors for labor, materials or equipment furnished by them for use in the performance of the construction of the Facility.

17. As a result, the Subcontractors sued NORESCO and/or Lumbermens in Providence Superior Court for payment for labor, materials or equipment furnished by them for use in the performance of the construction of the Facility.

18. NORESCO demanded that ADPM indemnify NORESCO and hold NORESCO harmless from the Subcontractors' claims.

19. ADPM refused to honor its contractual obligation to indemnify NORESCO and hold NORESCO harmless from the Subcontractors' claims.

20. As a result of ADPM's refusal to honor their obligations under the ADPM Bonds, NORESCO and Lumbermens incurred significant fees and expenses in

connection with the defense and resolution of the majority of the Subcontractors' claims, including, but not limited to, the payment of approximately $774,000 in settlement of all but one of the Subcontractors' claims.

**COUNT I – BREACH OF CONTRACT**
**(Breach of the Subcontract)**

21. NORESCO and Lumbermens hereby repeat and incorporate by reference Paragraphs 1 through 20 above.

22. ADPM materially breached the Subcontract between it and NORESCO in regards to the construction of the Facility.

23. As a result of ADPM's breach, NORESCO and Lumbermens suffered and continue to suffer damages.

WHEREFORE, NORESCO and Lumbermens demand judgment in their favor against ADPM in an amount to be proven at trial, plus costs, interest, and reasonable attorney's fees.

**COUNT II – BREACH OF CONTRACT**
**(ADPM Payment Bond)**

24. NORESCO and Lumbermens hereby repeat and incorporate by reference Paragraphs 1 through 23 above.

25. In the ADPM Bonds, ADPM agreed to pay for all labor materials and equipment furnished for use in the performance of the Facility and agreed to indemnify NORESCO and hold NORESCO harmless from claims, demands, liens or suits by any person or entity making a claim for payment for labor, materials and equipment furnished for use in the performance of the construction of the Facility.

26. The Subcontractors sued NORESCO and/or Lumbermens in Providence Superior Court for payment for labor, materials or equipment furnished by them for use in the performance of the construction of the Facility.

27. NORESCO and Lumbermens have fulfilled all legal conditions precedent under the ADP Bonds to make a proper demand that ADPM indemnify NORESCO and hold it harmless regarding the Subcontractors' claims.

28. ADPM failed and refused to honor ADPM's contractual obligations to indemnify NORESCO and hold it harmless with respect to the Subcontractors' claims.

29. As a result of ADPM's failure and refusal to honor their contractual obligations, NORESCO and Lumbermens have suffered damages in an amount to be determined at trial.

WHEREFORE, NORESCO and Lumbermens demand judgment in their favor against ADPM in an amount to be proven at trial, plus costs, interest, and reasonable attorney's fees.

**COUNT III – ATTORNEYS' FEES**

30. NORESCO and Lumbermens hereby repeat and incorporate by reference Paragraphs 1 through 29 above.

31. There is no justifiable dispute in either law or fact which excuses ADPM's material breach of the Subcontract or failure to fulfill its obligations under the ADPM Bonds.

WHEREFORE, NORESCO and Lumbermens demand that they be awarded their reasonable attorney's fees pursuant to R.I.G.L. § 9-1-45.

**DEFENDANTS' THIRD-PARTY COMPLAINT AGAINST ST. PAUL FIRE AND MARINE INSURANCE COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

NORESCO, LLC and Lumbermens Mutual Casualty Company hereby complain against St. Paul Fire and Marine Insurance Company and Fidelity and Deposit Company of Maryland as follows:

**PARTIES**

1. Third-Party Plaintiff NORESCO, LLC ("NORESCO") is a Delaware limited liability company authorized to do business in the State of Rhode Island.

2. Third-Party Plaintiff Lumbermens Mutual Casualty Company ("Lumbermens") is an Illinois surety company authorized to do business in Rhode Island.

3. Third-Party Defendant St. Paul Fire and Marine Insurance Company ("St. Paul") is a surety company with a principal place of business in San Francisco, California, authorized to do business in Rhode Island. Upon information and belief, St. Paul is currently doing business as The Travelers Company, Inc.

4. Third-Party Defendant Fidelity and Deposit Company of Maryland ("Fidelity") is a surety company with a principal place of business in Pasadena, California, authorized to do business in Rhode Island. Upon information and belief, Fidelity is an affiliate of Zurich North America.

**JURISDICTION AND VENUE**

5. All parties to this Third-Party Complaint maintain diversity of citizenship and the amount in controversy exceeds $75,000.

6. The Third-Party Defendants maintain sufficient business operations in Rhode Island to fulfill the personal jurisdiction requirements in the State of Rhode Island.

**FACTS**

7. NORESCO contracted with the State of Rhode Island (the "State"), Department of Mental Health, Retardation and Hospitals to, *inter alia*, to perform design and construction work with respect to a cogeneration facility at the Pastore Centre in Cranston, Rhode Island (the "Facility").

8. Lumbermens issued a Payment Bond (number 999900) with respect to the Facility, listing NORESCO as principal and the Rhode Island Department of Mental Health, Retardation and Hospitals as oblige ("Lumbermens Bond"). See Exhibit A hereto.

9. On or about March 22, 2002, NORESCO executed an agreement with ADP Marshall, Inc. ("ADPM") for certain construction work to be performed by ADPM on the Facility (the "Subcontract"). See Exhibit B hereto.

10. Pursuant to the Subcontract, ADPM procured Payment and Performance Bonds from St. Paul and Fidelity (number 400SP8413-02/8642263), which list ADPM as principal and NORESCO as obligee ("ADPM Bonds"). See Exhibit C hereto.

11. In the Payment Bond, St. Paul and Fidelity agreed to pay for all labor materials and equipment furnished for use in the performance of the Facility and agreed to indemnify NORESCO and hold NORESCO harmless from claims, demands, liens or suits by any person or entity making a claim for payment for labor, materials and equipment furnished for use in the performance of the construction of the Facility.

12. In connection with construction of the Facility, ADPM subcontracted the performance of certain of its responsibilities under the Subcontract to various entities, including, but not limited to, Weststar Associates, Inc., R.P. Iannuccillo & Sons Construction Company, Northeast Steel Corporation, Inc., Process Construction

Management, Inc., D'Ambra Construction Company, Inc., Hydrochem Industrial Services, Inc., Arden Engineering Constructors, LLC, Unique Metal Works, Inc. and Atlantic Contracting Specialties, LLC (collectively the "Subcontractors").

13. Upon information and belief, ADPM refused to pay the Subcontractors for labor, materials or equipment furnished by them for use in the performance of the construction of the Facility.

14. The Subcontractors sued NORESCO and/or Lumbermens in Providence Superior Court for payment for labor, materials or equipment furnished by them for use in the performance of the construction of the Facility.

15. NORESCO demanded that St. Paul and Fidelity indemnify NORESCO and hold NORESCO harmless from the Subcontractors' claims.

16. St. Paul and Fidelity refused to honor their contractual obligation to indemnify NORESCO and hold NORESCO harmless from the Subcontractors' claims.

17. As a result of St. Paul and Fidelity's refusal to honor their obligations under the ADPM Bonds, NORESCO and Lumbermens incurred significant fees and expenses in connection with the defense and resolution of the majority of the Subcontractors' claims, including, but not limited to, the payment of approximately $774,000 in settlement of all but one of the Subcontractors' claims.

**COUNT I – BREACH OF CONTRACT**

18. NORESCO and Lumbermens hereby repeat and incorporate by reference Paragraphs 1 through 17 above.

19. In the ADPM Bonds, St. Paul and Fidelity agreed to pay for all labor materials and equipment furnished for use in the performance of the Facility and agree to indemnify NORESCO and hold NORESCO harmless from claims, demands, liens or

suits by any person or entity making a claim for payment for labor, materials and equipment furnished for use in the performance of the construction of the Facility.

20. The Subcontractors sued NORESCO and/or Lumbermens in Providence Superior Court for payment for labor, materials or equipment furnished by them for use in the performance of the construction of the Facility.

21. NORESCO and Lumbermens have fulfilled all legal conditions precedent under the ADPM Bonds to make a proper demand that St. Paul and Fidelity indemnify NORESCO and hold it harmless regarding the Subcontractors' claims.

22. St. Paul and Fidelity failed and refused to honor their contractual obligations to indemnify NORESCO and hold it harmless regarding the Subcontractors' claims.

23. As a result of St. Paul and Fidelity's failure and refusal to honor their contractual obligations, NORESCO and Lumbermens have suffered damages in an amount to be determined at trial.

WHEREFORE, NORESCO and Lumbermens demand judgment in their favor against St. Paul and Fidelity in an amount to be proven at trial, plus costs, interest, and reasonable attorney's fees.

**COUNT II – ATTORNEYS' FEES**

24. NORESCO and Lumbermens hereby repeat and incorporate by reference Paragraphs 1 through 23 above.

25. There is no justifiable dispute in either law or fact which excuses St. Paul and Fidelity's material breach of the ADPM Bonds.

WHEREFORE, NORESCO and Lumbermens demand that they be awarded their reasonable attorney's fees pursuant to R.I.G.L. § 9-1-45.

Date: June 11, 2007

**NORESCO, LLC and LUMBERMENS MUTUAL CASUALTY COMPANY,**

By their Attorneys,

/s/ Brian J. Lamoureux

William M. Dolan III (#4524)
Brian J. Lamoureux (#6211)
**BROWN RUDNICK BERLACK ISRAELS LLP**
121 South Main Street
Providence, RI 02903
(401) 276-2600
(401) 276-2601 Fax

*Of Counsel:*

Cheryl B. Pinarchick
**BROWN RUDNICK BERLACK ISRAELS LLP**
One Financial Center
Boston, MA 02111
(617) 856-8200
(617) 856-8201 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Andrew J. Tine, Esq.
Law Offices of Andrew J. Tine
251 Thames Street, 2nd Fl.
Bristol, RI 02809

/s/ Brian J. Lamoureux
Brian J. Lamoureux

# 1501209 v1 - SGROMP - 080908/0004