# C

THE AMERICAN INSTITUTE OF ARCHITECTS

St. Paul Fire and Marine Insurance Company Bond No: 400SP8413-02
Fidelity and Deposit Company of Maryland Bond No: 8642263

Premium included in Performance Bond

*AIA Document A312*

# Payment Bond

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

CONTRACTOR (Name and Address):
ADP Marshall, Inc.
75 Newman Avenue
Rumford, RI 02916

SURETY (Name and Principal Place of Business):
St. Paul Fire and Marine Insurance Company
One Market, Spear Tower
10th Floor
San Francisco, CA 94105
and
Fidelity and Deposit Company of Maryland
225 South Lake Avenue, Suite 700
Pasadena, CA 91101

OBLIGEE (Name and Address):
Noresco, LLC, a Delaware limited liability company
1 Research Drive
Westborough, MA 01581

CONSTRUCTION CONTRACT
Date: March 22, 2002
Amount: $12,365,105.00
Description (Name and Location): Pastore Center Cogeneration Project - Cranston, RI

BOND
Date (Not earlier than Construction Contract Date): April 4, 2002
Amount: $12,365,105.00
Modifications to this Bond: ☒ None ☐ See Page 6

CONTRACTOR AS PRINCIPAL
Company: ADP Marshall, Inc. (Corporate Seal)

Signature: [signature]
Name and Title: S. James Busam, VP

(Any additional signatures appear on page 6)

SURETY
Company: St. Paul Fire and Marine Insurance Company (Corporate Seal)

Signature: [signature]
Name and Title: Irene Lau, Attorney-in-Fact

see page 3 for additional surety signature

*(FOR INFORMATION ONLY—Name, Address and Telephone)*

AGENT or BROKER:
Marsh Risk & Insurance Services
4695 MacArthur Court, Suite 700
Newport Beach, CA 92660
(949) 399-5800

OWNER'S REPRESENTATIVE (Architect, Engineer or other party):

1 The Contractor and the Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract, which is incorporated herein by reference.

2 With respect to the Owner, this obligation shall be null and void if the Contractor:

2.1 Promptly makes payment, directly or indirectly, for all sums due Claimants, and

2.2 Defends, indemnifies and holds harmless the Owner from claims, demands, liens or suits by any person or entity whose claim, demand, lien or suit is for the payment for labor, materials or equipment furnished for use in the performance of the Construction Contract, provided the Owner has promptly notified the Contractor and the Surety (at the address described in Paragraph 12) of any claims, demands, liens or suits and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety, and provided there is no Owner Default.

3 With respect to Claimants, this obligation shall be null and void if the Contractor promptly makes payment, directly or indirectly, for all sums due.

4 The Surety shall have no obligation to Claimants under this Bond until:

4.1 Claimants who are employed by or have a direct contract with the Contractor have given notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and, with substantial accuracy, the amount of the claim.

4.2 Claimants who do not have a direct contract with the Contractor:

.1 Have furnished written notice to the Contractor and sent a copy, or notice thereof, to the Owner, within 90 days after having last performed labor or last furnished materials or equipment included in the claim stating, with substantial accuracy, the amount of the claim and the name of the party to whom the materials were furnished or supplied or for whom the labor was done or performed; and

.2 Have either received a rejection in whole or in part from the Contractor, or not received within 30 days of furnishing the above notice any communication from the Contractor by which the Contractor has indicated the claim will be paid directly or indirectly; and

.3 Not having been paid within the above 30 days, have sent a written notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and enclosing a copy of the previous written notice furnished to the Contractor.

5 If a notice required by Paragraph 4 is given by the Owner to the Contractor or to the Surety, that is sufficient compliance.

6 When the Claimant has satisfied the conditions of Paragraph 4, the Surety shall promptly and at the Surety's expense take the following actions:

6.1 Send an answer to the Claimant, with a copy to the Owner, within 45 days after receipt of the claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed.

6.2 Pay or arrange for payment of any undisputed amounts.

7 The Surety's total obligation shall not exceed the amount of this Bond, and the amount of this Bond shall be credited for any payments made in good faith by the Surety.

8 Amounts owed by the Owner to the Contractor under the Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any Construction Performance Bond. By the Contractor furnishing and the Owner accepting this Bond, they agree that all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and the Surety under this Bond, subject to the Owner's priority to use the funds for the completion of the work.

9 The Surety shall not be liable to the Owner, Claimants or others for obligations of the Contractor that are unrelated to the Construction Contract. The Owner shall not be liable for payment of any costs or expenses of any Claimant under this Bond, and shall have under this Bond no obligations to make payments to, give notices on behalf of, or otherwise have obligations to Claimants under this Bond.

10 The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

11 No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located or after the expiration of one year from the date (1) on which the Claimant gave the notice required by Subparagraph 4.1 or Clause 4.2.3, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

12 Notice to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the signature page. Actual receipt of notice by Surety, the Owner or the Contractor, however accomplished, shall be sufficient compliance as of the date received at the address shown on the signature page.

13 When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. The intent is that this

Bond shall be construed as a statutory bond and not as a common law bond.

14 Upon request by any person or entity appearing to be a potential beneficiary of this Bond, the Contractor shall promptly furnish a copy of this Bond or shall permit a copy to be made.

15 DEFINITIONS

15.1 Claimant: An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment for use in the performance of the Contract. The intent of this Bond shall be to include without limitation in the terms "labor, materials or equipment" that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment used in the Construction Contract, architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished.

15.2 Construction Contract: The agreement between the Owner and the Contractor identified on the signature page, including all Contract Documents and changes thereto.

15.3 Owner Default: Failure of the Owner, which has neither been remedied nor waived, to pay the Contractor as required by the Construction Contract or to perform and complete or comply with the other terms thereof.

MODIFICATIONS TO THIS BOND ARE AS FOLLOWS:

(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)

| CONTRACTOR AS PRINCIPAL | SURETY |
| --- | --- |
| Company: ADP Marshall, Inc. (Corporate Seal) | Company: Fidelity and Deposit Company of Maryland (Corporate Seal) |
| Signature: [signature] | Signature: [signature] |
| Name and Title: S. James Busam, VP | Name and Title: Irene Lau, Attorney-in-Fact |
| Address: | Address: 225 S. Lake Ave., #700 Pasadena, CA 91101 |

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of Orange

On April 4, 2002 (DATE) before me, Kathy R. Mair, Notary Public (NAME, TITLE OF OFFICER - E.G., "JANE DOE, NOTARY PUBLIC),

personally appeared Irene Lau (NAME(S) OF SIGNER(S)),

☒ personally know to me - OR - ☐ proved to me on the basic of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

KATHY R. MAIR
Commission # 1302377
Notary Public - California
Orange County
My Comm. Expires May 22, 2005

WITNESS my hand and official seal.

Kathy R. Mair

SIGNATURE OF NOTARY

## OPTIONAL

Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

**CAPACITY CLAIMED BY SIGNER**

- ☐ INDIVIDUALS
- ☐ CORPORATE OFFICER

TITLE(S)

- ☐ PARTNER(S) ☐ LIMITED ☐ GENERAL
- ☒ ATTORNEY-IN-FACT
- ☐ TRUSTEE(S)
- ☐ GUARDIAN/CONSERVATOR
- ☐ OTHER:

**SIGNER IS REPRESENTING:**
NAME OF PERSON(S) OR ENTITY(IES)
St. Paul Fire and Marine Insurance Company
Fidelity and Deposit Company of Maryland

**DESCRIPTION OF ATTACHED DOCUMENT**

Payment Bond
TITLE OR TYPE OF DOCUMENT

NUMBER OF PAGES

DATE OF DOCUMENT

SIGNER(S) OTHER THAN NAMED ABOVE

km (5/2001)

**The St Paul**

# POWER OF ATTORNEY

Seaboard Surety Company
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company
St. Paul Mercury Insurance Company

United States Fidelity and Guaranty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.

Power of Attorney No. 21338

Certificate No. 1211611

KNOW ALL MEN BY THESE PRESENTS: That Seaboard Surety Company is a corporation duly organized under the laws of the State of New York, and that St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company and St. Paul Mercury Insurance Company are corporations duly organized under the laws of the State of Minnesota, and that United States Fidelity and Guaranty Company is a corporation duly organized under the laws of the State of Maryland, and that Fidelity and Guaranty Insurance Company is a corporation duly organized under the laws of the State of Iowa, and that Fidelity and Guaranty Insurance Underwriters, Inc. is a corporation duly organized under the laws of the State of Wisconsin *(herein collectively called the "Companies")*, and that the Companies do hereby make, constitute and appoint

Irene Lau, Kathy R. Mair and Mechelle Larkin

of the City of Newport Beach, State California, their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety to, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

IN WITNESS WHEREOF, the Companies have caused this instrument to be signed and sealed this 1st day of December, 1999.

Seaboard Surety Company
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company
St. Paul Mercury Insurance Company

United States Fidelity and Guaranty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.

1927 SEAL SEAL 1896 1977 1951

JOHN F. PHINNEY, Vice President

THOMAS E. HUIBREGTSE, Assistant Secretary

State of Maryland
City of Baltimore

On this 1st day of December, 1999, before me, the undersigned officer, personally appeared John F. Phinney and Thomas E. Huibregtse, who acknowledged themselves to be the Vice President and Assistant Secretary, respectively, of Seaboard Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Company, and Fidelity and Guaranty Insurance Underwriters, Inc.; and that the seals affixed to the foregoing instrument are the corporate seals of said Companies; and that they, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing the names of the corporations by themselves as duly authorized officers.

In Witness Whereof, I hereunto set my hand and official seal.

My Commission expires the 13th day of July, 2002.

REBECCA EASLEY-ONOKALA NOTARY PUBLIC BALTIMORE CITY MD

REBECCA EASLEY-ONOKALA, Notary Public

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of Seaboard Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Company, and Fidelity and Guaranty Insurance Underwriters, Inc. on September 2, 1998, which resolutions are now in full force and effect, reading as follows:

RESOLVED, that in connection with the fidelity and surety insurance business of the Company, all bonds, undertakings, contracts and other instruments relating to said business may be signed, executed, and acknowledged by persons or entities appointed as Attorney(s)-in-Fact pursuant to a Power of Attorney issued in accordance with these resolutions. Said Power(s) of Attorney for and on behalf of the Company may and shall be executed in the name and on behalf of the Company, either by the Chairman, or the President, or any Vice President, or an Assistant Vice President, jointly with the Secretary or an Assistant Secretary, under their respective designations. The signature of such officers may be engraved, printed or lithographed. The signature of each of the foregoing officers and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorney(s)-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and subject to any limitations set forth therein, any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company, and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is validly attached; and

RESOLVED FURTHER, that Attorney(s)-in-Fact shall have the power and authority, and, in any case, subject to the terms and limitations of the Power of Attorney issued them, to execute and deliver on behalf of the Company and to attach the seal of the Company to any and all bonds and undertakings, and other writings obligatory in the nature thereof, and any such instrument executed by such Attorney(s)-in-Fact shall be as binding upon the Company as if signed by an Executive Officer and sealed and attested to by the Secretary of the Company.

I, Thomas E. Huibregtse, Assistant Secretary of Seaboard Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Company, and Fidelity and Guaranty Insurance Underwriters, Inc. do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I hereunto set my hand this ________ day of APR - 4 2002, ________.

1927 SEAL SEAL 1896 1977 1951

Thomas E. Huibregtse

Thomas E. Huibregtse, Assistant Secretary

*To verify the authenticity of this Power of Attorney, call 1-800-421-3880 and ask for the Power of Attorney clerk. Please refer to the Power of Attorney number, the above-named individuals and the details of the bond to which the power is attached.*

## Power of Attorney
# FIDELITY AND DEPOSIT COMPANY OF MARYLAND
### HOME OFFICE: P.O. BOX 1227, BALTIMORE, MD 21203-1227

Know ALL MEN BY THESE PRESENTS: That the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation of the State of Maryland, by W. B. WALBRECHER, Vice-President, and T. E. SMITH, Assistant Secretary, in pursuance of authority granted by Article VI, Section 2, of the By-Laws of said Company, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, does hereby nominate, constitute and appoint **Irene LAU, of Newport Beach, California,** its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed: **any and all bonds and undertakings** and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Company, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its office in Baltimore, Md., in their own proper persons.

The said Assistant Secretary does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article VI, Section 2, of the By-Laws of said Company, and is now in force.

IN WITNESS WHEREOF, the said Vice-President and Assistant Secretary have hereunto subscribed their names and affixed the Corporate Seal of the said FIDELITY AND DEPOSIT COMPANY OF MARYLAND, this 29th day of July, A.D. 1999.

FOR YOUR PROTECTION LOOK FOR THE FD WATERMARK

ATTEST: **FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

SEAL

*T. E. Smith* *Assistant Secretary*

By: *W. B. Walbrecher* *Vice-President*

State of Maryland } ss:
County of Baltimore }

On this 29th day of July, A.D. 1999, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, came W. B. Walbrecher, Vice-President and T. E. Smith, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and they each acknowledged the execution of the same, and being by me duly sworn, severally and each for himself deposeth and saith, that they are the said officers of the Company aforesaid, and that the seal affixed to the preceding instrument is the Corporate Seal of said Company, and that the said Corporate Seal and their signatures as such officers were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

*Carol J. Fader* *Notary Public*
My Commission Expires: August 1, 2000

## EXTRACT FROM BY-LAWS OF FIDELITY AND DEPOSIT COMPANY OF MARYLAND

"Article VI, Section 2. The Chairman of the Board, or the President, or any Executive Vice-President, or any of the Senior Vice-Presidents or Vice-Presidents specially authorized so to do by the Board of Directors or by the Executive Committee, shall have power, by and with the concurrence of the Secretary or any one of the Assistant Secretaries, to appoint Resident Vice-Presidents, Assistant Vice-Presidents and Attorneys-in-Fact as the business of the Company may require, or to authorize any person or persons to execute on behalf of the Company any bonds, undertaking, recognizances, stipulations, policies, contracts, agreements, deeds, and releases and assignments of judgements, decrees, mortgages and instruments in the nature of mortgages,...and to affix the seal of the Company thereto."

## CERTIFICATE

I, the undersigned, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the original Power of Attorney of which the foregoing is a full, true and correct copy, is in full force and effect on the date of this certificate; and I do further certify that the Vice-President who executed the said Power of Attorney was one of the additional Vice-Presidents specially authorized by the Board of Directors to appoint any Attorney-in-Fact as provided in Article VI, Section 2, of the By-Laws of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

This Power of Attorney and Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at a meeting duly called and held on the 10th day of May, 1990.

RESOLVED: "That the facsimile or mechanically reproduced seal of the company and facsimile or mechanically reproduced signature of any Vice-President, Secretary, or Assistant Secretary of the Company, whether made heretofore or hereafter, wherever appearing upon a certified copy of any power of attorney issued by the Company, shall be valid and binding upon the Company with the same force and effect as though manually affixed."

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said Company, this

________ day of APR - 4 2002 ________, ________.

S. D. Mattie

*Assistant Secretary*