**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ADP MARSHALL, INC., a division of Fluor NE, Inc., Plaintiff, | ) |
| v. | ) C.A. No.: 07-129-ML |
| NORESCO, LLC and LUMBERMEN'S MUTUAL CASUALTY COMPANY, Defendants. | ) |

**DEFENDANT-IN-COUNTERCLAIM ADP MARSHALL, INC.'S ANSWER TO NORESCO, LLC AND LUMBERMANS MUTUAL CASUALTY COMPANY'S FIRST AMENDED COUNTERCLAIMS**

Defendant-in-Counterclaim, ADP Marshall, Inc., a division of Fluor NE, Inc., (hereinafter "ADPM") answers Plaintiffs-in-Counterclaim NORESCO, LLC and Lumbermans Mutual Casualty Company's First Amended Counterclaims filed June 18, 2007 as follows:

**ANSWER**

1. ADPM denies that it maintains a principal place of business in Pawtucket, Rhode Island and admits the remainder of Paragraph 1 of the First Amended Counterclaims.

2. ADPM lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 2 of the First Amended Counterclaims.

3. ADPM lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 3 of the First Amended Counterclaims.

4. ADPM lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 4 of the First Amended Counterclaims.

5. ADPM denies that the Payment Bond is number 99900 and admits the remainder of Paragraph 5 of the First Amended Counterclaims.

6. ADPM admits that the payment bond lists NORESCO, LLC as "Contractor" and Rhode Island Department of Mental Health, Retardation and Hospitals as "Owner" and ADPM lacks sufficient knowledge and information to form a belief as to the truth of the characterization of the remainder of the allegations contained in Paragraph 6.

7. ADPM lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 7 of the First Amended Counterclaims.

8. ADPM lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 8.

9. ADPM admits that value engineering took place with respect to the project and denies the balance of the allegation contained in Paragraph 9.

10. ADPM admits that it entered into an agreement dated March 22, 2002 with NORESCO, LLC in relation to the services to be provided by it as a subcontractor to NORESCO, LLC in relation to the Pastore Center Cogeneration Project and ADPM lacks sufficient knowledge and information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 10.

11. ADPM denies the allegations contained in Paragraph 11.

12. ADPM denies the allegations contained in Paragraph 12.

13. ADPM admits that the bond attached as Exhibit C to the Counterclaim identifies NORESCO, LLC as "Obligee" and ADPM as "Contractor" and ADPM lacks sufficient knowledge and information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 13.

14. ADPM denies the allegations contained in Paragraph 14 because a condition precedent to any of ADPM's obligations under the bond is that there is no default by NORESCO, LLC.

15. ADPM denies that it subcontracted with Hydrochem Industrial Services, Inc., Unique Metal Works, Inc. and Atlantic Contracting Specialties, LLC and admits the remainder of the allegations contained in Paragraph 15.

16. ADPM admits that it did not pay certain subcontractors as a result of non-payment by NORESCO, LLC and that receipt of payment from NORESCO, LLC is a condition precedent to ADPM's obligation to pay its Subcontractors.

17. ADPM admits that certain subcontractors sued NORESCO, LLC and/or Lubmermens in Providence Superior Court with respect to the allegations contained in Paragraph 17.

18. ADPM admits the allegations contained in Paragraph 18.

19. ADPM denies that it had a contractual obligation to indemnify NORESCO, LLC and hold NORESCO, LLC harmless from the Subcontractors' claims, as alleged in Paragraph 19.

20. ADPM denies the allegations contained in Paragraph 20.

21. ADPM hereby repeats and incorporates by reference its responses set forth in Paragraph 1 – 20 above.

22. ADPM denies the allegations contained in Paragraph 22.

23. ADPM denies the allegations contained in Paragraph 23.

24. ADPM hereby repeats and incorporates by reference its responses set forth in Paragraph 1 – 24 above.

25. ADPM denies the allegations contained in Paragraph 25 because a condition precedent to any of ADPM's obligations under the bond is that there is no default by NORESCO, LLC.

26. ADPM admits that certain Subcontractors sued NORESCO, LLC and/or Lubmermens in Providence Superior Court with respect to the allegations contained in Paragraph 26.

27. ADPM denies the allegations contained in Paragraph 27.

28. ADPM denies the allegations contained in Paragraph 28 because a condition precedent to any of ADPM's obligations under the bond is that there is no default by NORESCO, LLC.

29. ADPM denies the allegations contained in Paragraph 29.

30. ADPM hereby repeats and incorporates by reference its responses set forth in Paragraph 1 – 29 above.

31. ADPM denies the allegations contained in Paragraph 31.

32. ADPM hereby repeats and incorporates by reference its responses set forth in Paragraph 1 – 31 above.

33. ADPM denies the allegations contained in Paragraph 33.

34. ADPM denies the allegations contained in Paragraph 34.

35. ADPM denies the allegations contained in Paragraph 35.

36. ADPM denies the allegations contained in Paragraph 36.

37. ADPM lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 37 with respect to NORESCO, LLC's obligations to the State of Rhode Island and denies the remainder of the allegation contained in Paragraph 37.

38. ADPM denies the allegations contained in Paragraph 38.

39. ADPM denies the allegations contained in Paragraph 39.

40. ADPM denies the allegations contained in Paragraph 40.

**AFFIRAMTIVE DEFENSES**

1. The Amended Counterclaim fails to state a claim upon which relief may be granted.

2. The Amended Counterclaim is barred in whole or in part by the applicable statute of limitations, statute of repose, and/or the doctrine of laches.

3. The Amended Counterclaim is barred by the doctrine of unclean hands.

4. Plaintiffs-in-Counterclaim have waived their rights, if any, against Defendants-in-Counterclaim.

5. The Amended Counterclaim is barred by the doctrine of estoppel.

6. Plaintiffs-in-Counterclaim have released Defendants-in-Counterclaim from the claims set forth in the Amended Counterclaim.

7. Plaintiffs-in-Counterclaim's claims are barred by their own prior material breach of the agreement between NORESCO, LLC and Defendant-in-Counterclaim.

8. There is not privity between Lumbermens Mutual Casualty Company and Defendant-in-Counterclaim.

9. Plaintiffs-in-Counterclaim are not entitled to recover damages or for a set-off on amounts paid directly to Defendant-in-Counterclaim's Subcontractors because those direct payments and negotiations constitute tortious interference with said relationships.

10. Count III of the Amended Counterclaim fails because Defendants-in-Counterclaim have raised justifiable issues of both law and fact.

11. NORESCO, LLC is not entitled to any recovery because it is in default under the subject bonds and its contract with ADP Marshall, Inc. as a result of its failure to timely pay ADP Marshall, Inc. for approved work.

12. NORESCO, LLC claims on the subject bonds fail because NORESCO, LLC was in default prior to any alleged material breach by ADP Marshall, Inc.

WHEREFORE, Defendant-in-Counterclaim requests that the Amended Counterclaim be dismissed with prejudice and that Defendant-in-Counterclaim be awarded its reasonable attorneys fees incurred in having to defend against said counterclaim.

Defendant-in-Counterclaim,
ADP Marshall, Inc.,
By its attorneys,

Andrew J. Tine (#6756)
Law Offices of Andrew J. Tine
251 Thames Street, 2nd Floor
Bristol, RI 02809
(401) 396-9002 – Tel.
(401) 396-9479 - Fax

## CERTIFICATE OF SERVICE

I, Andrew J. Tine, hereby certify that on July 5th, 2007 a copy of the foregoing was filed electronically and served by mail on Brian J. Lamoureux and Cheryl Pinarchick, Brown Rudnick, One Financial Center, Boston, MA 02111.

______________________