**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ADP MARSHALL, INC., a division of Fluor NE, Inc.,<br>Plaintiff,<br><br>v.<br><br>NORESCO, LLC and LUMBERMEN'S MUTUAL CASUALTY COMPANY,<br>Defendants. | ) | C.A. No.: 07-129-ML |

**THIRD PARTY DEFENDANTS ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND'S ANSWER TO NORESCO, LLC AND LUMBERMANS MUTUAL CASUALTY COMPANY'S THIRD PARTY COMPLAINT**

Third Party Defendants, St. Paul Fire and Marine Insurance Company and Fidelity and Deposit Company of Maryland, (hereinafter collectively "ADPM's Sureties") answer the Third Party Complaint filed on June 11, 2007 as follows:

**ANSWER**

1. ADPM's Sureties lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Third Party Complaint.

2. ADPM's Sureties lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Third Party Complaint.

3. ADPM's Sureties admit the allegations contained in Paragraph 3 of the Third Party Complaint.

4. ADPM's Sureties admit the allegations contained in Paragraph 4 of the Third Party Complaint.

5. ADPM's Sureties deny the allegations contained in Paragraph 5 of the Third Party Complaint.

6. ADPM's Sureties admit the allegations contained in Paragraph 6 of the Third Party Complaint.

7. ADPM's Sureties lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Third Party Complaint.

8. ADPM's Sureties admit that a Payment Bond was issued by Lumbermens with respect to the Facility and that said bond speaks for itself.

9. ADPM's Sureties admit the allegations contained in Paragraph 9 of the Third Party Complaint.

10. ADPM's Sureties admit that ADPM procured Performance and Payment Bonds from them and that said bond speak for themselves.

11. ADPM's Sureties deny the allegations contained in Paragraph 11 of the Third Party Complaint because a condition precedent to any of ADPM's Sureties' obligations under the bond is that there is no default by NORESCO, LLC.

12. ADPM's Sureties deny that ADPM subcontracted with Hydrochem Industrial Services, Inc., Unique Metal Works, Inc. and Atlantic Contracting Specialties, LLC and admit the remainder of the allegations contained in Paragraph 12.

13. ADPM's Sureties admit that it is informed that ADPM did not pay certain subcontractors as a result of non-payment by NORESCO, LLC and that receipt of

payment from NORESCO, LLC is a condition precedent to ADPM's obligation to pay its subcontractors.

14. ADPM's Sureties admit the allegations contained in Paragraph 14 of the Third Party Complaint.

15. ADPM's Sureties admit the allegations contained in Paragraph 15 of the Third Party Complaint.

16. ADPM's Sureties deny the allegations contained in Paragraph 16 of the Third Party Complaint because a condition precedent to any of ADPM's Sureties' obligations under the bonds is that there is no default by NORESCO, LLC.

17. ADPM's Sureties deny the allegations contained in Paragraph 17 of the Third Party Complaint.

18. ADPM's Sureties hereby repeat and incorporate by reference their responses set forth in Paragraph 1 – 17 above.

19. ADPM's Sureties deny the allegations contained in Paragraph 19 of the Third Party Complaint because a condition precedent to any of ADPM's Sureties' obligations under the bonds is that there is no default by NORESCO, LLC.

20. ADPM's Sureties admit the allegations contained in Paragraph 20 of the Third Party Complaint.

21. ADPM's Sureties deny the allegations contained in Paragraph 21 of the Third Party Complaint.

22. ADPM's Sureties deny the allegations contained in Paragraph 22 of the Third Party Complaint because a condition precedent to any of ADPM's Sureties' obligations under the bonds is that there is no default by NORESCO, LLC.

23. ADPM's Sureties deny the allegations contained in Paragraph 23 of the Third Party Complaint.

24. ADPM's Sureties hereby repeat and incorporate by reference their responses set forth in Paragraph 1 – 23 above.

25. ADPM's Sureties deny the allegations contained in Paragraph 25 of the Third Party Complaint.

**AFFIRAMTIVE DEFENSES**

1. The Third Party Complaint fails to state a claim upon which relief may be granted.

2. The Third Party Complaint is barred in whole or in part by the applicable statute of limitations, statute of repose, and/or the doctrine of laches.

3. The Third Party Complaint is barred by the doctrine of unclean hands.

4. Third Party Plaintiffs have waived their rights, if any, against Third Party Defendants.

5. The Third Party Complaint is barred by the doctrine of estoppel.

6. Third Party Plaintiffs have released Third Party Defendants from the claims set forth in the Third Party Complaint.

7. Third Party Plaintiffs claims are barred by their own prior material breach of the agreement between NORESCO, LLC and ADP Marshall, Inc..

8. There is not privity between Lumbermens Mutual Casualty Company and Third Party Defendants.

9. Third Party Plaintiffs have failed to satisfy conditions precedent to making a claim under the bonds.

10. Count II of the Amended Counterclaim fails because Third Party Defendants have raised justifiable issues of both law and fact.

11. NORESCO, LLC and its surety are not entitled to any recovery because it is in default under the subject bonds and its contract with ADP Marshall, Inc. as a result of its failure to timely pay ADP Marshall, Inc. for approved work.

12. NORESCO, LLC claims on the subject bonds fail because NORESCO, LLC was in default prior to any alleged material breach by ADP Marshall, Inc.

13. Third Party Defendants should be awarded their attorneys fees in having to defend against the Third Party Complaint because there is no justifiable dispute in either law or fact to support Third Party Plaintiffs' claims.

14. Third Party Plaintiffs are not entitled to recover damages or for a set-off on amounts paid directly to ADP Marshall, Inc.'s Subcontractors because those direct payments and negotiations constitute tortious interference with said relationships.

WHEREFORE, Third Party Defendants request that the Third Party Complaint be dismissed with prejudice and that Third Party Defendants be awarded their reasonable attorneys fees incurred in having to defend against said complaint.

Third Party Defendants,
St. Paul Fire and Marine Insurance
Company and Fidelity and Deposit
Company of Maryland,
By its attorneys,

Andrew J. Tine (#6756)
Law Offices of Andrew J. Tine
251 Thames Street, 2nd Floor
Bristol, RI 02809
(401) 396-9002 – Tel.
(401) 396-9479 - Fax

## CERTIFICATE OF SERVICE

I, Andrew J. Tine, hereby certify that on July 26th, 2007 a copy of the foregoing was filed electronically and served by mail on Brian J. Lamoureux and Cheryl Pinarchick, Brown Rudnick, One Financial Center, Boston, MA 02111.