**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ADP MARSHALL, INC., a division of Fluor NE, Inc.,<br>Plaintiff, | ) | |
| v. | ) | C.A. No.: 07-129 ML |
| NORESCO, LLC and LUMBERMEN'S MUTUAL CASUALTY COMPANY,<br>Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, ADP Marshall, Inc., a division of Fluor NE, Inc., and for its Complaint against the Defendants, hereby states and alleges the following:

**NATURE OF SUIT**

This is a claim for unpaid labor, materials and costs incurred under a contract between ADP Marshall, Inc. and NORESCO, LLC in relation to improvements made to a power plant for the State of Rhode Island. Claim is also made against NORESCO, LLC's surety, Lumbermen's, pursuant to a payment bond issued with respect to the work.

Plaintiff previously filed identical claims against the Defendants in Providence Superior Court (the "State Court Lawsuit"). Defendants moved, pursuant to a forum selection clause contained in the contract between ADP Marshall, Inc. and NORESCO, LLC, for dismissal of the State Court Lawsuit, arguing that said lawsuit should be brought in this Court. ADP Marshall, Inc. now commences this lawsuit against Defendants in this Court, pursuant to the forum selection clause, and it relies upon the "savings statute" and Defendants' representations in Providence Superior Court that no

statute of limitations issues exist with respect to the claims, such representations of Defendants being made to induce dismissal of the State Court Lawsuit.

## PARTIES

1. Plaintiff, ADP Marshall, Inc., a division of Fluor NE, Inc., (hereinafter "ADPM") is an Arizona corporation authorized to do business in the State of Rhode Island with a principal place of business in Pawtucket, Rhode Island.

2. Defendant, NORESCO, LLC (hereinafter "NORESCO"), upon information and belief is a Delaware limited liability company authorized to do business in Rhode Island with a principal place of business in Westborough, Massachusetts.

3. Defendant, Lumbermen's Mutual Casualty Company (hereinafter "Lumbermen's") is an Illinois surety company authorized to transact business in Rhode Island.

## JURISDICTION AND VENUE

4. The Plaintiff and Defendants maintain diversity of citizenship and the amount in controversy exceeds $75,000.

5. The contract between ADPM and NORSCO provides that in the event of a dispute, either party may commence a legal proceeding in Federal Court in Rhode Island.

6. The contract also provides that Rhode Island law shall govern any dispute and that the parties consent to subject matter, personal jurisdiction and venue in the State of Rhode Island.

## COUNT I
## (BREACH OF CONTRACT – NORESCO)

7. ADPM hereby realleges and incorporates herein each of the paragraphs set forth above.

8. Under date of September 25, 2000, NORESCO entered into a design and construction agreement (the "Prime Contract") in relation to a cogeneration facility to be located at the Pastore Center, 600 New London Avenue, Cranston, Rhode Island (the "Facility").

9. Under date of March 22, 2002, NORESCO entered into an agreement with ADPM to perform certain procurement and construction in relation to the Facility (the "ADPM Contract").

10. NORESCO's scope of work under the Prime Contract was greater than ADPM's scope of work under the ADPM Contract.

11. During construction of the Facility, there were numerous modifications, change orders and increases in scope of work to the ADPM Contract.

12. ADPM has incurred additional costs as a result of NORESCO's failure to timely and properly perform its work under the Prime Contract and as a result of NORESCO's failure to timely provide information and direction to ADPM pursuant to the ADPM Contract.

13. NORESCO has failed to pay ADPM for work performed under the ADPM Contract, for increases in scope, and for additional costs incurred by ADPM, not limited to general conditions and/or expenditures resulting from delay.

14. NORESCO has paid ADPM $12,415,451 under the ADPM Contract.

15. The approved ADPM Contract value is $13,643,156.

16. ADPM has not been paid in full under its contract and for approved increases in scope the sum of $1,227,705.

17. ADPM has not been paid under its contract for additional increases in scope the sum of $1,629,222.

18. NORESCO owes ADPM at least $2,856,927.

19. NORESCO breached the ADPM Contract and ADPM has been damaged.

WHEREFORE, ADPM demands judgment against NORESCO in an amount to be proven at trial, plus interest, costs and reasonable attorney's fees.

**COUNT II**
**(BOND CLAIM – LUMBERMEN'S)**

20. ADPM hereby realleges and incorporates herein each of the paragraphs set forth above.

21. Upon information and belief, NORESCO issued a labor and material payment bond in relation to the Facility with itself as principal and Lumbermen's as surety.

22. ADPM supplied or caused to be supplied labor and materials for the Facility in a satisfactory and workmanlike manner.

23. ADPM submitted invoices to NORESCO in the normal course for labor and materials supplied but payment was not received.

24. Pursuant to the terms and conditions of the payment bond, payment is guaranteed to anyone supplying labor and materials for which payment has not otherwise been received.

25. Pursuant to the terms and conditions of the payment bond, ADPM is a proper claimant and has notified both NORESCO and Lumbermen's of its claim.

26. The payment bond requires that Lumbermen's respond to ADPM's claim within 45 days of receipt of notice of same, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed.

27. Lumbermen's has breached its duties under the payment bond by failing to investigate in good faith and timely respond to ADPM's claim.

28. Lumbermen's has breached its obligation under the payment bond and Rhode Island law by failing to make payment pursuant to the terms and conditions of the payment bond.

WHEREFORE, ADPM demands judgment against Lumbermen's in an amount to be proven at trial, plus interest, costs and reasonable attorney's fees.

**COUNT III**
**(BOOK ACCOUNT – NORESCO)**

29. ADPM hereby realleges and incorporates herein each of the paragraphs set forth above.

30. ADPM supplied or caused to be supplied labor and materials for the Facility in a satisfactory and workmanlike manner.

31. NORESCO accepted the labor and material and incorporated them into the Facility.

32. ADPM submitted invoices to NORESCO in the normal course for labor and materials supplied but payment was not received by ADPM.

33. Demand has been made on NORESCO for the balance of monies due but NORESCO has willfully and wrongfully refused and declined to tender said payment.

WHEREFORE, ADPM demands judgment against NORESCO in an amount to be proven at trial, plus interest, costs and reasonable attorney's fees.

**COUNT IV**
**(UNJUST ENRICHMENT – NORESCO)**

34. ADPM hereby realleges and incorporates herein each of the paragraphs set forth above.

35. ADPM supplied or caused to be supplied labor and materials for the Facility in a satisfactory and workmanlike manner.

36. NORESCO accepted the labor and material and incorporated them into the Facility, increasing the value of the Facility and directly benefiting NORESCO.

37. ADPM submitted invoices to NORESCO in the normal course for labor and materials supplied but payment was not received.

38. NORESCO has been unjustly enriched by the labor and materials supplied or caused to be supplied by ADPM for which payment has not been received by ADPM.

WHEREFORE, ADPM demands judgment against NORESCO in an amount to be proven at trial, plus interest, costs and reasonable attorney's fees.

**COUNT V**
**(QUANTUM MERUIT – NORESCO)**

39. ADPM hereby realleges and incorporates herein each of the paragraphs set forth above.

40. ADPM reasonably relied upon NORESCO's representations that it would be compensated for the benefits, materials and services provided for and on behalf of NORESCO.

41. NORESCO has been unjustly enriched by the materials supplied or caused to be provided by ADPM and has no justifiable defense to payment for same.

42. ADPM makes a claim in quantum meruit against NORESCO.

WHEREFORE, ADPM demands judgment against NORESCO in an amount to be proven at trial, plus interest, costs and reasonable attorney's fees.

**COUNT VI**
**(ATTORNEYS' FEES – NORESCO)**

43. ADPM hereby realleges and incorporates herein each of the paragraphs set forth above.

44. ADPM alleges that there is an absence of a justifiable issue in either law or fact for NORESCO's and Lubmermen's failure to pay invoices as submitted and that such failure is patent violation of the contract terms between the parties.

WHEREFORE, ADPM prays that it be awarded reasonable attorney's fees in accordance with R.I.G.L. §9-1-45.

**COUNT VII**
**(INTERFERENCE WITH CONTRACTUAL RELATIONS - NORESCO)**

45. ADPM hereby realleges and incorporates herein each of the paragraphs set forth above.

46. In order to fulfill the terms of the ADPM Contract, ADPM entered into various agreements with subcontractors ("Subcontractor Agreements") to supply labor and materials in the construction of the Facility.

47. Despite NORESCO's knowledge of the existence of the Subcontractor Agreements and the payment terms and relationship between ADPM and its subcontractors, NORESCO knowingly interfered with the Subcontractor Agreements by making direct payment to the various subcontractors of ADPM with improper motives or means.

48. By interfering with said contractual arrangements by making direct payments to subcontractors, NORESCO knowingly avoided paying ADPM markup, fees and/or general conditions which were contractually due to ADPM as the general contractor for work performed by its subcontractors.

49. ADPM has also been exposed financially to certain subcontractors for an unknown amount, given NORESCO's failure to obtain releases in favor of ADPM for payments made directly by NORESCO to those subcontractors.

50. As a result of NORESCO's knowing interference with the Subcontractor Agreements, ADPM has been damaged.

WHEREFORE, ADPM demands judgment against NORESCO in an amount to be proven at trial, plus interest, costs and reasonable attorney's fees.

Plaintiff,
By its attorneys,

Andrew J. Tine (#6756)
Law Offices of Andrew J. Tine
251 Thames Street, 2nd Floor
Bristol, RI 02809
(401) 396-9002 – Tel.
(401) 396-9479 - Fax