**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ADP MARSHALL, INC., a division of Fluor NE, Inc.,

Plaintiff/Counterclaim-Defendant,

v.

NORESCO, LLC and LUMBERMEN'S MUTUAL CASUALTY COMPANY,

Defendants/Counterclaim-Plaintiffs/ Third-Party Plaintiffs,

ST. PAUL FIRE AND MARINE INSURANCE COMPANY and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,

Third-Party Defendants.

C.A. No.: 07-129 ML

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

Now comes the Plaintiff, ADP Marshall, Inc., by and through counsel, and submits this Memorandum in Support of its Motion for Leave to Amend its Complaint pursuant to F.R.C.P. Rule 15(a).

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff ADP Marshall, Inc. (hereinafter "ADPM") instituted this action by filing its Complaint on or about April 6, 2007.

2. On July 3, 2007, Plaintiff filed its affirmative defenses in response to Defendant NORESCO, LLC's counterclaim, which included *inter alia*, an affirmative

defense sounding in the tort known as interference with contractual relations. See Para 14 of Plaintiff's Affirmative Defenses, Docket Entry #7.

3. On or about July 19, 2007, pursuant to F.R.C.P. Rule 26(a)(1)(C), NORESCO, LLC (hereinafter "NORESCO") provided its Initial Disclosures to ADPM revealing NORESCO's computation of damages. Said computation of damages included $774,000 of payments made to "Subtier Subcontractors" having direct contractual relations to ADPM and not NORESCO.

4. The Counterclaim responded to on July 3, 2007 and NORESCO's Initial Disclosures dated July 19, 2007 placed ADPM on notice of NORESCO's intent to affirmatively recover from ADPM money paid to ADPM subcontractors, resulting from negotiations and settlements with said subcontractors that constitute an interference with ADPM's contractual relations.

5. Accordingly, ADPM now seeks leave to amend its Complaint so that it may add a cause of action for interference with contractual relations against NORESCO.

## II. LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave [and]... [t]he court should freely give leave when justice so requires." See F.R.C.P. Rule 15(a). Rule 15 is to be read liberally by the federal courts. See Maddalone v. Okada Shosen, KK, 756 F.2d 886, 887 (1st Cir. 1985). The courts must consider the substantive merits of the amendment, and whether such an amendment would cause undue delay or prejudice to the non-moving party. See Foman v. Davis, 371 U.S. 178, 182 (1962). Such a decision to grant or deny a motion to amend is within

the sound discretion of the trial court. See Colmenares Vivas v. Sun Alliance Ins. Co., 807 F.2d 1102, 1108 (1st Cir. 1986).

## III. ARGUMENT

### 1. ADM MARSHALL, INC.'S MOTION FOR LEAVE SHOULD BE GRANTED IN THE INTERESTS OF JUSTICE

This Court should grant ADPM's Motion for Leave to Amend its Complaint because justice requires that ADPM be able to assert all legally viable claims against the Defendants in this action. As stated *supra*, this action was commenced earlier this year by ADPM on April 6, 2007. ADPM did not become aware of NORESCO intention to affirmative recover money paid by it as a result of its own wrongful conduct until after NORESCO filed its Counterclaim and Initial Disclosures, and therefore, had no reason to affirmatively plead said tortious conduct in its original complaint. Given the fact that ADPM did not become aware of the need to plead for affirmative relief on said interference with contractual relations until after NORESCO filed its counterclaim, this Court should grant ADPM leave to amend.

### 2. LEAVE TO AMEND WOULD NOT CAUSE UNDUE DELAY OR OTHERWISE PREJUDICE THE DEFENDANTS

Should this Court decide to grant the Plaintiff's leave to amend its Complaint, such would not cause undue delay in the adjudication of this matter, nor would the granting of leave to amend prejudice NORESCO. This action was commenced only eight months ago on April 6, 2007. At present, neither party has conducted depositions and paper discovery has not yet been responded to by either party. The granting of ADPM's Motion for Leave to Amend its Complaint, would not cause undue delay to the adjudication of either parties' rights in this action. This is particularly the case given the

fact that the interference with contractual relations claim that ADPM now seeks to add to its Complaint is supported by a myriad of facts common to its existing claims.

Likewise, NORESCO will not be prejudiced by this Court granting ADPM's Motion for Leave to Amend. As enumerated above, this matter is in the early stages of discovery. ADPM seeks to amend its Complaint to add a claim involving operative factual issues which overlap with the central facts of ADPM's existing claims and which are already made relevant by way of the affirmative defenses asserted by ADPM. As a result, the granting of leave to amend will not prejudice NORESCO.

## IV. CONCLUSION

Based on the foregoing, Plaintiff, ADP Marshall, Inc., should be granted leave to amend its Complaint to add its claim of Interference with Contractual Relations.

ADP Marshall, Inc.,
By its attorneys,

Andrew J. Tine (#6756)
Law Offices of Andrew J. Tine
251 Thames Street, 2nd Floor
Bristol, RI 02809
(401) 396-9002 – Tel.
(401) 396-9479 - Fax

## CERTIFICATE OF SERVICE

I, Andrew J. Tine, hereby certify that I served a copy of the foregoing document by U.S mail, postage pre-paid to all counsel of record this 21 day of December, 2007.

Andrew J. Tine, Esq.