**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ADP MARSHALL, INC., a division of Fluor NE, Inc.,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>NORESCO, LLC and LUMBERMEN'S MUTUAL CASUALTY COMPANY,<br><br>Defendants/Counterclaim-Plaintiffs/ Third-Party Plaintiffs,<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>Third-Party Defendants. | C.A. No.: 07-129 ML |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER AND AFFIRMATIVE DEFENSES**

Now comes the Plaintiff, ADP Marshall, Inc., by and through counsel, and submits this Memorandum in Support of its Motion for Leave to Amend its Answer and affirmative defenses pursuant to F.R.C.P. Rule 15.

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff ADP Marshall, Inc. (hereinafter "ADPM") instituted this action by filing its Complaint on or about April 6, 2007.

2. On June 18, 2007, NORESCO, LLC filed an Amended Counterclaim. In its Amended Counterclaim, NORESCO, LLC failed to disclose that it was pursuing liquidated damages in this proceeding.

3. On July 3, 2007, ADPM answered the Amended Counterclaim.

4. On or about July 19, 2007, pursuant to F.R.C.P. Rule 26(a)(1)(C), NORESCO, LLC (hereinafter "NORESCO") provided its Initial Disclosures to ADPM revealing NORESCO's computation of damages. Said computation of damages included $759,000 in liquidated damages. This was the first disclosure by NORESCO of an intention to pursue these types of damages in this proceeding.

5. Accordingly, ADPM now seeks leave to amend its Answer and affirmative defenses to respond to said liquidated damages claim, disclosed for the first time by NORESCO after ADPM answered the Amended Counterclaim.

## II. LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave [and]... [t]he court should freely give leave when justice so requires." See F.R.C.P. Rule 15(a). Rule 15 is to be read liberally by the federal courts. See Maddalone v. Okada Shosen, KK, 756 F.2d 886, 887 (1st Cir. 1985). The courts must consider the substantive merits of the amendment, and whether such an amendment would cause undue delay or prejudice to the non-moving party. See Foman v. Davis, 371 U.S. 178, 182 (1962). Such a decision to grant or deny a motion to amend is within the sound discretion of the trial court. See Colmenares Vivas v. Sun Alliance Ins. Co., 807 F.2d 1102, 1108 (1st Cir. 1986).

## III. ARGUMENT

### 1. ADM MARSHALL, INC.'S MOTION FOR LEAVE SHOULD BE GRANTED IN THE INTERESTS OF JUSTICE

This Court should grant ADPM's Motion for Leave to Amend its Answer because justice requires that ADPM be able to assert all legally viable affirmative defenses that

became relevant and known to it only after Counterclaim Defendant's disclosure of damages. ADPM did not become aware of NORESCO's intention to affirmatively recover liquidated damages until after NORESCO served its Initial Disclosures. ADPM attempt here to assert its affirmative defenses to NORESCO, LLC's liquidated damages claim is at a "pragmatically sufficient time." See Williams v. Ashland Eng'g Co., 45 F.3d 588, 593 (1st Cir.1995). Given the fact that ADPM did not become aware of the need to plead affirmative defenses responsive to a liquidated damages claim until after NORESCO served its damages disclosures, this Court should grant ADPM leave to amend.

2. LEAVE TO AMEND WOULD NOT CAUSE UNDUE DELAY OR OTHERWISE PREJUDICE THE DEFENDANTS

Should this Court decide to grant the Plaintiff's leave to amend its Answer, such would not cause undue delay in the adjudication of this matter, nor would the granting of leave to amend prejudice NORESCO. This action was commenced only eight months ago on April 6, 2007. At present, neither party has conducted depositions and paper discovery has not yet been responded to by either party. The granting of ADPM's Motion for Leave to Amend its Answer, would not cause undue delay to the adjudication of either parties' rights in this action.

Likewise, NORESCO will not be prejudiced by the granting of ADPM's Motion for Leave to Amend. As stated above, this matter is in the early stages of discovery. ADPM seeks to amend its Answer to add an affirmative defense involving operative factual issues which overlap with the central facts of ADPM's affirmative claims. Further, said affirmative defense should preclude a factually disputed aspect of NORESCO's claim, thus streamlining this proceeding.

## IV. CONCLUSION

Based on the foregoing, Plaintiff, ADP Marshall, Inc., should be granted leave to amend its Answer to add an affirmative defense stating as follows:

> "NORESCO, LLC's claim for liquidated damages is barred, estopped, waived and/or this Court lacks jurisdiction to consider same because NORESCO, LLC failed to follow the conditions precedent under the Contract before pursuing said damages in this forum, including but not limited to, failing to assess said damages during the Contract period and failing to submit said damages to arbitration for determination."

ADP Marshall, Inc.,
By its attorneys,

Andrew J. Tine (#6756)
Law Offices of Andrew J. Tine
251 Thames Street, 2nd Floor
Bristol, RI 02809
(401) 396-9002 – Tel.
(401) 396-9479 - Fax

## CERTIFICATE OF SERVICE

I, Andrew J. Tine, hereby certify that I served a copy of the foregoing document by U.S mail, postage pre-paid to all counsel of record this 27 day of December, 2007.

Andrew J. Tine, Esq.