**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ADP MARSHALL, INC., a division of Fluor NE, Inc., Plaintiff, | |
| v. | C.A. No.: 07-129 ML |
| NORESCO, LLC and LUMBERMEN'S MUTUAL CASUALTY COMPANY, Defendants. | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTON FOR LEAVE TO FILE RESPONSE TO REPLY IN RESPONSE TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff ADP Marshall, Inc. ("Plaintiff") hereby responds to Defendants' motion for leave to file a response to the reply in response to Defendant's objection to Plaintiff's motion for leave to amend complaint (Docket Entry #29). Plaintiff does not object to the additional filing, but seeks leave in this short response to address one important issue raised for the first time so succinctly by Defendant. Defendant argues that Plaintiff's interference with contract claim is simply a breach of contract claim. In response, Plaintiff attaches a short summary of a case recently litigated in Massachusetts involving the same types of claims advanced in the same contractual framework. See Exhibit A hereto.

Plaintiff has been harmed by the Defendant going around the contractual framework (Owner to General and General to Sub), by making direct payments at a discount to subcontractors, causing varying types of damages, not limited to: avoidance

of markup on payments to subcontractors, causing Plaintiff to lose the financial leverage over its subcontractors to cause them to complete their contractual obligations, and by damaging those contractual relationships.

This is an important claim advanced by Plaintiff because Defendant argues that Plaintiff, through the same subcontractors that were directly paid by Defendant, failed to complete its work. Plaintiff is entitled to present evidence that said subcontractors could not be compelled to complete any additional work after being paid directly by the Defendant and further, after being released by the Defendant for any additional obligations on the project.

As such, Plaintiff believes its interference with contract claim is meritorious, well pled, and should be allowed as part of its affirmative claims.

Plaintiff,
ADP Marshall, Inc.,
By its attorneys,

Andrew J. Tine (#6756)
Law Offices of Andrew J. Tine
251 Thames Street, 2nd Floor
Bristol, RI 02809
(401) 396-9002 – Tel.
(401) 396-9479 - Fax

**CERTIFICATE OF SERVICE**

I hereby certify that this 18 day of January 2008 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties below by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

William M. Dolan, III
wdolan@brownrudnick.com
**BROWN RUDNICK BERLACK ISRAELS, LLP**
121 South Main Street
Providence, RI 02903

Brian J. Lamoureux
blamoureux@brownrudnick.com
**BROWN RUDNICK BERLACK ISRAELS, LLP**
121 South Main Street
Providence, RI 02903

Cheryl B. Pinarchick
cpinarchick@brownrudnick.com
**BROWN RUDNICK BERLACK ISRAELS, LLP**
121 South Main Street
Providence, RI 02903

/s/ Andrew J. Tine

**Owner Who Settled with Subcontractor Violated M.G.L. c. 93A (the Consumer Protection Statute)**—*Massachusetts Lawyers Weekly, June 21, 1999*

Carlo Cellai, Esq. successfully represented a general contractor against an owner that wrongfully refused to pay the general contractor the full amount due under the contract and who sought to undermine the general contractor's damage claim by settling and compromising the payments due from the general contractor to its subcontractors for less than the full amount due. The Owner paid the subcontractors 50 to 70 cents on the dollar for the amounts that they were owed. One of the contractors stated that he would never work with the general contractor again.

After a trial on the merits, the Court determined that the payment of discounted amounts by the owner to the general contractor's subcontractors amounted to an interference with the contractual relations between the general contractor and its subcontractors. The Court held the Defendant owner liable for interference with contractual relations as well as violations of Massachusetts General Laws Chapter 93A. As a result of the Judgment under the consumer protection statute, Massachusetts General Laws, chapter 93A, the Court tripled the damages and awarded the general contractor its attorney fees.

*Fauteux v. Digicom Technology Corporation dba Laptop Superstore, Boston Municipal Court*

Exhibit A