# EXHIBIT B

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

| | | |
|---|---|---|
| ARDEN ENGINEERNG CONSTRUCTORS, LLC | : | |
| vs. | : | C.A. No. PC 04-1208 |
| ADP MARSHALL, INC., a Division of Fluor Daniel Enterprises, Inc., to include ST. PAUL FIRE AND MARINE INSURANCE COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND, LUMBERMEN'S MUTUAL CASUALTY COMPANY and NORESCO, LLC | : | ANSWER and CROSS-CLAIM |

**DEFENDANTS, ADP MARSHALL, INC., ST. PAUL FIRE AND MARINE INSURANCE COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND'S <u>ANSWER</u> TO PLAINTIFF'S AMENDED COMPLAINT**

Now come the Defendants ADP Marshall, Inc. (hereinafter "ADP Marshall"), St. Paul Fire and Marine Insurance Company (hereinafter "St. Paul") and Fidelity and Deposit Company of Maryland (hereinafter "Fidelity") by and through their attorneys in the above-entitled matter and hereby responds to Plaintiff's Amended Complaint as follows:

1. Admitted.

2. Defendants admit that Defendant ADP Marshall is an Arizona corporation having an office at 75 Newman Avenue, Rumford, Rhode Island.

3. Defendants admit that Defendant St. Paul is a bonding insurance company licensed to do business in Rhode Island.

4. Defendants admit that Defendant Fidelity is a bonding insurance company licensed to do business in Rhode Island.

5. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of Plaintiff's Amended Complaint and leave Plaintiff to its own proof thereof.

RECEIVED
ADLER POLLOCK & SHEEHAN, P.C.
2300 Financial Plaza
Providence, RI 02903
APR 23 2004

6. Admitted.

7. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of Plaintiff's Amended Complaint and leave Plaintiff to its own proof thereof.

8. Admitted.

9. Defendant ADP Marshall admits that it entered into a contract with Plaintiff on the Project whereby Plaintiff was to supply labor and materials associated with mechanical and plumbing indicated pursuant to the plans and specifications incorporated into the subcontract agreement. Defendants deny each and every other material allegation contained in paragraph 9 of Plaintiff's Amended Complaint.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied.

15. Defendants neither admit nor deny the allegations contained in paragraph 15 of Plaintiff's Amended Complaint and leave Plaintiff to its own proof thereof.

16. Defendants neither admit nor deny the allegations contained in paragraph 16 of Plaintiff's Amended Complaint and leave Plaintiff to its own proof thereof.

17. Defendants neither admit nor deny the allegations contained in paragraph 17 of Plaintiff's Amended Complaint and leave Plaintiff to its own proof thereof.

18. Defendants neither admit nor deny the allegations contained in paragraph 18 of Plaintiff's Amended Complaint and leave Plaintiff to its own proof thereof.

19. Defendants neither admit nor deny the allegations contained in paragraph 19 of Plaintiff's Amended Complaint and leave Plaintiff to its own proof thereof.

20. Admitted.

21. Denied.

22. Defendant St. Paul admits that a demand has been made. Defendants deny each and every other material allegation contained in paragraph 22 of Plaintiff's Amended Complaint.

23. Defendants neither admit nor deny the allegations contained in paragraph 23 of Plaintiff's Amended Complaint and leave Plaintiff to its own proof thereof.

WHEREFORE, Defendants pray that this Honorable Court deny and dismiss Plaintiff's Complaint and award Defendants costs for the defense herein, plus reasonable attorney's fees.

COUNT I
Breach

24. Defendants repeat, reallege and incorporate by reference paragraphs 1 through 23 above as if fully set forth herein.

25. Admitted.

26. Denied.

27. Admitted.

28. Denied.

WHEREFORE, Defendants pray that this Honorable Court deny and dismiss Plaintiff's Complaint and award Defendants costs for the defense herein, plus reasonable attorney's fees.

COUNT II
Book Account

29. Defendants repeat, reallege and incorporate by reference paragraphs 1 through 28 above as if fully set forth herein.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

WHEREFORE, Defendants pray that this Honorable Court deny and dismiss Plaintiff's Complaint and award Defendants costs for the defense herein, plus reasonable attorney's fees.

## COUNT III
## Unjust Enrichment

34. Defendants repeat, reallege and incorporate by reference paragraphs 1 through 33 above as if fully set forth herein.

35. Admitted.

36. Denied.

37. Admitted.

38. Admitted.

39. Admitted.

40. Defendants admit that the labor and materials supplied by Plaintiff resulted in a direct benefit to Defendant Noresco, but deny each and every other material allegation contained in paragraph 40 of Plaintiff's Amended Complaint.

41. Defendant ADP Marshall admits that Defendant Noresco has been unjustly enriched by the labor and materials supplied by Plaintiff. Defendants deny each and every other material allegation contained in paragraph 41 of Plaintiff's Amended Complaint.

WHEREFORE, Defendants pray that this Honorable Court deny and dismiss Plaintiff's Complaint and award Defendants costs for the defense herein, plus reasonable attorney's fees.

## COUNT IV
## Bond Claim

42. Defendants repeat, reallege and incorporate by reference paragraphs 1 through 41 above as if fully set forth herein.

43. Admitted.

44. Denied.

45. Admitted.

46. Admitted.

47. Denied.

48. Defendants neither admit nor deny the allegations contained in paragraph 48 of Plaintiff's Amended Complaint and leave Plaintiff to its own proof thereof.

49. Denied.

WHEREFORE, Defendants pray that this Honorable Court deny and dismiss Plaintiff's Complaint and award Defendants costs for the defense herein, plus reasonable attorney's fees.

COUNT V
Bond Claim

50. Defendants repeat, reallege and incorporate by reference paragraphs 1 through 49 above as if fully set forth herein.

51. Admitted.

52. Denied.

53. Admitted.

54. Defendants neither admit nor deny the allegations contained in paragraph 54 of Plaintiff's Amended Complaint and leave Plaintiff to its own proof thereof.

55. Defendants neither admit nor deny the allegations contained in paragraph 55 of Plaintiff's Amended Complaint and leave Plaintiff to its own proof thereof.

56. Defendants ADP Marshall and St. Paul admit that Plaintiff has notified Defendants of its claim. Defendants deny each and every remaining material allegation contained in paragraph 56 of Plaintiff's Amended Complaint.

57. Defendants neither admit nor deny the allegations contained in paragraph 57 of Plaintiff's Amended Complaint and leave Plaintiff to its own proof thereof.

WHEREFORE, Defendants pray that this Honorable Court deny and dismiss Plaintiff's Complaint and award Defendants costs for the defense herein, plus reasonable attorney's fees.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense
Plaintiff's claim is barred for failure to state a claim upon which relief can be granted.

Second Affirmative Defense
Plaintiff's claim is barred by the doctrine of estoppel.

Third Affirmative Defense
Plaintiff's claim against these defendants is barred by the applicable statute of limitations.

Fourth Affirmative Defense
Plaintiff's claim is barred as it seeks relief outside the coverage of the Bond.

Fifth Affirmative Defense
Defendants are not obligated to pay Plaintiff as a condition precedent (Defendant ADP Marshall's receipt of funds from Defendant Noresco) has not occurred.

Defendants,
by their attorneys,

William A. Poore, Esq. (#1436)
Christopher J. O'Connor, Esq. (#5078)
POORE & ROSENBAUM LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-2600 – telephone
(401) 831-2220 – facsimile

**Defendants hereby demand a trial by jury.**
**William A. Poore, Esq. is hereby designated as trial attorney.**

William A. Poore, Esq. (#1436)
Christopher J. O'Connor, Esq. (#5078)

**DEFENDANT/CROSS-CLAIMANT ADP MARSHALL, INC.'S**
**CROSS-CLAIM**
**AGAINT NORESCO, LLC and LUMBERMEN'S MUTUAL CASUALTY COMPANY**

1. Defendant/Cross-Claimant ADP Marshall, Inc., a Division of Fluor Daniel Enterprises, Inc., is an Arizona corporation authorized to do business in the State of Rhode Island with a principal place of business in Rumford, Rhode Island.

2. Defendant Noresco, LLC (hereinafter "Noresco") upon information and belief is a Delaware limited liability company authorized to do business in Rhode Island with a principal place of business in Westborough, Massachusetts.

3. Defendant Lumbermen's Mutual Casualty Company (hereinafter "Lumbermen's") is a bonding and surety company licensed to do business in Rhode Island.

4. Defendant Noresco, under contract with the State of Rhode Island, entered into an agreement to modify and upgrade the project known as Rhode Island Department of Mental Health & Retardation Hospital, 600 New London Avenue, Pastore Co-Generation Project (hereinafter the "Project").

5. Pursuant to its contractual obligation, Defendant Noresco entered into a contract with Defendant/Cross-claimant ADP Marshall dated on or about March 22, 2002 whereby Defendant/Cross-claimant ADP Marshall was to act as a contractor with regard to the Project and provide construction services and procurement services in the construction of the facility and support for its start-up and testing. In accordance with the contract, Defendant Noresco was to pay Defendant/Cross-Claimant ADP Marshall considerable sums for the performance of service and the supply of labor and materials as provided therein.

6. Defendant/Cross-claimant ADP Marshall, in its capacity as contractor, was authorized and directed to secure certain subcontractors to assist in the performance of the contractual obligations and specifications as set forth.

7. Upon information and belief, pursuant to its contract with the State of Rhode Island, Defendant Noresco issued a labor and material payment bond with itself as principal and Defendant Lumbermen's as surety.

8. Pursuant to the terms and conditions of the bond, any entity providing labor and materials for the Project for which payment is not made, is a proper claimant and entitled to receive the benefit of payment from Defendant Noresco and/or Defendant Lumbermen's.

9. During the course of the Project, there were numerous modifications, change orders and scope changes which substantially increased the price of the original contract.

10. Defendant/Cross-claimant ADP Marshall performed all work and provided services in a satisfactory and workmanlike fashion.

11. All labor and materials supplied by Defendant/Cross-claimant ADP Marshall was accepted and incorporated into the Project without complaint.

12. During the course of the Project, due to delays that were solely and exclusively caused by Defendant Noresco and which comprised circumstances wholly outside of the control of Defendant/Cross-claimant ADP Marshall, additional damages were incurred by virtue of delays and inability to perform its contractual obligations. As a result, Defendant/Cross-claimant ADP Marshall incurred additional costs and expenses in accordance with the performance of its contractual obligations.

13. Defendant/Cross-claimant ADP Marshall has made demand for payment for monies due and owing, as well as materials and additional costs and expenses incurred on the Project.

14. Defendant Noresco has willfully and wrongfully refused to pay Defendant/Cross-claimant ADP Marshall's invoices as they became due.

15. On or about March 29, 2004 a demand was made upon Defendant Lumbermen's by way of certified mail, for monies due and no response was forthcoming.

COUNT I
Breach

16. Defendant/Cross-claimant ADP Marshall repeats and realleges the allegations set forth in paragraphs 1 through 15 of this Cross-claim as if fully set forth herein.

17. Defendant/Cross-claimant ADP Marshall entered into a contract with Defendant Noresco dated on or about March 22, 2002 to provide valuable labor and materials on the Project.

18. The labor and materials as requested were performed by Defendant/Cross-claimant ADP Marshall without complaint from Defendant Noresco and accepted by Defendant Noresco.

19. Defendant/Cross-claimant ADP Marshall has invoiced Defendant Noresco for monies due pursuant to the original contract, modifications and change orders.

20. Defendant Noresco has breached the agreement by failing to pay the balance due.

WHEREFORE, Defendant/Cross-claimant ADP Marshall, Inc. demands judgment against Defendant Noresco in the amount of $2,411,367.00, plus interest, costs and reasonable attorney's fees.

COUNT II
Book Account

21. Defendant/Cross-claimant ADP Marshall repeats and realleges the allegations set forth in paragraphs 1 through 20 of this Cross-claim as if fully set forth herein.

22. Defendant/Cross-claimant ADP Marshall entered into a written contract with Defendant Noresco dated on or about March 22, 2002 to provide valuable labor and materials on the Project.

23. Defendant/Cross-claimant ADP Marshall supplied or caused to be supplied all of its labor and materials to the benefit of Defendant Noresco in a satisfactory and workmanlike manner on account.

24. Defendant Noresco accepted the labor and material and incorporated them into the Project.

25. Demand has been made on Defendant Noresco for the balance of monies due but Defendant Noresco has willfully and wrongfully refused and declined to tender said payment.

WHEREFORE, Defendant/Cross-claimant ADP Marshall, Inc. demands judgment against Defendant Noresco in the amount of $2,411,367.00, plus interest, costs and reasonable attorney's fees.

COUNT III
Unjust Enrichment

26. Defendant/Cross-claimant ADP Marshall repeats and realleges the allegations set forth in paragraphs 1 through 25 of this Cross-claim as if fully set forth herein.

27. Defendant/Cross-claimant ADP Marshall entered into a contract with Defendant Noresco to provide or cause to provide valuable labor and materials on the Project.

28. Defendant/Cross-claimant ADP Marshall supplied its materials and performed its services in a satisfactory and workmanlike manner.

29. The materials and services provided by Defendant/Cross-claimant ADP Marshall were incorporated into the Project and increased the value of the Project through improvements and resulted in a direct benefit to Defendant Noresco.

30. Defendant/Cross-claimant ADP Marshall provided or caused to be provided labor and materials and invoice for payment, but has not received payment for the monies due.

31. Defendant Noresco has been unjustly enriched by the labor and materials supplied or caused to be supplied by Defendant/Cross-claimant ADP Marshall for which payment has not been received.

WHEREFORE, Defendant/Cross-claimant ADP Marshall, Inc. demands judgment against Defendant Noresco in the amount of $2,411,367.00, plus interest, costs and reasonable attorney's fees.

COUNT IV
Quantum Meruit

32. Defendant/Cross-claimant ADP Marshall repeats and realleges the allegations set forth in paragraphs 1 through 31 of this Cross-claim as if fully set forth herein.

33. Defendant/Cross-claimant ADP Marshall reasonably relied upon Defendant Noresco's representation that it would be compensated for the benefits, materials and services provided for and on behalf of Defendant Noresco.

34. Defendant Noresco has been unjustly enriched by the materials and supplied provided or caused to be provided by Defendant/Cross-claimant ADP Marshall and has no justifiable defense.

35. Defendant/Cross-claimant ADP Marshall makes claim in quantum meruit against Defendant Noresco.

WHEREFORE, Defendant/Cross-claimant ADP Marshall, Inc. demands judgment against Defendant Noresco in the amount of $2,411,367.00, plus interest, costs and reasonable attorney's fees.

COUNT V
Bond claim

36. Defendant/Cross-claimant ADP Marshall repeats and realleges the allegations set forth in paragraphs 1 through 35 of this Cross-claim as if fully set forth herein.

37. Defendant/Cross-claimant ADP Marshall was the contractor on the Project.

38. Defendant/Cross-claimant ADP Marshall supplied or caused to be supplied labor and materials for the Project in a satisfactory and workmanlike manner.

39. Defendant/Cross-claimant ADP Marshall submitted invoices to Defendant Noresco for labor and materials supplied but payment was not received.

40. Defendant Noresco issued a payment bond on the Project with itself as principal and Defendant Lumbermen's as surety.

41. Pursuant to the terms and conditions of the bond, payment is guaranteed to anyone supplying labor and materials for which payment has not otherwise been received.

42. Pursuant to the terms and conditions of the bond, Defendant/Cross-claimant ADP Marshall is a proper claimant and has notified both Defendant Noresco and Defendant Lumbermen's of its claim.

43. Defendant Noresco and Defendant Lumbermen's have breached their obligation pursuant to the terms and conditions of the bond and Rhode Island General Laws by failing to make payment pursuant to the terms and conditions of the bond.

WHEREFORE, Defendant/Cross-claimant ADP Marshall, Inc. demands judgment against Defendant Noresco and Defendant Lumbermen's in the amount of $2,411,367.00, plus interest, costs and reasonable attorney's fees.

COUNT VI
Statutory claim for attorney's fees

44. Defendant/Cross-claimant ADP Marshall repeats and realleges the allegations set forth in paragraphs 1 through 43 of this Cross-claim as if fully set forth herein.

45. Defendant/Cross-claimant ADP Marshall alleges that there is an absence of a justifiable issue in either law or fact for Defendant Noresco and Defendant Lumbermen's failure to pay invoices as submitted and that such failure is a patent violation of the contract terms between the parties.

WHEREFORE, Defendant/Cross-claimant ADP Marshall, Inc. prays that it be awarded reasonable attorney's fees in accordance with R.I.G.L. §9-1-45.

Defendant/Cross-Claimant ADP Marshall, Inc.
by its attorneys,

William A. Poore, Esq. (#1436)
Christopher J. O'Connor, Esq. (#5078)
POORE & ROSENBAUM LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-2600 – telephone
(401) 831-2220 – facsimile

**Defendants hereby demand a trial by jury.**
**William A. Poore, Esq. is hereby designated as trial attorney.**

William A. Poore, Esq. (#1436)
Christopher J. O'Connor, Esq. (#5078)

CERTIFICATION

I, Heather J. Andrews, hereby certify that on this 22nd day of April, 2004, I mailed a true copy of the within, regular mail, postage prepaid, to the following:

Joseph J. Reale, Jr., Esq.
30 Kennedy Plaza, Suite 400
Providence, RI 02903

Richard R. Beretta, Jr., Esq.
Adler, Pollock & Sheehan
2800 Financial Plaza
Providence, RI 02903

Heather J. Andrews