# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

U.S. DISTRICT COURT DISTRICT OF RHODE ISL

ADP MARSHALL, INC., a division of Fluor NE, Inc.,
Plaintiff,

v.

NORESCO, LLC and LUMBERMEN'S MUTUAL CASUALTY COMPANY,
Defendants.

CA 07 129 ML

## COMPLAINT

COMES NOW the Plaintiff, ADP Marshall, Inc., a division of Fluor NE, Inc., and for his Complaint against the Defendants, hereby states and alleges the following:

### NATURE OF SUIT

This is a claim for unpaid labor, materials and costs incurred under a contract between ADP Marshall, Inc. and NORESCO, LLC in relation to improvements made to a power plant for the State of Rhode Island. Claim is also made against NORESCO, LLC's surety, Lumbermen's, pursuant to a payment bond issued with respect to the work.

Plaintiff previously filed identical claims against the Defendants in Providence Superior Court (the "State Court Lawsuit"). Defendants moved, pursuant to a forum selection clause contained in the contract between ADP Marshall, Inc. and NORESCO, LLC, for dismissal of the State Court Lawsuit, arguing that said lawsuit should be brought in this Court. ADP Marshall, Inc. now commences this lawsuit against Defendants in this Court, pursuant to the forum selection clause, and it relies upon the "savings statute" and Defendants' representations in Providence Superior Court that no

statute of limitations issues exist with respect to the claims, such representations of Defendants being made to induce dismissal of the State Court Lawsuit.

**PARTIES**

1. Plaintiff, ADP Marshall, Inc., a division of Fluor NE, Inc., (hereinafter "ADPM") is an Arizona corporation authorized to do business in the State of Rhode Island with a principal place of business in Pawtucket, Rhode Island.

2. Defendant, NORESCO, LLC (hereinafter "NORESCO"), upon information and belief is a Delaware limited liability company authorized to do business in Rhode Island with a principal place of business in Westborough, Massachusetts.

3. Defendant, Lumbermen's Mutual Casualty Company (hereinafter "Lumbermen's") is an Illinois surety company authorized to transact business in Rhode Island.

**JURISDICTION AND VENUE**

4. The Plaintiff and Defendants maintain diversity of citizenship and the amount in controversy exceeds $75,000.

5. The contract between ADPM and NORSCO provides that in the event of a dispute, either party may commence a legal proceeding in Federal Court in Rhode Island.

6. The contract also provides that Rhode Island law shall govern any dispute and that the parties consent to subject matter, personal jurisdiction and venue in the State of Rhode Island.

**COUNT I**
**(BREACH OF CONTRACT – NORESCO)**

7. ADPM hereby realleges and incorporates herein each of the paragraphs set forth above.

8. Under date of September 25, 2000, NORESCO entered into a design and construction agreement (the "Prime Contract") in relation to a cogeneration facility to be located at the Pastore Center, 600 New London Avenue, Cranstor., Rhode Island (the "Facility").

9. Under date of March 22, 2002, NORESCO entered into an agreement with ADPM to perform certain procurement and construction in relation to the Facility (the "ADPM Contract").

10. NORESCO's scope of work under the Prime Contract was greater than ADPM's scope of work under the ADPM Contract.

11. During construction of the Facility, there were numerous modifications, change orders and increases in scope of work to the ADPM Contract.

12. ADPM has incurred additional costs as a result of NORESCO's failure to timely and properly perform its work under the Prime Contract and as a result of NORESCO's failure to timely provide information and direction to ADPM pursuant to the ADPM Contract.

13. NORESCO has failed to pay ADPM for work performed under the ADPM Contract, for increases in scope, and for additional costs incurred by ADPM, not limited to general conditions and/or expenditures resulting from delay.

14. NORESCO has paid ADPM $12,415,451 under the ADPM Contract.

15. The approved ADPM Contract value is $13,643,155.

16. ADPM has not been paid in full under its contract and for approved increases in scope the sum of $1,227,705.

17. ADPM has not been paid under its contract for additional increases in scope the sum of $1,629,222.

18. NORESCO owes ADPM at least $2,856,927.

19. NORESCO breached the ADPM Contract and ADPM has been damaged.

WHEREFORE, ADPM demands judgment against NORESCO in an amount to be proven at trial, plus interest, costs and reasonable attorney's fees.

**COUNT II**
**(BOND CLAIM – LUMBERMEN'S)**

20. ADPM hereby realleges and incorporates herein each of the paragraphs set forth above.

21. Upon information and belief, NORESCO issued a labor and material payment bond in relation to the Facility with itself as principal and Lumbermen's as surety.

22. ADPM supplied or caused to be supplied labor and materials for the Facility in a satisfactory and workmanlike manner.

23. ADPM submitted invoices to NORESCO in the normal course for labor and materials supplied but payment was not received.

24. Pursuant to the terms and conditions of the payment bond, payment is guaranteed to anyone supplying labor and materials for which payment has not otherwise been received.

25. Pursuant to the terms and conditions of the payment bond, ADPM is a proper claimant and has notified both NORESCO and Lumbermen's of its claim.

26. The payment bond requires that Lumbermen's respond to ADPM's claim within 45 days of receipt of notice of same, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed.

27. Lumbermen's has breached its duties under the payment bond by failing to investigate in good faith and timely respond to ADPM's claim.

28. Lumbermen's has breached its obligation under the payment bond and Rhode Island law by failing to make payment pursuant to the terms and conditions of the payment bond.

WHEREFORE, ADPM demands judgment against Lumbermen's in an amount to be proven at trial, plus interest, costs and reasonable attorney's fees.

**COUNT III**
**(BOOK ACCOUNT – NORESCO)**

29. ADPM hereby realleges and incorporates herein each of the paragraphs set forth above.

30. ADPM supplied or caused to be supplied labor and materials for the Facility in a satisfactory and workmanlike manner.

31. NORESCO accepted the labor and material and incorporated them into the Facility.

32. ADPM submitted invoices to NORESCO in the normal course for labor and materials supplied but payment was not received by ADPM.

33. Demand has been made on NORESCO for the balance of monies due but NORESCO has willfully and wrongfully refused and declined to tender said payment.

WHEREFORE, ADPM demands judgment against NORESCO in an amount to be proven at trial, plus interest, costs and reasonable attorney's fees.

**COUNT IV**
**(UNJUST ENRICHMENT – NORESCO)**

34. ADPM hereby realleges and incorporates herein each of the paragraphs set forth above.

35. ADPM supplied or caused to be supplied labor and materials for the Facility in a satisfactory and workmanlike manner.

36. NORESCO accepted the labor and material and incorporated them into the Facility, increasing the value of the Facility and directly benefiting NORESCO.

37. ADPM submitted invoices to NORESCO in the normal course for labor and materials supplied but payment was not received.

38. NORESCO has been unjustly enriched by the labor and materials supplied or caused to be supplied by ADPM for which payment has not been received by ADPM.

WHEREFORE, ADPM demands judgment against NORESCO in an amount to be proven at trial, plus interest, costs and reasonable attorney's fees.

**COUNT V**
**(QUANTUM MERUIT – NORESCO)**

39. ADPM hereby realleges and incorporates herein each of the paragraphs set forth above.

40. ADPM reasonably relied upon NORESCO's representations that it would be compensated for the benefits, materials and services provided for and on behalf of NORESCO.

41. NORESCO has been unjustly enriched by the materials supplied or caused to be provided by ADPM and has no justifiable defense to payment for same.

42. ADPM makes a claim in quantum meruit against NORESCO.

Case 1:07-cv-001( 1L-DLM Document 1-1 Filed 04 2007 Page 7 of 7

WHEREFORE, ADPM demands judgment against NORESCO in an amount to be proven at trial, plus interest, costs and reasonable attorney's fees.

**COUNT VI**
**(ATTORNEYS' FEES – NORESCO)**

43. ADPM hereby realleges and incorporates herein each of the paragraphs set forth above.

44. ADPM alleges that there is an absence of a justifiable issue in either law or fact for NORESCO's and Lubmermen's failure to pay invoices as submitted and that such failure is patent violation of the contract terms between the parties.

WHEREFORE, ADPM prays that it be awarded reasonable attorney's fees in accordance with R.I.G.L. §9-1-45.

Plaintiff,
By its attorneys,

Andrew J. Tine (#6756)
Law Offices of Andrew J. Tine
251 Thames Street, 2nd Floor
Bristol, RI 02809
(401) 396-9002 – Tel.
(401) 396-9479 - Fax

CA 07-129 ML
DLM

JS-44 (Rev. 1/07 RI)

# CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ADP Marshall, Inc., a division of Fluor NE, Inc.

(b) County of Residence of First Listed Plaintiff Providence
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Andrew J. Tine, Law Offices of Andrew J. Tine, 251 Thames Street, Bristol, RI 02809
(401) 396-9002

**DEFENDANTS** NORESCO, LLC and Lumbermen's Mutual Casualty Company

County of Residence of First Listed Defendant Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**Admiralty**
- [ ] 340 Marine(Injury to Seamen)
- [ ] 120 Marine (Other)

**Admin/Agency Appeals Other**
- [ ] 890 Other Statutory Actions (APA Appeals, IDEA Appeals, Other)

**Bankruptcy**
- [ ] 422 Appeal 28 U.S.C. § 158
- [ ] 423 Withdrawal 28 U.S.C. § 157

**Banks and Banking**
- [ ] 140 Negotiable Instruments
- [ ] 430 Banks and Banking
- [ ] 875 Customer Challenge to Subpoena (12 U.S.C. § 3410)

**Business and Commercial**

**Anti-trust**
- [ ] 410 Anti-Trust

**Construction Contracts**
- [ ] 130 Miller Act
- [X] 190 Other Contracts

**Securities Law & Stockholder Suits**
- [ ] 160 Stockholders' Suits
- [ ] 850 Securities/ Commodities/ Exchange

**Other - Business/Comm.**
- [ ] 196 Franchise
- [ ] 490 Cable/Satellite TV

**Consumer Credit**
- [ ] 371 Truth in Lending
- [ ] 480 Consumer Credit
- [ ] 190 Other Contracts

**Civil Rights**

**Constitutional Law**
- [ ] 950 Constitutionality of State Statutes
- [ ] 440 Other Civil Rights (Constitutionality of Federal Statutes)

**Elections and Voting**
- [ ] 400 State Reapportionment
- [ ] 441 Voting

**Other - Civil Rights**
- [ ] 440 Other Civil Rights
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 446 Americans with Disabilities

**Copyright & Trademark (Intellectual Property)**
- [ ] 820 Copyright
- [ ] 840 Trademark

**Employment and Employee Benefits**

**Employment Discrimination**
- [ ] 442 Employment
- [ ] 445 Americans with Disabilities-Employment
- [ ] 440 Other -Civil Rights

**ERISA**
- [ ] 791 Employment Ret. Inc. Security Act

**Other Employment Benefits**
- [ ] 190 Other - Contract
- [ ] 442 Other -Employment

**Environmental Law**
- [ ] 893 Environmental Matters

**Indian Law**
- [ ] 890 Other Statutory Actions

**Insurance**
- [ ] 110 Insurance Contract

**Labor and Occupational Safety**
- [ ] 660 Occupational Safety/Health
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 730 Labor/Management Reporting and Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation

**Miscellaneous Civil Cases**
- [ ] 150 Recovery of Overpayment and Enforcement of Judgment (Collections)
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (excluding Veterans)
- [ ] 153 Recovery of Overpayment of Veterans' Benefits
- [ ] 370 Other Fraud
- [ ] 440 Other Civil Rights (Immigration/Deportation)
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 610 Agriculture
- [ ] 620 Other Food and Drug
- [ ] 625 Drug related seizure of property
- [ ] 630 Liquor Laws
- [ ] 640 Railroad and Truck

**Miscellaneous Civil Cases Continued**
- [ ] 650 Airline Regs.
- [ ] 690 Other (Forfeiture)
- [ ] 690 Other (Health Care)
- [ ] 810 Selective Service
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party (26 U.S.C § 7609)
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination under Equal Access to Justice Act

**Patents (Intellectual Property)**
- [ ] 830 Patents

**Prisoner Petitions**
- [ ] 510 Motion to Vacate Sentence (2254)
- [ ] 510 Motion to Vacate Sentence (2255)
- [ ] 530 General (Habeas)
- [ ] 535 Death Penalty
- [ ] 540 Mandamus and Other
- [ ] 550 Civil Rights (1983)
- [ ] 555 Prison Conditions(1983)

**Real and Personal Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease and Ejectment
- [ ] 240 Torts to Land
- [ ] 290 All other Real Property
- [ ] 380 Other Personal Property Damage

**RICO**
- [ ] 470 RICO

**Social Security**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**Torts and Personal Injury**

**Mass Torts**
- [ ] 360 Other Personal Injury

**Products Liability**
- [ ] 195 Contract Product Liability
- [ ] 245 Tort Product Liability
- [ ] 315 Airplane Product Liability
- [ ] 345 Marine Product Liability
- [ ] 355 Motor Vehicle Product Liability
- [ ] 365 Personal Injury Product Liability
- [ ] 385 Property Damage Product Liability

**Professional Malpractice**
- [ ] 362 Personal Injury - Med. Malpractice

**Motor Vehicle Accidents/Slip and Fall**
- [ ] 350 Motor Vehicles
- [ ] 360 Other Personal Injury

**Other Torts and Personal Injury incl. Asbestos cases**
- [ ] 360 Other Personal Injury (Fed. Tort Claims Act)
- [ ] 310 Airplane
- [ ] 320 Assault, Libel and Slander
- [ ] 330 Federal Employers' Liability
- [ ] 360 Other Personal Injury
- [ ] 368 Asbestos Personal Injury

**U.S. District Court**
**District of Rhode Island (Providence)**
**CIVIL DOCKET FOR CASE #: 1:07-cv-00129-ML-DLM**

ADP Marshall, Inc. v. NORESCO, LLC et al
Assigned to: Judge Mary M Lisi
Referred to: Magistrate Judge David L. Martin
Cause: 28:1332 Diversity-Contract Dispute

Date Filed: 04/06/2007
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**ADP Marshall, Inc**
*a division of Fluor NE, Inc.*

represented by **Andrew J. Tine**
Law Office of Andrew J. Tine
345 Thames St.
301N
Bristol, RI 02809
US
396-9002
Fax: 396-9479
Email: atine@tinelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

NORESCO, LLC

**Defendant**

**Lumbermen's Mutual Casualty Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/06/2007 | 1 | COMPLAINT against NORESCO, LLC; Lumbermen's Mutual Casualty Company ( Filing Fee $ 350.00; Receipt Number 65757), filed by ADP Marshall, Inc. (Attachments: # 1 Civil Cover Sheet)(Duhamel, John) (Entered: 04/06/2007) |

**PACER Service Center**

**Transaction Receipt**

04/09/2007 11:23:38

| | | | |
|---|---|---|---|
| **PACER Login:** | br0022 | **Client Code:** | 009999/0001-Lamoureux |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-00129-ML-DLM |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Andrew J. Tine, Esq.
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, William Dolan, III, Esq., acknowledge receipt of your request that I waive service of summons in the action of ADP Marshall, Inc. v. NORESCO, LLC et al.
(Caption of Action)

which is case number 07-129 ML in the UNITED STATES DISTRICT COURT
(Docket Number)

for the DISTRICT OF RHODE ISLAND.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after April 12, 2007, or within 90 days after that date if the request was sent outside the United States.
(Date Request Was Sent)

4/12/07
Date

WMD by bjl w/ permission
Signature

William Dolan, III, Esq.
Printed/Typed Name

NORESCO, LLC and Lumbermen's
For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.