# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ADP MARSHALL, INC., a division of Fluor NE, Inc., Plaintiff, | ) | |
| v. | ) | C.A. No.: 07-129 ML |
| NORESCO, LLC and LUMBERMEN'S MUTUAL CASUALTY COMPANY, Defendants. | ) | |

**ADP MARSHALL, INC.'S RESPONSES TO DEFENDANT NORESCO, LLC'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF**

Plaintiff ADP Marshall, Inc. hereby responds to Defendant NORESCO, LLC's Request for the Production of Documents and Things as follows:

1. All documents and things utilized by or referred to by ADP in preparing its Statement of Damages.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date.

2. All documents and things concerning the open deviations set forth in ADP's Statement of Damages.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date.

3. All documents and things related to ADP's allegations that the work reflected in the open deviations set forth in the Statement of Damages constitutes material changes from 75% drawings for the Project.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

4. All documents related to ADP's allegation that Noresco caused delays in the construction project.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

5. All documents related to ADP's allegation that it suffered damages as a result of delays in the construction of the project caused by Noresco.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

6. All documents related to ADP's allegation that it is entitled to reimbursement for payments made to Contractors for work related to the Project.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

7. All documents related to ADP's allegation that it suffered damages as a result of Noresco's alleged failure to approve change orders for work performed in connection with the Project.

RESPONSE:

> Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

8. All documents related to your contention in paragraph 10 of the Complaint that Noresco's scope of work under the Prime Contract was greater than ADP's scope of work under the Agreement.

RESPONSE:

> Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

9. All documents related to your contention in paragraph 12 of the Complaint that ADP has incurred additional costs as a result of Noresco's failure to timely and properly perform its work under the Prime Contract and/ or as a result of Noresco's purported failure to provide information and direction to ADP pursuant to the Agreement.

RESPONSE:

> Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

10. All documents and things utilized by or referred to by ADP in calculating the Preset Price for construction of the Project, as reflected in Attachment VI to the Agreement.

RESPONSE:

> Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to

the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

11. All documents and things utilized by or referring to or evidencing communications between or among ADP, Noresco, and/ or any third parties regarding the bid submitted by Noresco to the State for the Project.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

12. All documents and things referring to or evidencing communications between or among ADP, Noresco, and/ or any third parties regarding the bid submitted by Noresco to the State for the Project.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

13. All documents and things referring to or evidencing all negotiations between ADP and Noresco of the Agreement, including without limitation any and all drafts of the Agreement.

REPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

14. All documents and things evidencing communications between or among ADP, Noresco, and/or any third parties regarding any and all plans or designs for the Project.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff

objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

15. All documents and things referring to or evidencing any and all analyses or evaluations of the Project designs and/ or the Project site performed by or made available to ADP.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

16. All documents and things referring to, evidencing, or depicting "as-built" and/or record drawings of any and all aspects of the Project.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

17. All documents and things concerning contracts and/or agreements of any kind between ADP and any Contractor for work performed or requested to be performed on the Project for which ADP is seeking damages or reimbursement.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

18. Any and all documents and things referring to or evidencing all invoices or requisitions for payment submitted to ADP by any Contractor for work performed on the Project for which ADP is seeking damages or reimbursement.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

19. All documents and things referring to or evidencing all payments made by ADP to any Contractor for work performed on the Project for which ADP is seeking damages or reimbursement.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

20. Any and all documents and things referring to or evidencing any and all claims and/ or litigation by any Contractor against ADP and/ or its sureties related to the Project, including, but not limited to, correspondence, pleadings, settlement agreements, and/ or releases.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

21. All documents and things concerning requests for information, or other requests for interpretation or clarification, which ADP submitted to Noresco or any third party related to the work described in the open deviations set forth in ADP's Statement of Damages.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

22. All documents and things concerning drawings, plans, cut sheets, submittals, specifications, details and shop drawings, relating to the Project.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

23. All documents and things concerning or depicting punch lists for the Project.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

24. All documents or things concerning requests by ADP or any Contractor for extensions of time for completion of the Project or any portion thereof.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

25: All documents and things concerning reports or meetings relating to the open deviations set forth in ADP's Statement of Damages, including, without limitation, job meeting minutes, coordination meetings minutes, progress reports, daily reports, cost reports, field reports, logs, records, diaries or other documents reflecting the progress, conditions and activities related in any way to those open deviations. .

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

26. All documents and things concerning ADP's assertion that Noresco's Project design and the Noresco provided equipment were not appropriate to produce a fully functional facility.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

27. All work schedules, progress schedules, time logs, bar charts, projections, timetables, or any revisions, amendments or updates thereof relating to the Project, including, without limitation, any and all critical path analyses for the Project.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

28. All documents and things which refer to or evidence any and all extended general conditions incurred by ADP as a result of alleged delays in construction of the Project.

Response:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

29. All documents and things concerning the amount of labor by ADP employees on the Project related to alleged construction delays, whether expressed in number of hours or otherwise, including, but not limited to timesheets, timecards, payrolls, accounting records, and certified payrolls.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to

the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

30. All documents and things which refer to or evidence any and all payments made by ADP to insurance carrier(s) for extended insurance costs resulting from alleged delays in construction of the Project.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

31. All documents evidencing or referring to any and all requests by ADP for payment by Noresco, and Noresco's responses thereto.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

32. Copies of the document retention policy(ies) of ADP, Fluor NE, INC., and Fluor Corporation.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, any responsive documents as to ADP and Fluor NE, Inc. in relation to the project are contained in the project records to be produced for inspection and copying on a mutually convenient date

33. Copies of all organizational charts for ADP, Fluor NE, Inc., and Fluor Corporation, from 2002 to present.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/ client privilege and work product doctrine. Additionally, Plaintiff objects to the relevance of this request. Organizational charts, to the extent they

exist for the project, are contained in the project records to be produced on a mutually convenient date.

34. All documents and things reflecting the current location of all computers, external hard drives, servers, and/or other electronic storage devices which contain or may contain information related to the Project.

RESPONSE:

Plaintiff objects to the relevance of this request because the responsive documents are located in Rhode Island. An efforts to locate additional responsive information is being undertaken and this response and/or production will be supplemented to the extent required.

35. All documents and things provided to and/ or generated by any and all expert witnesses retained or consulted regarding this action.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/ client privilege and work product doctrine. Subject to the foregoing, attached is a privileged log concerning a non-testifying expert consultant.

36. The curriculum vitae of any and all expert witnesses retained or consulted regarding this action.

RESPONSE:

None is in the possession of Plaintiff.

37. All documents and things you intend to offer as evidence at the trial of this matter.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. No determination has been made as to evidence intended to be used at trial.

38. All documents and things utilized or referred to by ADP in answering Interrogatories propounded by Noresco.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to

the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date.

39. If ADP denies any Request for Admission by Noresco, produce all documents and things on which you base such denial(s).

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Additionally, Plaintiff objects to such Request as being overly broad and unduly burdensome. Subject to the foregoing, responsive documents are contained in the project records produced for inspection and copying on a mutually convenient date

40. All documents and things contained in or compromising the personnel file of each and every person employed by ADP as a project manager for the Project.

RESPONSE:

Plaintiff objects to the extent the documents requested are covered by the attorney/client privilege and work product doctrine. Plaintiff objects to the relevancy of this Request. Further, this information is personal and confidential and not relevant to the claims advanced between the parties.

ADP Marshall, Inc.,
By its attorney,

Andrew J. Tine (RI Bar #6756)
Law Offices of Andrew J. Tine
251 Thames St., 2nd Floor
Bristol, R.I. 02809
401-396-9002

**CERTIFICATE OF SERVICE**

I, Andrew J. Tine, hereby certify that I mailed the foregoing with the attached privilege log to counsel to Noresco, LLC this 11th day of February 2008.

**ADP MARSHALL, INC. PRIVILEGE LOG – NORESCO LITIGATION**

1. Scheduling Narrative prepared by Henderson Consulting for purposes of litigation/mediation.

2. Electronic Schedules prepared by Henderson Consulting for purposes of litigation/mediation.