# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

ADP MARSHALL, INC., a Division of Fluor NE, Inc.,

Plaintiff/Counterclaim-Defendant,

v.

NORESCO, LLC and LUMBERMENS MUTUAL CASUALTY COMPANY,

Defendants/Counterclaim-Plaintiffs/ Third-Party Plaintiffs,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,

Third-Party Defendants.

C.A. No. 07-129-ML

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and in the interest of ensuring that matters raised by this proceeding are open to the public, and at the same time ensuring that confidential information submitted by the parties or any third parties is not improperly disclosed, the following Protective Order shall govern certain pretrial discovery and procedures:

1. This Order shall govern all documents, depositions and other products of discovery obtained by plaintiffs or defendants from any source, all information derived therefrom, and all copies, excerpts, or summaries thereof, including, but not limited to, documents produced pursuant to requests under Rule 34 of the Federal Rules of Civil Procedure,

answers to requests for admissions, answers to interrogatories, documents subpoenaed in connection with depositions and deposition transcripts (including exhibits thereto) ("Discovery Material").

2. Such Discovery Material and all copies thereof shall be used solely in connection with matters arising from this litigation and not for any other purpose. Control and distribution of all Discovery Material covered by this Order shall be the responsibility of the attorneys of record and any person having possession, custody or control of Discovery Material pursuant to this Order. All Discovery Material and copies thereof, if requested, will be returned to the producing person within thirty (30) days following the termination of this litigation. The provisions of this Order, insofar as they restrict the communication and use of the Discovery Material produced hereunder or information obtained from such Discovery Material shall, without written permission of the producing person or further order of the Court, continue to be binding after the conclusion of this action.

3. Subject to the provisions of paragraph 8 below, parties may designate as "Confidential" or "Confidential Information Subject to Protective Order," or other similar designation (collectively referred to as "Confidential" throughout this document) Discovery Material that contains sensitive competitive, financial or other Confidential information of a proprietary, personal or confidential business nature which the present disclosure and use of, in the good faith judgment of the party making disclosure, would be so detrimental to that party as to normally warrant a protective order from the Court prohibiting such public disclosure and use. Discovery Material so designated shall be stamped "Confidential." A party desiring to release information from Confidentiality and this Protective Order will make such request in writing, identifying the materials proposed to be released from Confidentiality to allow the other party to

review same, and the party receiving such request shall respond within ten (10) days to that written request by agreeing to release the information from Confidentiality or setting forth a reasonable explanation as to why the information should remain Confidential. If no response is received within ten (10) days, the documents proposed to be released from Confidentiality shall be deemed released. If a response sets forth a reason as to why the information should not be released from Confidentiality, and the parties, after good faith discussions, cannot reach an agreement regarding the documents, the requesting party may seek relief from the Court pursuant to paragraph 8 herein.

4. Discovery Material designated as "Confidential" shall be subject to the following restrictions:

(a) Such "Confidential" material shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone other than the producing person, except:

(i) the officers, directors and employees of parties in this litigation to whom it is necessary that the material be shown, including in-house counsel, regularly employed by any party and assisting in preparation of this case for trial;

(ii) the attorneys of record for the parties in this litigation, the regular employees and legal consultants of such attorneys to whom it is necessary that the material be shown for the purpose of the litigation and counsel;

(iii) any person employed by the attorneys of record for the parties or in-house counsel to assist such counsel in this action, such as

experts or consultants, upon execution of the agreement attached hereto as Exhibit A; and,

(iv) the Court and court reporters.

(b) Thereafter, if the requesting party desires to give, show, make available, discuss or otherwise communicate such "Confidential" material in any way to any persons other than those referred to in paragraph 4(a) above, including but not limited to any former employees of the requesting party, such requesting party shall submit to the attorneys for the producing party a written statement specifically identifying the "Confidential" material to be disclosed and the name, title and business relationship of the persons with whom they wish to communicate. If the "Confidential" materials were authored, received, prepared by (in whole or in part), or addressed to that person, identification in a written statement to the attorneys for the producing party is not required by this section. The attorneys for the producing person shall have five (5) days from the date the notification was received by them to object to the disclosure to any person identified in the notification. If the parties are subsequently unable to agree on the terms and conditions of disclosure to such persons, disclosure may be made only on such terms as the Court may provide.

(c) Unless the attorneys for the producing person notify the requesting party within the five (5) day provided in (b) above, the person(s) named in the notification shall be entitled to receive the "Confidential" material specified in that notification upon execution of the agreement attached hereto as Exhibit A.

5. When "Confidential" Discovery Material is used in connection with any motion or pretrial hearing, or otherwise submitted to the Court, it shall be filed under seal or submitted to the Court for in camera inspection.

6. When "Confidential" Discovery Material is, or will likely be, presented, quoted or referenced in any deposition, hearing, or other pretrial proceeding, attorneys for any party shall have the right to make arrangements, or when appropriate request the Court, to ensure that only persons who would be permitted access to said information under this Order are present during the presentation, quotation or reference of such material. When "Confidential" Discovery Material is disclosed in the course of a deposition, hearing, or other pretrial proceeding, only those persons designated in paragraph 4(a) may be present during that portion of the testimony.

7. In addition to those persons designated in paragraph 4(a) above, "Confidential" Discovery Material may also be disclosed during the course of depositions to deponents who, at the time of disclosure, are either (i) employees of the party producing such "Confidential" Discovery Material, or (ii) employees of non-parties or former employees of a party, who, as part of the duties for the non-party or party, authored, prepared, was an addressee of, received a copy of or participated in the preparation of the "Confidential" Discovery Material. If the "Confidential" Discovery Material is to be disclosed to a deponent who did not author, prepare, receive, participate in preparation of or was an addressee of such materials, such disclosure may only occur if the attorney making such disclosure first advises the deponent that pursuant to this Order such person may not divulge such Discovery Material to any other person, the deponent agrees to such nondisclosure on the record and the deponent executes the agreement

attached hereto as Exhibit A. In the event the deponent refuses to execute Exhibit A, the parties will endeavor to agree to disclosure to allow the deposition to proceed without interruption, unless the materials are clearly proprietary, sensitive, or confidential such that disclosure may injure a parties' business. If agreement cannot be reached, the party will conduct and then suspend the deposition without disclosure of the "Confidential" materials and seek relief in accordance with paragraph 8 herein to achieve resolution.

8. Any party may object to the designation of "Confidential" Discovery Material at any time. Should the objecting party be unable to resolve informally such dispute with the producing party, the objecting party shall submit such dispute to the Court for resolution. In the event the Court determines that a producing party designated Discovery Material "Confidential" in bad faith, the objecting party shall be entitled to an award of its reasonable attorneys fees incurred in adjudicating the dispute.

9. Nothing in this Order shall be deemed to limit or waive any right of any party to resist or compel discovery with respect to Discovery Material which may be claimed to be privileged or otherwise protected or protectable under Rule 26(b) or (c) of the Federal Rules of Civil Procedure. Nothing contained in this Order shall be deemed to preclude any party at any time from seeking and obtaining from the Court, on an appropriate showing, additional protection pursuant to Rule 26(b) or (c) of the Federal Rules of Civil Procedure, including an order that material shall not be produced at all. Nothing in this Order shall be construed as preventing any party from making application to the Court for revision of the terms of this Order.

10. This Order shall in no way constitute a waiver by any person of any objections to or right to contest any assertion or claim that particular documents or

information constitute confidential or privileged material; provided, however, that all information and documents produced and stamped with the protective legends provided herein shall be given the protections required by this Order unless and until otherwise determined by the Court or agreed by the parties.

11. The protection to be afforded Discovery Material at trial shall be determined by agreement of the parties, or by order of the Court, at a future date.

12. In the event that a producing person inadvertently produces any document believed in good faith to contain attorney-client, attorney work product or any other applicable privilege protected from discovery under Rule 26 of the Federal Rules of Civil Procedure, that person shall notify the other parties in writing as soon as the inadvertent production is discovered. Following receipt of such notice, the parties shall return all originals and copies of the document to the notifying person, subject to the right of any party to seek an order ruling that the document is not protected by the attorney-client privilege, work product doctrine any other applicable privilege.

By Order:

__________________________
Deputy Clerk

ENTER:

__________________________
Mary M. Lisi
United States District Judge

Date: ____________________

# 1565317

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ADP MARSHALL, INC., a Division of Fluor NE, Inc.,<br><br>Plaintiff/Counterclaim-Defendant,<br>v.<br><br>NORESCO, LLC and LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>Defendants/Counterclaim-Plaintiffs/ Third-Party Plaintiffs,<br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>Third-Party Defendants. | C.A. No. 07-129-ML |

**CONFIDENTIALITY ACKNOWLEDGEMENT**

I certify that I have carefully read the Protective Order in the above-captioned case and that I fully understand the Protective Order. I recognize that I am bound by the terms of the Protective Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the District of Rhode Island for any proceedings involving the enforcement of the Protective Order.

Executed this ____ day of __________, 2008

Name: ______________________________

Affiliation: ______________________________

Business Address: ______________________________

Home Address: ______________________________

Signature: ______________________________