# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ADP MARSHALL, INC., a Division of Fluor NE, Inc.,<br><br>Plaintiff/Counterclaim-Defendant,<br>v.<br><br>NORESCO, LLC and LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>Defendants/Counterclaim-Plaintiffs/ Third-Party Plaintiffs,<br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>Third-Party Defendants. | C.A. No. 07-129-ML |

**NORESCO, LLC'S FIRST REQUEST FOR THE PRODUCTION OF <u>DOCUMENTS AND THINGS TO PLAINTIFF</u>**

Pursuant to Rules 34 of the Federal Rules of Civil Procedure, the Defendant, NORESCO, LLC ("Noresco"), by its undersigned counsel, hereby requests that the Plaintiff, ADP Marshall, Inc., a Division of Fluor NE, Inc. produce the documents described below for inspection and copying at the offices of Brown Rudnick Berlack Israels LLP, One Financial Center, Boston, MA 02111, within thirty (30) days from the date of service hereof.

<u>PRELIMINARY INSRUCTIONS AND DEFINITIONS</u>

1. This request is continuing in nature and requires supplementation and/or amendment as additional documents which are responsive to this request come to your attention.

2. Each document produced in response to the Requests below should be clearly categorized to indicate which Request(s) it is responsive to.

3. If information subject to this request is withheld based upon a claim of privilege or work-product, the claim should be expressly made and be supported by a description of the nature of the documents, communications or things not produced, and the reasons they are subject to a claim of privilege or work product.

4. Any word written in the singular also includes the plural and vice-versa.

5. In case of doubt as to the scope of a clause including "and," "or," "any," "all," "each," or "every," the intended meaning is inclusive rather than exclusive.

6. The term "ADP" as used herein shall mean the Plaintiff, ADP Marshall, Inc., a Division of Fluor NE, Inc. ("ADP"), and its officers, directors, employees, affiliates, predecessors, successors, agents, counsel, attorneys, and anyone acting on behalf of ADP Marshall, Inc.

7. The term "Agreement" as used herein shall mean the written agreement dated March 22, 2002, including all exhibits and attachments thereto, entered into by and between ADP and Noresco for the construction of the Project.

8. The term "any" and the term "all" are intended to mean "any and all."

9. The term "communication" as used herein includes, without limitation, the following: conversations, telephone conversations, e-mails and other electronic transmissions of any kind, statements, discussions, debates, arguments, disclosures, interviews, consultation and every other manner of oral utterance, correspondence, or electronic or written transmittals of information or messages of any kind.

10. The term "Complaint" as used herein shall mean the Complaint filed by ADP in the above-captioned action.

11. The term "Contractor" as used herein shall mean any contractor, subcontractor, independent contractor, consultant, supplier or materialman which provided services, labor or materials on the Project defined below.

12. The term "Defendant" as used herein shall mean the Defendant, NORESCO, LLC, its officers, directors, employees, affiliates, agents, and other representatives.

13. The word "documents" as used herein is used in the broad and liberal sense and means written, typed, printed, recorded or graphic matter, however produced or reproduced of any kind and description, and whether an original, master, duplicate or copy, including, but not limited to, papers, notes, accounts, books, advertisements, letters, memoranda, notes of conversations, contracts, agreements, drawings, telegrams, tape recordings, communications (as defined in paragraph 9 hereof), including inter-office and intra-office memoranda reports, studies, working papers, corporate records, minutes of meetings, notebooks, bank deposit slips, bank checks, canceled checks, diaries, diary entries, appointment books, desk calendars, photographs, transcriptions or sound recordings or any type of personal or telephone conversations or negotiations, meetings or conferences, or things similar to any of the foregoing, and to include any date, information or statistics contained within any data storage modules, tapes, discs or other memory device, or other information retrievable from storage systems, including but not limited to, computer-generated reports and printouts. If any document has been prepared in multiple copies which are not identical, each modified copy or non-identical copy is a

separate "document." The word "document" also includes data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices in a reasonably usable form.

14. The term "Noresco" as used herein shall mean the Defendant, NORESCO, LLC, its officers, directors, employees, affiliates, agents, and other representatives.

15. As used herein, the term "or" and the term "and" shall mean "and/or" and vice-versa.

16. As used herein, the term "Prime Contract" shall mean the September 25, 2000 contract between Noresco and the State for the construction and renovation of the Project.

17. The term "Project" as used herein shall mean the construction of the cogeneration facility located at the Pastore Center, Cranston, Rhode Island.

18. As used herein, the terms "relating to" or "referring to" or "concerning" or the like means and includes all documents that in any manner or form are relevant in any way to or bear upon the subject matter in question, including, without limitation, all documents which contain, record, reflect, summarize, evaluate, comment upon, transmit, refer to, or discuss that subject matter or that in any manner state the background of, or were the basis or bases for, or that record, evaluate comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at, your conclusions, opinions, estimates, calculations, positions, decisions, beliefs, assertions or allegations, undermine, contradict, or conflict with your conclusions, opinions, calculations, estimates, positions, beliefs, assertions, or allegations, concerning the subject matter in question.

19. The term "State" as used herein shall mean the Rhode Island Department of Mental Health, Retardation and Hospitals.

20. The term "Statement of Damages" as used herein shall mean the Statement of Damages submitted by ADP in connection with its Fed. R. Civ. P. 26(a)(1)(C) initial disclosure.

21. The terms "you" and "your" as used herein shall mean the Plaintiff, ADP Marshall, Inc., currently a Division of Fluor NE, Inc. ("ADP"), and its officers, directors, employees, affiliates, predecessors, successors, agents, counsel, attorneys, and anyone acting on behalf of ADP Marshall, Inc.

DOCUMENTS AND THINGS REQUESTED

1. All documents and things utilized by or referred to by ADP in preparing its Statement of Damages.

2. All documents and things concerning the open deviations set forth in ADP's Statement of Damages.

3. All documents and things related to ADP's allegation that the work reflected in the open deviations set forth in the Statement of Damages constitutes material changes from the 75% drawings for the Project.

4. All documents related to ADP's allegation that Noresco caused delays in the construction of the Project.

5. All documents related to ADP's allegation that it suffered damages as a result of delays in the construction of the Project caused by Noresco.

6. All documents related to ADP's allegation that it is entitled to reimbursement for payments made to Contractors for work related to the Project.

7. All documents related to ADP's allegation that it suffered damages as a result of Noresco's alleged failure to approve change orders for work performed in connection with the Project.

8. All documents related to your contention in paragraph 10 of the Complaint that Noresco's scope of work under the Prime Contract was greater than ADP's scope of work under the Agreement.

9. All documents related to your contention in paragraph 12 of the Complaint that ADP has incurred additional costs as result of Noresco's failure to timely and properly perform its work under the Prime Contract and/or as a result of Noresco's purported failure to provide information and direction to ADP pursuant to the Agreement.

10. All documents and things utilized by or referred to by ADP in calculating the Preset Price for construction of the Project, as reflected in Attachment VI to the Agreement.

11. All documents and things utilized by or referred to by ADP in calculating the allowances reflected in Attachment VI to the Agreement.

12. All documents and things referring to or evidencing communications between or among ADP, Noresco, and/or any third parties regarding the bid submitted by Noresco to the State for the Project.

13. All documents and things referring to or evidencing all negotiations between ADP and Noresco of the Agreement, including without limitation any and all drafts of the Agreement.

14. All documents and things evidencing communications between or among ADP, Noresco, and/or any third parties regarding any and all plans or designs for the Project.

15. All documents and things referring to or evidencing any and all analyses or evaluations of the Project designs and/or the Project site performed by or made available to ADP.

16. All documents and things referring to, evidencing, or depicting "as-built" and/or record drawings of any and all aspects of the Project.

17. All documents and things concerning contracts and/or agreements of any kind between ADP and any Contractor for work performed or requested to be performed on the Project for which ADP is seeking damages or reimbursement.

18. Any and all documents and things referring to or evidencing all invoices or requisitions for payment submitted to ADP by any Contractor for work performed on the Project for which ADP is seeking damages or reimbursement.

19. All documents and things referring to or evidencing all payments made by ADP to any Contractor for work performed on the Project for which ADP is seeking damages or reimbursement.

20. Any and all documents and things referring to or evidencing any and all claims and/or litigation by any Contractor against ADP and/or its sureties related to the Project, including, but not limited to, correspondence, pleadings, settlement agreements, and/or releases.

21. All documents and things concerning requests for information, or other requests for interpretation or clarification, which ADP submitted to Noresco or any third

party related to the work described in the open deviations set forth in ADP's Statement of Damages.

22. All documents and things concerning drawings, plans, cut sheets, submittals, specifications, details and shop drawings, relating to the Project.

23. All documents and things concerning or depicting punch lists for the Project.

24. All documents and things concerning requests by ADP or any Contractor for extensions of time for completion of the Project or any portion thereof.

25. All documents and things concerning reports or meetings relating to the open deviations set forth in ADP's Statement of Damages, including, without limitation, job meeting minutes, coordination meeting minutes, progress reports, daily reports, cost reports, field reports, logs, records, diaries or other documents reflecting the progress, conditions and activities related in any way to those open deviations.

26. All documents and things concerning ADP's assertion that Noresco's Project design and the Noresco provided equipment were not appropriate to produce a fully functional facility.

27. All work schedules, progress schedules, time logs, bar charts, projections, timetables, or any revisions, amendments or updates thereof relating to the Project, including, without limitation, any and all critical path analyses for the Project.

28. All documents and things which refer to or evidence any and all extended general conditions incurred by ADP as a result of alleged delays in construction of the Project.

29. All documents and things concerning the amount of labor by ADP employees on the Project related to alleged construction delays, whether expressed in

number of hours or otherwise, including, but not limited to timesheets, timecards, payrolls, accounting records, and certified payrolls.

30. All documents and things which refer to or evidence any and all payments made by ADP to insurance carrier(s) for extended insurance costs resulting from alleged delays in construction of the Project.

31. All documents evidencing or referring to any and all requests by ADP for payment by Noresco, and Noresco's responses thereto.

32. Copies of the document retention policy(ies) of ADP, Fluor NE, Inc., and Fluor Corporation.

33. Copies of all organizational charts for ADP, Fluor NE, Inc., and Fluor Corporation, from 2002 to the present.

34. All documents and things reflecting the current location of all computers, external hard drives, servers, and/or other electronic storage devices which contain or may contain information related to the Project.

35. All documents and things provided to and/or generated by any and all expert witnesses retained or consulted regarding this action.

36. The curriculum vitae of any and all expert witnesses retained or consulted regarding this action.

37. All documents and things you intend to offer as evidence at the trial of this matter.

38. All documents and things utilized or referred to by ADP in answering Interrogatories propounded by Noresco.

39. If ADP denies any Request for Admission by Noresco, produce all documents and things on which you base such denial(s).

Date: December 10, 2007

**NORESCO, LLC and LUMBERMENS MUTUAL CASUALTY COMPANY,**

By their Attorneys,

Cheryl B. Pinarchick / MPS
William M. Dolan III (#4524)
Brian J. Lamoureux (#6211)
**BROWN RUDNICK BERLACK ISRAELS LLP**
121 South Main Street
Providence, RI 02903
(401) 276-2600
(401) 276-2601 Fax

*Pro Hac Vice:*
Cheryl B. Pinarchick
**BROWN RUDNICK BERLACK ISRAELS LLP**
One Financial Center
Boston, MA 02111
(617) 856-8200
(617) 856-8201 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on counsel for all parties via e-mail and by mailing the same, postage pre-paid, to:

Andrew J. Tine, Esq.
atine@tinelaw.com
Law Offices of Andrew J. Tine
251 Thames Street, 2nd Fl.
Bristol, RI 02809

# 1532372 v1 - 080908/0004