# EXHIBIT F

BROWNRUDNICK

MATTHEW P. SGRO
Counselor at Law
direct dial: 617-856-8570
msgro@brownrudnick.com

One
Financial
Center
Boston
Massachusetts
02111
tel 617.856.8200
fax 617.856.8201

May 19, 2008

Via E-mail and U.S. Mail

Andrew J. Tine, Esq.
251 Thames Street
Bristol, RI 02809

**RE: ADP Marshall, Inc. v. NORESCO, et al**

Dear Andrew:

Enclosed for your review is a draft Joint Motion for Protective Order. We have made a few very minor further changes to the draft Protective Order. A black-lined version is enclosed for your review. Please let me know if you have any proposed changes.

I would also like to take this opportunity to address a number of other issues regarding discovery. First, as you know, Steve Bosland is no longer employed by Noresco. However, we are making efforts to contact him and, once we have spoken with him, we will be in a better position to advise whether it will be necessary for you to serve a subpoena for his deposition. It is unlikely that his deposition will be able to be conducted on June 11, as indicated in your Notice.

With regard to the upcoming Rule 30(b)(6) deposition of Noresco, you have propounded 28 potential categories of testimony. Noresco objects to the following categories on the grounds indicated:

Category 3: Noresco objects to Category 3 because it is vague and ambiguous. Please advise whether Category 3 is intended to cover Noresco's written responses to ADPM's First Request for the Production of Documents, or each and every document produced by Noresco. If this category is intended to cover all documents produced by Noresco, this category as overly broad and unduly burdensome.

Category 12: Noresco objects to this category because it is vague, ambiguous, overly broad, and unduly burdensome.

Category 23: Noresco objects to this category because it is vague, ambiguous, overly broad, and unduly burdensome.

Category 28: Noresco objects to this category because the word "assessment" is vague and ambiguous.

With regard to Noresco's Rule 30(b)(6) deposition of ADPM, which is scheduled for May 30, 2008, you indicated previously that ADPM might not have a witness capable of testifying as to certain categories of testimony listed in Noresco's Notice of Deposition. To the extent that ADPM does not intend to designate a witness as to certain categories, please identify those categories on before Friday, May 23, 2008. Please also advise as to the identity(ies) of ADPM's corporate designee(s).

As you know, Noresco has performed a review of the documents ADPM claims constitute the entire Pastore project file. Based upon our review, there appear to be various categories of documents requested in Defendants' request for production of documents to ADPM which were not contained the project file. First, those documents did not appear to contain any performance evaluations for the numerous project managers who worked at the site during the duration of the project. You previously agreed to attempt to ascertain the identities of each current or former ADP employee who worked in a managerial or supervisory role for the Project, as well as the dates of their involvement. Additionally, you agreed that once those people are identified, you would review their personnel files to determine whether they contain performance reviews and other documents responsive to Document Request 21. Additionally, you agreed to further investigate the location(s) of the computers and electronic storage devices that may contain data concerning the Project. In our review, we noticed that ADPM's project file contained very little e-mail correspondence. Please confirm this week that the investigation into the location(s) of the computers and electronic storage devices is complete and that all responsive electronic data and information in the possession, custody or control of ADPM, including e-mail correspondence, has been produced. We intend to inquire of ADPM's corporate designee what steps ADPM took to search its electronic files for documents and information responsive to Noresco's document requests. Further, our review did not reveal copies of any document retention policies. Please advise as whether such policies exist and, if so, please provide copies in advance of the deposition as requested.

In March, ADPM agreed to supplement its discovery responses. While ADPM did supplement its responses to the Defendants' document requests, ADPM has not yet supplemented its responses to interrogatories or requests for admissions. More specifically, you agreed to provide the last known addresses and telephone numbers for those potential trial witnesses listed in ADP's response to Interrogatory 2 who were not listed in ADPM's Initial Disclosure, as well as provide a summary of the testimony that may be offered by each of those individuals. You further agreed to investigate and supplement ADPM's responses to Interrogatories 6, 8, 9, 11, 18, 21 and 23. Finally, you previously agreed to supplement your response to Interrogatory 25 in a manner which will indicate the basis for ADP's denial of Request for Admission 5. Please provide supplemental responses by Friday, May 23, 2008 so that we have an opportunity to fully consider the supplemental responses before the deposition on May 30, 2008.

With regard to ADPM's responses to Interrogatories 4 and 15, requesting ADPM's damages calculation, you maintain that ADPM does not have a duty to calculate its damages with the specificity requested by Noresco at this time. You indicated your belief that Noresco can determine the amount of ADPM's damages through a review of the deviation files and other Project documents, and is obligated to do so. It is Noresco's position that, as the plaintiff in this action, ADPM is obligated to calculate the amount of its damages with specificity. As we discussed, it is

BR



impossible for Noresco to determine the amount of ADPM's claims based upon deviations. By way of example, ADPM has asserted that Deviation 161 reflects its claim for "early construction delays." However, that deviation also includes an amount for extended insurance coverage. Noresco cannot determine on its own whether ADPM's claim for early construction delays includes the insurance coverage indicated in Deviation 161, or whether the insurance portion of that deviation is included in its claim for extended insurance. Each of ADPM's disputed deviations is comprised of component parts; Noresco maintains that ADP must disclose how it considered those component parts in calculating its damages.

We look forward to hearing from you on these issues.

Very truly yours,

**BROWN RUDNICK BERLACK ISRAELS LLP**

Matthew P. Sgro

Enclosures
cc: Cheryl B. Pinarchick, Esq.

# 1565665 - 080908/0004/