# EXHIBIT I

BROWNRUDNICK

MATTHEW P. SGRO
Counselor at Law
direct dial: 617-856-8570
msgro@brownrudnick.com

One
Financial
Center
Boston
Massachusetts
02111
tel 617.856.8200
fax 617.856.8201

June 4, 2008

Andrew J. Tine, Esq.
251 Thames Street
Bristol, RI 02809

**RE: ADP Marshall, Inc. v. NORESCO, et al**

Dear Andrew:

This letter is intended to address a number of issues which were raised during the first day of ADP Marshall, Inc.'s ("ADPM") Rule 30(b)(6) deposition.

1. Mr. Pereira testified that the policy of ADPM/Fluor was for employees to print "relevant" e-mails and documents and place hard copies in the project file. Mr. Pereira was not aware of any search of electronic files performed by Fluor in connection with this litigation, nor was he aware of a litigation hold being put in place. The Federal Rules of Civil Procedure require that responsive, electronically-stored documents and data be sought out and produced. It is our understanding based on Mr. Pereira's testimony that Fluor has not complied with this discovery obligation. Please advise immediately whether Fluor intends to conduct a search of its electronic files. If it does not, please advise as to a date and time this week that you are available for a Rule 37 conference.

2. A related issue is ADPM's failure to produce written document retention policies despite Noresco's repeated requests for them. Mr. Pereira testified that there are written document retention policies which apply to employees of ADPM, Fluor NE, Inc., and/or Fluor Enterprises. Please produce copies of those document retention policies in effect from 2001 to the present immediately, as previously requested.

3. Mr. Pereira testified that certain deviation files he was shown were incomplete. Specifically, he testified that ADPM's deviation files for Deviations 160 and 551 contained more documentation than he was shown. Noresco's understanding was that the copies presented during the deposition were reproduced directly from ADPM's files. Kindly send us complete copies of ADPM's Deviation 160 and 551 files.

4. Noresco again requests that ADPM identify all as-built drawings in its possession, custody, or control.

brownrudnick.com

BR



5. During his testimony, Mr. Pereira was questioned about the fact that ADPM Deviations 24 and 186 appear to be entirely encompassed by Deviation 498. You stated on the record that ADPM would supplement its Rule 26 damages disclosure to remove duplicative claims. Please advise whether these are in fact duplicative claims and, if so, when ADPM will be supplementing its damages disclosure to indicate that it is not seeking double recovery.

6. Please provide the last known address of Richard Lindsay, the former Fluor employee identified by Mr. Pereira as the Pastore Project's "estimator." Furthermore, ADPM's Rule 26 Initial Disclosures fail to list the last known address of any of the individuals listed who may have discoverable information with regard to this case. Please provide a full list of those individuals' last known addresses immediately.

7. Finally, please propose dates for Mr. Benoit's testimony. As we discussed, given the late notice that ADPM would be designating two witnesses for the Rule 30(b)(6) deposition, ADPM has agreed that Noresco will not be limited to seven total hours of testimony.

As you know, the discovery period in this case expires at the end of July. Therefore, your prompt attention to these matters is necessary and appreciated.

Very truly yours,

**BROWN RUDNICK BERLACK ISRAELS LLP**

Matthew P. Sgro

Enclosures
cc: Cheryl B. Pinarchick, Esq.

# 1569641 - 080908/0004