# EXHIBIT K

LAW OFFICES OF

# ANDREW J. TINE

ATTORNEY AT LAW

Via Email and US Mail

June 20, 2008

Matthew Sgro, Esq.
Cheryl Pinarchick, Esq.
Brown Rudnick Berlack Israels, LLP
121 South Main Street
Providence, RI 02903

Re: ADP Marshall v. NORESCO

Dear Counsel:

This letter relates to my June 13th telephone call with Matt Sgro and responds in part to his June 18, 2008 letter.

1. I had previously asked Fluor to perform a diligent search for electronic project files with respect the site computers and personnel emails, to address your specific requests for same. I produced a CD containing what I believe from my review are backed up files from the project shared data from the site computers. These files appear to be back ups for more than one person. Pursuant to your subsequent inquiry and my follow up with Fluor to confirm our efforts, in addition to the site computer electronic files, we have located a home office download of electronic files. These will be produced next week. I note that NORESCO has not produced any electronic files from its project associated computers. As to emails, I previously told you that from my interview of Ed McNaught, ADP Marshall's practice was to print project relevant emails and file same appropriately in the project records. The project records were produced to you *in toto*. You will note that the project files are littered with emails as they relate to various project topics. A comprehensive electronic email archive on disk or tape does not exist for these project related emails. Fluor maintains a backup storage system for emails for disaster recovery only. Fluor's disaster discovery tapes are recycled on a 15 day basis.

As to NORESCO's deficient electronic production, I request clarification and/or production on the following topics: 1) I did not receive email production for Wade Carlton, NORESCO's 30b6 designee – why?; 2) I did not receive any project related (non-email) electronic production even though these documents clearly exist, given that Wade Carlton testified to transmitting his electronic change order review spreadsheet to Veritas for its use – why?; and 3) NORESCO has not produced a copy of its document retention policies since 2001. I will likewise move to compel this production if a definitive statement on the status of this production is not provided.

2. I have requested the document retention policies and I hope to produce same next week.

251 THAMES STREET - BRISTOL, RHODE ISLAND 02809 - 401.396.9002 FAX 401.396.9479

484 MAIN STREET - WORCESTER, MASSACHUSETTS 01608 - 508.799.7400
DIRECT CORRESPONDENCE TO RHODE ISLAND ADDRESS

LICENSED - MASSACHUSETTS AND RHODE ISLAND

3. The full deviation files were produced. To be clear, the documents shown to Mr. Pereira during his deposition, as represented to him by NORESCO's counsel as certain deviation files, appeared to Mr. Pereira to be lacking content. I do not know if NORESCO's vendor miscopied files or if Mr. Pereira is aware of documents from his review of the files that relate to those deviations but are not contained in the specific deviation files. As to deviation #121, the deviation document that I believe Mr. Pereira felt was missing is attached hereto. As to deviation #551, I need to review the files at Anoka Ave. and will do so this weekend.

4. I told you that I see no obligation on the part of ADP Marshall to review and log the as-builts for NORESCO. NORESCO has not done such for ADP Marshall. I told you that I felt this needed to be done anyways, and it may resolve some issues, so I intend to have it done when I can get a project person (former employee) over to Anoka Ave. I ask that NORESCO perform the same review of as-builts and log same so that both parties know what the other has in its possession.

5. I told you that I intended on supplementing ADP Marshall's initial disclosures after a final review to make sure no deviation is being claimed twice. I thought this could be accomplished within 30 days, and that is still my intention. I do not agree to a drop dead date of July 14th. This supplementation is based upon ADP Marshall's desire to seasonably supplement initial disclosures to reflect its refined claim numbers. Does NORESCO plan on supplementing its initial disclosures given that its expert's opinions vary from same? What is NORESCO's timeframe for accomplishing its supplementation?

6. We have located two Richard Lindsays. One works for Fluor in Greenville and the other former employee resides in Illinois at an unknown address. We await a return call from the Greenville Richard Lindsay to determine if he is the person you are looking for. I will let you know.

As to your intention to supplement certain interrogatory responses, after review of same, I will determine if a further conference is needed to resolve same without Court intervention.

As to documents/disclosures, I seek 1) an updated accounting (as Wade Carlton indicated exists), 2) the last known address of all the former employees of NORESCO for which damages are being sought for internal labor costs, 3) the backup documents to support the internal labor management claim, and 4) the settlement communications between Commonwealth Dynamics, RP Iannuccillo, and Arden.

Sincerely,

Andrew J. Tine

cc: CharCretia Di Bartolo, Esq.

# CHANGE ORDER REQUEST (C-O-R)

TO: Wade Carleton
NORESCO
1 Research Drive
Suite 400 C
Westborough MA 01581

COR #: 121
Project No: 102065.01
Date Initiated February 21, 2003

FROM: ADP Marshall
75 Newman Avenue
Rumford, RI 02916

| Deviation No | Deviation Description | | | |
|---|---|---|---|---|
| Cost Code | | Status | Cost Code Description | |
| Line | Subcontractor | | Line Item Description | Value of COR |
| 0160 | Stack Delay Claim: | | | |
| 01-8-01000-0160-01 | | Pending Scope Change | General Conditions | |
| 001 | ADP Marshall, Inc. | | | $124,892 |
| 01-8-13100-0160-05 | | Pending Scope Change | Pre-Engineered Building | |
| 002 | WESTSTAR CONSTRUCTION | | | $896 |
| 01-8-01955-0160-07 | | Pending Scope Change | | |
| 003 | ADP Marshall, Inc. | | | $1,252 |
| 01-8-81000-0160-81 | | Pending Scope Change | ADPM Fee | |
| 004 | ADP Marshall, Inc. | | | $5,082 |
| | | | Total of COR | $132,122 |

We have indicated our approval of the above noted expenditures by executing this Change Order Request in the space provided below.

SUBMITTED BY: ________________ (initial)
(ADP Marshall)
Name: Kris Salamon
Title: Project Manager
Date:

NORESCO Review: ________________ (initial)
Authorized by:
Name: Wade Carleton
Title: Project Manager
Date:

Authorization by Noresco hereby guarantees payment in the above amount to ADP Marshall upon execution of the work.

**DISTRIBUTION:**

Copy To:

| | |
|---|---|
| Noresco (2) | [w/ backup] |
| Deviation File | [w/ backup] |
| Pending LOA File | [w/o backup] |
| Estimating | [w/ backup] |

Signed Copy To:

| | |
|---|---|
| Project Executive | [Cover Page Only] |
| Project Managers | [Cover Page Only] |
| Superintendents | [Cover Page Only] |
| COR File | [Signed Original] |
| Deviation File | [Cover Page Only] |

ADP MARSHALL, INC. a Fluor Daniel Company

**ADP MARSHALL GENERAL CONDITIONS RECOVERY**

**ADP MARSHALL DEVIATION No. 000039**

FILENAME : "gc_recvr.wk4"

| SCOPE / ITEM DESCRIPTION | TOTAL COST | MONTHS | COST PER MONTH |
|---|---|---|---|
| ADPM GENERAL CONDITIONS "BURN RATE" PER BASE SCHEDULE (A) | $999,126 | 12 ( Dec. '01 to Dec. '02 ) | $83,261 |
| Extended General Conditions | $124,893 | 1.5 ( Dec. '01 to Mar. '03 ) | $83,261 |
| GC's DUE TO DELAYS ( Dev. No. 00160 ) - 1.5 months | **$124,893** | | |

Sept. → oct.

001

# Weststar Associates, Inc.

P O Box 967
North Attleboro MA 02761
Phone: 508-695-0097 Fax: 508-699-5885

Dev 160

From: PETER T. WESTCOTT

Number of Pages: 2

Date: 12/20/02

To: Kris Salamon

FAX # 401-438-2161

Company: ADP Marshall

Reference: AOCJ Pastore Center Cranston RI

Topic Added Costs for Remobilization at Line A to B due to Chimney Stack

Summarized Below are total costs associated with remobilization at lines A to B at Building #1

HB Welding $815

Weststar Markup 81

Total Cost $896

Please forward a change order for this work

Thank you