# EXHIBIT N

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ADP MARSHALL, INC., a Division of Fluor NE, Inc.,<br><br>Plaintiff/Counterclaim-Defendant,<br>v.<br><br>NORESCO, LLC and LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>Defendants/Counterclaim-Plaintiffs/ Third-Party Plaintiffs,<br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>Third-Party Defendants. | C.A. No. 07-129-ML |

**NORESCO, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Defendant, NORESCO, LLC ("Noresco"), by its undersigned counsel, hereby requests that the Plaintiff, ADP Marshall, Inc., a Division of Fluor NE, Inc. ("ADP"), answer the following Interrogatories under oath within forty-five (45) days of service hereof.

PRELIMINARY INSTRUCTIONS AND DEFINITIONS

1. Your attention is called to the duty imposed by Federal Rule of Civil Procedure 26 to supplement your answers to these Interrogatories.

2. If you claim any form of privilege as grounds for not responding to a particular Interrogatory or any part thereof, set forth in detail the non-privileged

circumstances surrounding the matter for which the privilege is claimed and the specific grounds upon which you claim the privilege.

3. If any of these Interrogatories cannot be answered in full, then you should answer to the extent possible, specify each reason for your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portion.

4. To the extent any of these Interrogatories request the factual basis for a contention or claim, such Interrogatory seeks only facts, as defined below, and not mental impressions, conclusions, opinions, or legal theories of any party or its counsel.

5. Provide the following information with respect to each oral communication which is identified or referred to in the answers to these interrogatories:

(a) who was present;

(b) the date thereof;

(c) how the communication took place (i.e., whether the communication was person to person, by telephone, etc.);

(d) where the same occurred (i.e., if by telephone, the place from which each person involved actually participated);

(e) the substance of what each party to the conversation said; and

(f) whether any document exists which sets forth, summarizes, refers to or relates to the substance of the communication – and, if so, provide the information called for in paragraph 1 of the Preliminary Instructions and Definitions.

5. Any word written in the singular also includes the plural and vice-versa.

6. In case of doubt as to the scope of a clause including "and," "or," "any," "all," "each," or "every," the intended meaning is inclusive rather than exclusive.

7. The term "ADP" as used herein shall mean the Plaintiff, ADP Marshall, Inc., a Division of Fluor NE, Inc. ("ADP"), and its officers, directors, employees, affiliates, successors, agents, counsel, attorneys, and anyone acting on behalf of ADP Marshall, Inc.

8. The term "Agreement" as used herein shall mean the written agreement dated March 22, 2002, including all exhibits and attachments thereto, entered into by and between ADP and Noresco for the construction of the Project.

9. The term "any" and the term "all" are intended to mean "any and all."

10. The term "Complaint" as used herein shall mean the Complaint filed by ADP in the above-captioned action.

11. The term "Contractor" as used herein shall mean any contractor, subcontractor, independent contractor, consultant, supplier or materialman which provided services, labor or materials on the Project defined below.

12. The term "Defendant" as used herein shall mean the Defendant, NORESCO, LLC, its officers, directors, employees, affiliates, agents, and other representatives.

13. The term "fact" as used herein includes, without limitation, the following: circumstances, occurrences, occasions, events, incidences, oral communications, writings, episodes, experiences, happenings, transactions and all manner of other affairs, matters or things.

14. The term "identify," means, with respect to a natural person, to set forth his full name, present or last known business and residence address, his employer, the

position or positions held with that employer and a description of the job responsibilities of such person.

15. The term "identify" means, with respect to a corporation, partnership, business trust or other association or business entity (including a sole proprietorship) to set forth its full name, address, legal form (e.g. corporation, partnership, etc.), principal place of business, state of incorporation or organization, if any, and a brief description of its business.

16. The term "Lumbermen's" as used herein shall mean the Defendant, Lumbermen's Mutual Casualty Company, its officers, directors, employees, affiliates, agents, and other representatives.

17. The term "Noresco" as used herein shall mean the Defendant, NORESCO, LLC, its officers, directors, employees, affiliates, agents, and other representatives.

18. As used herein, the term "or" and the term "and" shall mean "and/or" and vice-versa.

19. The term "oral communication" as used herein includes, without limitation, the following: conversations, telephone conversations, statements, discussions, debates, arguments, disclosures, interviews, consultation and every other manner or oral utterance.

20. As used herein, the term "person" includes any natural person, any business, legal or governmental entity or association.

21. As used herein, the term "Prime Contract" shall mean the September 25, 2000 contract between Noresco and the State for the construction and renovation of the Project.

22. The term "Project" as used herein shall mean the construction of the cogeneration facility located at the Pastore Center, Cranston, Rhode Island.

23. The term "State" as used herein shall mean the Rhode Island Department of Mental Health, Retardation and Hospitals.

24. The term "state the factual basis" means that the party shall:

(a) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; and

(d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

25. The term "Statement of Damages" as used herein shall mean the Statement of Damages submitted by ADP in connection with its Fed. R. Civ. P. 26(a)(1)(C) initial disclosure.

26. The terms "you" and "your" as used herein shall mean the Plaintiff, ADP Marshall, Inc., a Division of Fluor NE, Inc. ("ADP"), and its officers, directors, employees, affiliates, successors, agents, counsel, attorneys, and anyone acting on behalf of ADP Marshall, Inc.

INTERROGATORIES

1. Please identify all individuals who consulted in the preparation of the answers to these interrogatories, including an identification of each person who supplied or gathered any information used in formulating the answers to the following interrogatories; for each such person, specify the interrogatories for which he supplied or gathered information.

2. Identify each person you expect to call as a witness at the trial of this action and state the substance of each witness's expected testimony.

3. Identify each person you expect to call as an expert witness at the trial of this action and set forth for each such person:

(a) A complete statement of all opinions the witness will express and the basis and reasons for them;

(b) The data or other information considered by the witness in forming each opinion;

(c) The witness's qualifications, including a list of all publications authored in the previous ten years;

(d) A list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

(e) A statement of the compensation to be paid for the study and testimony of the case.

4. Please state the total damages you claim you have suffered as a result of extended general conditions and set forth in detail how the damages you claim have been calculated, describe all assumptions made by you in connection with the calculation of any alleged damages, identify all documents relied upon by you in calculating such damages, and identify all individuals who have participated in these calculations.

5. For each and every person whose labor or time was included in ADP's calculation of its purported damages for extended general conditions as set forth in the response to Interrogatory 4 above, state:

(a) The identity of each such person;

(b) The tasks performed by each such person during the time period(s) used by ADP in calculating its purported damages for extended general conditions;

(c) The number of hours spent by each person on each task; and

(d) The persons' hourly rate for work performed on the Project.

6. Please state the total damages you claim you have suffered as a result of any extended insurance, identifying all documents relied upon by you in calculating such damages and including in your answer the dates covered by the extended insurance, the identities of the insurance companies providing such extended insurance, and the dates and amounts of any payments for extended insurance by ADP.

7. Please state the total damages you claim you have suffered as a result of any alleged construction delay, excluding any amounts claimed for extended general conditions and extended insurance, and set forth in detail how the damages you claim have been calculated, describe all assumptions made by you in connection with the calculation of any alleged damages, identify all documents relied upon by you in calculating such damages and identify all individuals who have participated in these calculations.

8. Please state the total damages you claim you have suffered as a result of Noresco's alleged failure to approve change orders for work performed in connection with the Project, and set forth in detail how the damages you claim have been calculated, describe all assumptions made by you in connection with the calculation of any alleged

damages, identify all documents relied upon by you in calculating such damages and identify all individuals who have participated in these calculations.

9. To the extent that ADP claims to have suffered any additional damages not described in response to the preceding interrogatories, describe in detail the facts and circumstances giving rise to such claim and please state the amount of damages you claim you have suffered as a result of any acts or omissions of Noresco and set forth in detail how the damages you claim have been calculated, describe all assumptions made by you in connection with the calculation of any alleged damages, identify all documents relied upon by you in calculating such damages and identify all individuals who have participated in these calculations.

10. Please identify, in accordance with the Preliminary Instructions and Definitions, any oral communications between ADP and Noresco, any Contractor, or any other third party concerning: any Project delays, change orders for which ADP contends payment is due and owing from Noresco, amounts allegedly due and owing from ADP to any Contractor for which ADP is seeking damages from Noresco, the preparation and/or submission of the bid by Noresco to State for the construction and renovation of the Project, and/or the design of the Project.

11. Describe in detail the business and financial relationship(s) between and among Fluor NE, Inc., Fluor Corporation, and ADP and state when such business relationship(s) were established.

12. Set forth the current location(s) of all documents and things generated or maintained by ADP during construction of the Project, including without limitation the

location(s) of all computers, external hard drives, servers, and/or other electronic storage devices which contain or may contain information related to the Project.

13. State the factual basis, in accordance with the instructions set forth in the Preliminary Instructions and Definitions, of your contention in paragraph 10 of the Complaint that Noresco's scope of work under the Prime Contract was greater than ADP's scope of work under the Agreement.

14. State the factual basis, in accordance with the instructions set forth in the Preliminary Instructions and Definitions, of your contention in paragraph 12 of the Complaint that ADP has incurred additional costs as result of Noresco's failure to timely and properly perform its work under the Prime Contract and/or as a result of Noresco's purported failure to provide information and direction to ADP pursuant to the Agreement.

15. Set forth with specificity the details of each and every circumstance which ADP claims caused delays in construction of the Project and for which ADP contends Noresco is responsible.

16. Set forth the date and circumstances of each and every request, whether written or oral, by ADP and/or any of its Contractors to Noresco for an extension of time to complete the Project or any aspect of the Project, including in your answer the reason(s) for each request and the length of extension requested.

17. State the method(s) used by ADP to develop, maintain and revise a construction schedule for the Project, including in your answer the identities of all individuals responsible for or participating in the development, maintenance and/or revision of that schedule.

18. For each and every claim for payment submitted to ADP or its sureties by any Contractors, set forth the following:

(a) The entity making the claim;

(b) The amount of the claim;

(c) If litigation was instituted by the claiming party, the Court, civil action number, and parties to all such litigation; and

(d) Whether each claim has been resolved, and the specific terms of each resolution.

19. For each and every open deviation set forth in ADP's Statement of Damages, describe the specific work encompassed by each deviation and identify the entity that performed or was to perform such work.

20. For each and every open deviation set forth in ADP's Statement of Damages, state the factual basis for ADP's contention that such deviation represented a material change from the 75% drawings for the Project.

21. Identify each project manager for the Project and with respect to each such person, please state:

(a) The dates the individual held that title or position; and

(b) The reason the individual left the position or was removed or replaced from the position by ADP.

22. State the factual basis for ADP's assertion that Noresco and Lumbermen's have waived their rights against ADP, as set forth in ADP's Fourth Affirmative Defense to Noresco and Lumbermen's First Amended Counterclaims.

23. State the factual basis for ADP's assertion that Noresco's Project design and the Noresco provided equipment was not appropriate to produce a fully functional facility.

24. State the factual basis for ADP's assertion that Noresco and Lumbermen's have released ADP from the claims set forth in Noresco and Lumbermen's First Amended Counterclaims, as set forth in ADP's Sixth Affirmative Defense thereto.

25. If ADP denies any Request for Admission by Noresco, set forth all facts on which you base such denial(s).

Date: December 10, 2007

**NORESCO, LLC and LUMBERMENS MUTUAL CASUALTY COMPANY,**

By their Attorneys,

Cheryl B. Pinarchick /WMD

William M. Dolan III (#4524)
wdolan@brownrudnick.com
Brian J. Lamoureux (#6211)
blamoureux@brownrudnick.com
**BROWN RUDNICK BERLACK ISRAELS LLP**
121 South Main Street
Providence, RI 02903
(401) 276-2600
(401) 276-2601 Fax

*Pro Hac Vice:*
Cheryl B. Pinarchick
cpinarchick@brownrudnick.com
**BROWN RUDNICK BERLACK ISRAELS LLP**
One Financial Center
Boston, MA 02111
(617) 856-8200
(617) 856-8201 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on counsel for all parties via e-mail and by mailing the same, postage pre-paid, to:

Andrew J. Tine, Esq.
atine@tinelaw.com
Law Offices of Andrew J. Tine
251 Thames Street, 2nd Fl.
Bristol, RI 02809

# 1532067 v1 - 080908/0004