# EXHIBIT O

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ADP MARSHALL, INC., a division of Fluor NE, Inc., Plaintiff/Counterclaim-Defendant, | ) | |
| v. | ) | C.A. No.: 07-129 ML |
| NORESCO, LLC and LUMBERMEN'S MUTUAL CASUALTY COMPANY, Defendants/Counterclaim-Plaintiffs/ Third-Party Plaintiffs, | ) | |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Third-Party Defendants. | ) | |

**ADP MARSHALL, INC.'S RESPONSES TO NORESCO, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Plaintiff ADP Marshall, Inc. hereby provides its Responses to Defendant Noresco, LLC's First Set of Interrogatories as follows:

1. Please identify all individuals who consulted in the preparation of the answers to interrogatories, including an identification of each person who supplied or gathered any information used in formulating the answers to the following interrogatories; for each such person, specify the interrogatories for which he supplied or gathered information.

RESPONSE:

David Pereira, Fluor Enterprises, Inc., One Fluor Daniel Drive, Greenville, South Carolina, supplied and/or gathered information to respond to each and every interrogatory to which a substantive response is provided.

Andrew J. Tine acted as counsel in the preparation of these responses.

2. Identify each person you expect to call as a witness at trial of this action and state the substance of each witness's expected testimony.

RESPONSE:

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Additionally, Plaintiff has not made a decision as to witnesses it expects to call at the time of trial. At this time, Plaintiff can only speculate as to what prospective witnesses may testify to and Plaintiff objects to having to speculative or guess as to expected testimony without yet interviewing or deposing said prospective witnesses. Subject to the foregoing objections, Plaintiff may call any individuals identified in the project documentation to be produced in response to Defendants' requests for production and Plaintiff specifically identifies the following individuals as potential witnesses: Ed McNaught, David Benoit, Tom Hughes, S. James Busam, Brian Metcalf, Jim Gray, Janice Narowski, Peter Westcott, Jim Maguire, Don Metcalf, Jon Fontana, Jon Pignataro, Kris Salamon, David Pereira and Michael Amalfitano.

3. Identify each person you expect to call as an expert witness at the trial of this action and set forth for each such person:

(a) A complete statement of all opinions the witness will express and the basis and reasons for them:

(b) The date or other information considered by the witness in forming each opinion;

(c) The witness's qualifications, including a list of all publications authored in the previous ten years;

(d) A list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

(e) A statement of the compensation to be paid for the study and testimony of the case.

RESPONSE:

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Subject to the foregoing objection, Plaintiff has not yet identified any expert witnesses that it intends to call at trial.

4. Please state the total damages you claim you have suffered as a result of the extended general conditions and set forth in detail how the damages you claim have been calculated, describe all assumptions made by you in connection with the calculation of any alleged damages, identify all documents relied upon by you

in calculating such damages, and identify all individuals who have participated in these calculations.

RESPONSE:

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Plaintiff objects to setting forth calculations and damages previously disclosed for which substantial project documentation exists to support said damages. Summing the general conditions claimed in the deviations can as easily and equally be accomplished by Defendant as it can by Plaintiff. Subject to the foregoing objections, Plaintiff incorporates its initial disclosures pursuant to Rule 26(a)(1)(C) and the deviations referenced therein which set forth general conditions claimed on the project for which Plaintiff has not been compensated. The method of computation as set forth in those deviations and the deviation files, to be produced in response to Defendant's request for production, is also incorporated herein. The general methodology for general conditions claimed through deviations (changes in scope) was to apply a fixed 5% add-on to any subcontractor costs required to perform the scope change. For periods of delay, a burn rate was developed from the information available to the project personnel estimating the general conditions expenditures. The calculations relating to general conditions burn rates are set forth in the respective deviations, produced in response to Defendants' request for production. The persons involved in developing the numerous deviations are the project team members, for the most part identified in the deviation files, to be produced.

5. For each and every person whose labor or time was included in ADP's calculation of purported damages for extended general conditions as set forth in the response to Interrogatory 4 above, state:

(a) The identity of each person;
(b) The task performed by each such person during the time period(s) used by ADP in calculating the purported damages for extended general conditions;
(c) The number of hours spent by each person on each task; and
(d) The persons' hourly rate for work performed on the Project.

RESPONSE:

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Additionally, Plaintiff objects on the grounds that obtaining the information requested would be unduly burdensome and can equally be derived by Defendant from the project documentation. Subject to the foregoing objections, general conditions on deviations (changes in scope) was apparently calculated as 5% of the cost of the scope change. No particular person was identified or hours or rates considered for any particular deviation to arrive at the 5% measure of general conditions to be incurred. This methodology was used by Plaintiff and accepted by Defendant during the project. For the periods of delay, for which general conditions are

claimed, the calculations/methodology is set forth in the specific deviations relating to same. Those deviation files, to be produced, are incorporated herein by reference.

6. Please state the total damages that you claim you have suffered as a result of any extended insurance, identifying all documents relied upon by you in calculating such damages including in your answer the dates covered by extended insurance, the identities of the insurance companies providing such extended insurance, and the dates and amounts of any payments for extended insurance by ADP.

RESPONSE:

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Subject to the foregoing objection, "extended insurance" as that phrase is used herein means to Plaintiff the insurance procured at the direction of Defendant for the period following planned mechanical readiness, from April 30, 2003 through January 30, 2004. The details regarding insurance procured during this period is contained in deviation files #461 and #536. The amount claimed totals $178,674 as set forth in those deviations. The insurance vendor was Marsh USA, Inc., providing insurance through several entities as set forth in the deviation paperwork.

7. Please state the total damages that you claim you have suffered as a result of any alleged construction delay, excluding any amounts claimed for extended general conditions and extended insurance, and set forth in detail how damages you claim have been calculated, describe all assumptions made by you in connection with the calculation of any alleged damages, identifying all documents relied upon you in calculating such damages and identify all individuals who have participated in these calculations.

RESPONSE:

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Additionally, Plaintiff objects on the grounds that obtaining the information requested would be unduly burdensome and equally obtainable by Defendant. Subject to the foregoing objections, Plaintiff has not performed this calculation, which is simple but tedious, involving the totaling of costs incurred as a result of delay, as identified in the deviations claiming extended general conditions and extended insurance, which are not general conditions and extended insurance costs. Further, Plaintiff is exposed to subcontractor delay claims, as set forth in deviations #'s 500 and 504 and as may be advanced against Plaintiff at a later date.

8. Please state the total damages you claim you have suffered as a result of Noresco's failure to approve change orders for work performed in connection with the Project, and set forth in detail how the damages you claim have been calculated, describe all assumptions made by you in connection with the calculation of any alleged damages, identifying all documents relied upon by you

in calculating such damages and identify all individuals who have participated in these calculations.

RESPONSE:

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Subject to the foregoing objection, this information was provided as part of Plaintiff's Rule 26(a)(1)(C) disclosures, a copy of which is attached hereto. Further, Plaintiff incorporates the deviations referenced in said disclosures in response to this interrogatory.

9. To the extent that ADP claims to have suffered any additional damages not described in response to the preceding interrogatories, describe in detail the facts and circumstance giving rise to such claim and please state the amount of damages you claim you have suffered as a result of any acts or omissions of Noresco and set forth in detail how the damages you claim have been calculated, describe all assumptions made by you in connection with the calculation of any alleged damages, identify all documents relied upon by you in calculating such damages and identify all individuals who have participated in these calculations.

RESPONSE:

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Subject to the foregoing objection, Plaintiff's damages are set forth in its Rule 26(a)(1)(C) disclosures, except that Plaintiff has experienced separate and/or alternative damages by not being compensated 10% of the amount directly paid by NORESCO to Plaintiff's subcontractors for changes in the work. This 10% profit margin is allowed for by the contract between the parties. Plaintiff has also suffered damage to its reputation in the industry and incurred attorneys fees and continuing overhead costs as a result of Defendant's non-payment.

10. Please identify in accordance with the Preliminary Instructions and Definitions, any oral communications between ADP and Noresco, any Contractor, or any other third party concerning: any Project delays, change orders for which ADP contends payment is due and owing from Noresco, amounts allegedly due and owing from ADP to any Contractor for which ADP is seeking damages from Noresco, the preparations and/or submissions of the bid by Noresco to State for the Construction and renovation of the project, and/or the design of the Project.

RESPONSE:

Plaintiff objects on the grounds that obtaining the information requested would be unduly burdensome. Plaintiff has not yet interviewed and/or deposed the numerous project personnel no longer associated with the Project that may have information responsive to this interrogatory. Further, to list every oral communication relating to the numerous deviations (change orders) and the numerous project delays and circumstances of those

delays is an overly broad and unduly burdensome task that cannot be accomplished through written responses to interrogatories.

11. Describe in detail the business and financial relationship(s) between and among Fluor NE, Inc., Fluor Corporation, and ADP and state when such business relationship(s) were established.

RESPONSE:

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Additionally, Plaintiff objects to the relevance of information requested. Subject to the foregoing objections, see the attached information from the State of Rhode Island Secretary of State's website.

12. Set forth the current location(s) of all documents and things generated or maintained by ADP during the construction of the Project, including without limitation the locations(s) of all computers, external hard drives, servers, and/or other electronic storage devices which contain or may contain information related to the Project.

RESPONSE:

The project documents are located in storage in Pawtucket, Rhode Island and at the Law Offices of Andrew J. Tine in Bristol, Rhode Island. Certain electronic media and photographs are in the subject storage boxes. The location of the actual computers and other storage devices used on the project is unknown.

13. State the factual basis, in accordance with the instructions set forth in the Preliminary Instructions and Definitions, of your contention in paragraph 10 of the Complaint that Noresco's scope of work under the Prime Contract was greater than ADP's scope of work under the Agreement.

RESPONSE:

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Additionally, Plaintiff objects on the grounds that such a request calls for Plaintiff to make a legal conclusion. Subject to the foregoing objections, Plaintiff states that Defendant entered into a design-build contract with the State of Rhode Island also requiring startup, testing and training services for operation, whereas Plaintiff was only responsible for aspects of procurement and construction. The differing scopes can be delineated from a comparison of the Prime Contract with Plaintiff's Agreement and it is unduly burdensome to require Plaintiff to set forth every single difference here.

14. State the factual basis, in accordance with the instructions set forth in the Preliminary Instructions and Definitions, of your contention in paragraph 12 of

the Complaint that ADP has incurred additional costs as a result of Noresco's failure to timely and properly perform its work under the Prime Contract and/or as a result of Noresco's purported failure to provide information and direction to ADP pursuant to the Agreement.

RESPONSE:

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Additionally, Plaintiff objects on the grounds that obtaining the information requested would be unduly burdensome. Subject to the foregoing objections, Plaintiff states that Defendant, itself and through its agents, failed to timely provide the information requested by Plaintiff in formal requests for information. The requests for information and responses thereto are available for inspection and copying and such documentation exhibits the untimeliness of Defendant's, and its agents', responses to requests for information. Defendant untimely approved and failed to pay for changes in scope. Defendant also failed to timely supply equipment which delayed installation and start-up. The additional costs experienced by Plaintiff as set forth in the deviations is in part a result of the cumulative impact of numerous changes in scope and failures by Defendant to timely perform its obligations.

15. Set forth with specificity the details of each and every circumstance which ADP claims caused delays in construction of the Project and for which ADP contends Noresco is responsible.

RESPONSE:

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Further, this request is overly broad and unduly burdensome. Subject to the foregoing objection, Plaintiff states that the individual and cumulative impact of the numerous, untimely changes in scope (i.e. the deviations), and the late and untimely design changes and responses to requests for information delayed the construction. A review of every single deviation which changed the scope of work, every single design change and every single late or unresponsive answer to requests for information, which is unduly burdensome to set forth here, is incorporated herein by Plaintiff in response to this interrogatory.

16. Set forth the dates and circumstance of each and every request, whether written or oral, by ADP and/or any of its Contractors to Noresco for an extension of time to complete the Project or any aspect of the Project, including in your answer the reason(s) for each request and the length of extension requested.

RESPONSE:

This request is overly broad and unduly burdensome. The number of conversations between the numerous project personnel concerning delays, impacts and the need for time extensions cannot be memorialized here and is unknown to Plaintiff given the

number of team members involved on behalf of the Plaintiff, Defendant and Plaintiff's contractors. As to written communications for time extensions, the paperwork is vast on this project and it would be unduly burdensome to require Plaintiff to verify a specific list of documents responsive to this request from 20+ large storage boxes of documentation. Subject to the foregoing objection, Plaintiff refers Defendant to deviations #'s 160, 161, 465, 551, the monthly schedule updates, and Plaintiff's letter dated February 21, 2003 from Kris Salmon to Wade Carlton containing fifteen (15) exhibits concerning delays experienced on the project.

17. State the method(s) used by ADP to develop, maintain and revise a construction schedule for the Project, including in your answer the identities of all individuals responsible for or participating in the development, maintenance and/or revision of that schedule.

RESPONSE:

The project team was responsible for developing, maintaining and revising construction schedules for the project. The project team included Ed McNaught, Brian Metcalf, Jim Gray, Janice Narowski, Jon Fontana, Jon Pignataro, Kris Salmon, and Michael Amalfitano. Bar schedules, summary level schedules, look-ahead schedules and CPM schedules were maintained for the project. Monthly updates to the project schedule were submitted to Defendant.

18. For each and every claim for payment submitted to ADP or its sureties by any Contractors, set forth the following:

(a) The entity making the claim;
(b) The amount of the claim;
(c) If litigation was instituted by the claiming party, the Court, civil action number, and parties to all such litigation; and
(d) Whether each claim has been resolved, and the specific terms of each resolution.

RESPONSE:

Plaintiff objects on the grounds that obtaining the information requested would be unduly burdensome. This was a large construction project involving a multitude of vendors and subcontractors who submitted claims for payment on a regular basis. The project records best memorialize these claims for payment. Many of those subcontractors instituted lawsuits to collect payment for work performed on the project. Defendant was a party to many of these lawsuits. Defendant has equal access to the legal filings commenced by subcontractors on the project for payment and the information responsive to this request can be derived from those public legal filings.

19. For each and every open deviations set forth in ADP's Statement of Damages, describe the specific work encompassed by each deviations and identify the entity that performed or was to perform such work.

RESPONSE:

Plaintiff objects to the overly broad and unduly burdensome nature of this request and directs Defendant to the deviations previously submitted during the project and to be produced for inspection and copying from which responsive information to this interrogatory can be derived.

20. For each and every open deviation set forth in ADP's Statement for Damages, state the factual basis for ADP's contention that such deviation represented a material change from the 75% drawings for the Project.

RESPONSE:

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Subject to the foregoing objection, Plaintiff's intent was to submit deviations which constituted material changes from the 75% drawings and/or resulted from design errors or omissions, which would also constitute a material change from the 75% drawings. All the open deviations, save those relating to extended insurance and delay claims, relate to materials changes from the 75% drawings, said open deviations being listed in Plaintiff's Rule 26 disclosures. The deviation files contain the factual basis, when read in conjunction with relevant project records, to support said deviations. To request Plaintiff to restate the substance and reasoning behind every deviation here would be unduly burdensome.

21. Identify each project manager for the Project and with respect to each such person, please state:

(a) The dates the individual held that title or position; and
(b) The reason the individual left the position or was removed or replaced from the position by ADP.

RESPONSE:

Kris Salamon and Ed McNaught both acted a project managers for the project. The dates of their involvement with the project and the circumstances of same are not currently known. Plaintiff reserves the right to supplement this response when the information responsive to this request becomes known to it.

22. State the factual basis for ADP's assertion that Noresco and Lumbermen's have waived their rights against ADP, as set forth in ADP's Fourth Affirmative Defense to Noresco and Lumbermen's First Amended Counterclaims.

RESPONSE:

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Additionally, Plaintiff objects on the grounds that the information requested calls for legal conclusion. Subject to the foregoing objections, Plaintiff states that Noresco and/or Lumbermen's seek liquidated damages from Plaintiff that were never assessed during the project, nor sought through arbitration, as required by the contract and thus are waived. Also, Noresco waived its claims against ADP Marshall for scopes of work performed by R.P. Iannuccillo & Sons, Arden Engineering Corporation, Northeast Steel Corporation, Process Construction Management, and Weststar Associates, Inc. pursuant to the settlement agreements and mutual releases executed by Noresco with those entities.

23. State the factual basis for ADP's assertion that Noresco's Project design and the Noresco provided equipment was not appropriate to produce a fully functioning facility.

RESPONSE:

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Subject to the foregoing objection, the number and magnitude of the deviations required to construct the project, taken individually and collectively, demonstrate that Defendant's project design with intended equipment was not sufficient, without modification, to produce a fully functioning facility. A summary of those deviations here would be unduly burdensome and redundant of information contained in the project records and to be produced.

24. State the factual basis for ADP's assertion that Noresco and Lumbermen's have released ADP from the claims set forth in Noresco and Lumbermen's First Amended Counterclaims, as set forth in ADP's Sixth Affirmative Defense thereto.

Plaintiff objects to the extent the information requested is covered by the work product doctrine and attorney/client privilege. Additionally, Plaintiff objects on the grounds that the information requested calls for legal conclusion. Subject to the foregoing objections, Plaintiff states that Defendant's failure to assess liquidated damages as required by the contract and pursue same in arbitration constitutes a release of said damages. Also, Noresco waived its claims against ADP Marshall for scopes of work performed by R.P. Iannuccillo & Sons, Arden Engineering Corporation, Northeast Steel Corporation, Process Construction Management, and Weststar Associates, Inc. pursuant to the settlement agreements and mutual releases executed by Noresco with those entities.

25. If ADP denies any Request for Admission by Noresco, set forth all facts on which you base such denial(s).

RESPONSE:

Plaintiff objects to this interrogatory as being overly broad and unduly burdensome. Further, this interrogatory constitutes numerous additional interrogatories. No response is required because Defendant has exceeded through this question, which incorporates numerous questions by reference, the number of interrogatories allowed to it by the Rules of Civil Procedure.

Signed and sworn to under the pains and penalties of perjury this 10 day of February 2008.

ADP Marshall, Inc.,

David M Pereira

Authorized Representative

As to Objections,

Andrew J. Tine (RI Bar # 6756)
Law Offices of Andrew J. Tine
251Thames St., 2nd floor
Bristol, Rhode Island 02809
(401) 396-9002

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was ~~filed~~ mailed on February 10 2008 ~~electronically~~ and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by ~~e~~mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Andrew J. Tine

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ADP MARSHALL, INC., a division of Fluor NE, Inc., Plaintiff, | ) | |
| v. | ) | C.A. No.: 07-129-ML |
| NORESCO, LLC and LUMBERMEN'S MUTUAL CASUALTY COMPANY, Defendants. | ) | |

**PLAINTIFF'S RULE 26(a)(1)(C) DISCLOSURES**

NOW COMES the Plaintiff, ADP Marshall, Inc., and makes its F.R.C.P. 26(a)(1)(C) disclosures. Attached hereto as Exhibit A is a computation of the damages claimed by Plaintiff, based upon the information available to it as of this date, for the claims asserted by way of its Complaint. Plaintiff reserves its right to supplement these disclosures in accordance with F.R.C.P. 26(e). The backup documentation to support these claims was previously furnished to Defendant NORESCO, LLC during the normal course of the construction project, but to the extent the inspection and copying of documents used by Plaintiff to calculate these damages is requested by Defendant, said documents will be produced in accordance with F.R.C.P. 26 and 34.

Plaintiff,
By its attorneys,

Andrew J. Tine (#6756)
Law Offices of Andrew J. Tine
251 Thames Street, 2nd Floor
Bristol, RI 02809
(401) 396-9002 – Tel.
(401) 396-9479 - Fax

**CERTIFICATE OF SERVICE**

I, Andrew J. Tine, hereby certify that on July 17, 2007 a copy of the foregoing was served by mail on Brian J. Lamoureux and Cheryl Pinarchick, Brown Rudnick, One Financial Center, Boston, MA 02111.

ADP Marshall, Inc.'s Rule 26(a)(1)(C) Disclosures EXHIBIT A

**Computation of Damages**

| | | | |
|---|---|---|---|
| Contract Value | | $13,478,924.00 | |
| Change Order 6 | | $130,110.00 | See Attached Ex. 1. |
| Change Order 7 | | $34,122.00 | See Attached Ex. 2. |
| Open Deviations | | $1,647,214.00 | |
| Time Extension and GC's Pursuant to Dev.#378 | | Not Yet Quantified | |
| Paid | | -$12,415,451.00 | |
| Total | | $2,874,919.00 | |
| Interest | (@12%) | To Be Determined | |

**Listing of Open Deviations**

| Deviation # | Amount |
|---|---|
| 160 | $132,122.00 |
| 161 | $373,607.00 |
| 461 | $90,274.00 |
| 465 | $121,603.00 |
| 536 | $88,400.00 |
| 551 | $56,160.00 |
| 422 | $7,900.00 |
| 482 | $2,359.00 |
| 499 | $25,747.00 |
| 544 | $7,981.00 |
| 545 | -$10,400.00 |
| 546 | -$104,000.00 |
| 547 | -$28,749.00 |
| 548 | -$2,080.00 |
| 349 | $11,884.00 |
| 351 | $37,592.00 |
| 445 | $7,290.00 |
| 474 | $5,684.00 |
| 483 | $8,849.00 |
| 500 | $27,344.00 |
| 504 | $73,220.00 |
| 336 | $48,156.00 |
| 468 | $3,028.00 |
| 152 | -$829.00 |
| 400 | $18,401.00 |
| 24 | $21,579.00 |
| 32 | $8,400.00 |
| 37 | $22,900.00 |
| 186 | $92,635.00 |
| 246 | $1,960.00 |
| 247 | $8,599.00 |
| 498 | $123,060.00 |
| 501 | $19,488.00 |
| 147 | $1,072.00 |
| 201 | $1,271.00 |
| 429 | $3,112.00 |
| 490 | $702.00 |
| 496 | $7,644.00 |
| 512 | $8,526.00 |
| 554 | $4,383.00 |
| 391 | $2,611.00 |
| 398 | $48,153.00 |
| 444 | $24,357.00 |
| 472 | $5,580.00 |
| 507 | $7,840.00 |
| 532 | $3,343.00 |
| 555 | $2,643.00 |
| 566 | $16,201.00 |
| 409 | $4,307.00 |
| 420 | $5,207.00 |
| 552 | $1,547.00 |
| 439 | $700.00 |
| 44 | $50,014.00 |
| 81 | $21,608.00 |
| 191 | $13,529.00 |
| 269 | $1,543.00 |
| 273 | $30,410.00 |
| 407 | $794.00 |
| 106 | $15,861.00 |
| 173 | $18,541.00 |
| 227 | $3,961.00 |
| 361 | $2,327.00 |
| 462 | $2,900.00 |
| 530 | $6,614.00 |
| 383 | $16,286.00 |
| 97 | $13,643.00 |
| | $1,647,214.00 |

## EXHIBIT #1

## NORESCO Change Order #6

| | |
|---|---|
| COR # 325/R1 / Deviation No. 0489 | $19,641 |
| COR # 315 / Deviation No. 0480 | $7,862 |
| COR # 316 / Deviation No. 0447 | $4,069 |
| COR # 333 / Deviation No. 0477 | $3,789 |
| COR # 339/R1 / Deviation No. 0454 | $3,330 |
| COR # 344 / Deviation No. 0464 | $672 |
| COR # 355/R1 / Deviation No. 0376 | $7,851 |
| COR # 371/R1 / Deviation No. 0449 | $23,377 |
| COR # 083/R1 / Deviation No. 0142 | $3,859 |
| COR # 105/R2 / Deviation No. 0190 | $10,952 |
| COR # 228/R1 / Deviation No. 0306 | $6,635 |
| COR # 345 / Deviation No. 0389 | $885 |
| COR # 365 / Deviation No. 0416 | $13,839 |
| COR # 340 / Deviation No. 0427 | $1,338 |
| COR # 312 / Deviation No. 0428 | $1,296 |
| COR # 358 / Deviation No. 0455 | $3,441 |
| COR # 372 / Deviation No. 0457 | $4,520 |
| COR # 373/R1 / Deviation No. 0458 | $1,969 |
| COR # 374 / Deviation No. 0492 | $4,664 |
| COR # 352 / Deviation No. 0497 | $996 |
| COR # 376 / Deviation No. 0506 | $677 |
| COR # 393 / Deviation No. 0516 | $1,541 |
| COR # 413 / Deviation No. 0520 | ($19,013) |
| COR # 406 / Deviation No. 0528 | $8,880 |
| COR # 405 / Deviation No. 0537 | $1,471 |
| COR # 407 / Deviation No. 0538 | $2,100 |
| | |
| COR # 244/R1 / Deviation No. 0356 | $3,452 |
| COR # 304 / Deviation No. 0453 | ($6,964) |
| COR # 335 / Deviation No. 0467 | $485 |
| COR # 337 / Deviation No. 0459 | $3,213 |
| COR # 343 / Deviation No. 0366 | $3,857 |
| COR # 363 / Deviation No. 0408 | $2,626 |

| | |
|---|---|
| COR # 369 / Deviation No. 0410 | $637 |
| COR # 370 / Deviation No. 0446 | $1,215 |
| COR # 431 / Deviation No. 0539 | $948 |
| **C.O. #6 Subtotal:** | **$130,110** |

# EXHIBIT #2

**Proposed Change Order #7 (All Deviations Approved**

| | |
|---|---|
| COR#314/Deviation No. 476 | $743 |
| COR#86R2/Deviation No. 163 | $12,379 |
| COR#265R2/Deviation No. 316 | $10,578 |
| COR#244R1/Deviation No. 356 | $3,452 |
| COR#338/Deviation No. 456 | $1,966 |
| COR#336/Deviation No. 466 | $1,350 |
| COR#383/Deviation No. 515 | $3,654 |
| **C.O. #7 Subtotal:** | **$34,122** |

**State of Rhode Island and Providence Plantations**
**Office of the Secretary of State**

Corporations Division
148 W. River Street
Providence, Rhode Island 02904-2615
Telephone: (401) 222-3040

## *Fluor NE, Inc.* Summary Screen

Help with this form

Request a Certificate

**The exact name of the Foreign Corporation:** Fluor NE, Inc.

**The name was changed from:** ADP Marshall, Inc. **on** 1/2/2004
**The name was changed from:** ADP FLUOR DANIEL, INC. **on** 12/3/1997

**Merged with :** MARSHALL CONTRACTORS INC.Algonquin Builders, Inc. and Rumford Builders Inc.Merged into Marshall Contractors on 12/29/86 **on** 7/31/1997

**Entity Type:** Foreign Corporation

**Identification Number:** 000095511

**Date of Qualification in Rhode Island:** 06/11/1997

**The Foreign Corporation is organized under the laws of:** State: AZ Country: USA

**The location of its principal office:**
No. and Street: 6700 LAS COLINAS BOULEVARD
City or Town: IRVING State: TX Zip: 75039- Country: USA

**The mailing address or specified office:**
No. and Street:
City or Town: State: Zip: Country:

**Agent Resigned:** N **Address Maintained:** Y

**Name and address of the Registered Agent:**
No. and Street: 222 JEFFERSON BOULEVARD, SUITE 200
City or Town: WARWICK State: RI Zip: 02888
Name: CORPORATION SERVICE COMPANY

**The officers and all of the directors of the corporation:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address<br>Address, City or Town, State, Zip Code, Country |
|---|---|---|
| PRESIDENT | S.B. DOBBS | 6700 LAS COLINAS BOULEVARD |

| | | |
|---|---|---|
| | | IRVING, TX 75039- USA |

**The total number of shares and par value, if any, of each class of stock which the business entity is authorized to issue:**

| Class of Stock | Series of Stock | Par Value Per Share | Total Authorized Shares *Num of Shares* | Total Issued and Outstanding *Num of Shares* |
|---|---|---|---|---|
| CWP | | $10.00 | 100,000.00 | 4,040.00 |

**Purpose**

GENERAL CONTRACTORS OF COMMERCIAL/INDUSTRIAL AND ALL TYPES OF REAL ESTATE STRUCTURES AND CONTRACTING MANAGEMENT.

**Select a type of filing from below to view this business entity filings:**

ALL FILINGS
Annual Report
Application for Amended Certificate of Authority
Application for Certificate of Authority
Application for Certificate of Withdrawal

Click Here to access 2006 and 2007 annual reports filed and imaged prior to July 25, 2007. Identification Number is Required

View Filings | New Search

© 2007 - 2008 State of Rhode Island and Providence Plantations
All Rights Reserved

Help