# EXHIBIT P

MATTHEW P. SGRO
Counselor at Law
direct dial: 617-856-8570
msgro@brownrudnick.com

BROWNRUDNICK

121
South Main
Street
Providence
Rhode Island
02903
tel 401.276.2600
fax 401.276.2601

May 21, 2008

Via E-mail and U.S. Mail

Andrew J. Tine, Esq.
251 Thames Street
Bristol, RI 02809

**RE: ADP Marshall, Inc. v. NORESCO, et al**

Dear Andrew:

This responds to your letter dated today. With regard to your approval of the Joint Motion for Protective Order, the motion will be filed by the end of the week.

Noresco has further questions regarding ADP Marshall, Inc.'s ("ADPM") responses to the discovery questions raised in my letter of May 20, 2008. First, please advise as soon as possible if there are categories of testimony set forth in Noresco's Rule 30(b)(6) deposition notice which ADPM claims Mr. Pereira will not be capable of testifying about. It is Noresco's position the Federal Rules of Civil Procedure require that ADPM's corporate designee(s) be prepared to testify to each category of information sought by Noresco's deposition notice. The scope of Mr. Pereira's testimony is not, and cannot be, limited to only his personal knowledge. We are aware that ADPM claims that there are no personnel currently employed by the company with "in-depth knowledge of this project," however ADPM must produce designees prepared to testify as to the knowledge of the company with regard to the propounded categories of testimony.

Thank you for your representation as to the contents of the employee personnel files for each of the individuals listed in your letter. However, the cursory information regarding the date each of these individuals left ADPM's employ is insufficient. As we discussed in our telephone conversation regarding supplemental discovery responses from ADPM, Noresco seeks – and is entitled to – dates indicating the period(s) of time each of the employees was assigned to this Project, and the reason for their reassignment to other projects, and to the extent applicable, why certain employees returned to the Project after being reassigned elsewhere. Furthermore, while you claim no performance evaluations have been located "with respect to this project," Noresco is entitled to any performance evaluations contained in the files, as well as documents other than formal evaluations which describe or comment on the performance of each employee.

Noresco will review and comment on the CD of electronic files which ADP will produce tomorrow. However, your letter indicates only that you questioned Ed McNaught about the location of the computer he used on the Project. Please indicate what other inquiries were made within ADPM/Fluor Corporation with regard to the location of computers and other electronic files, and what efforts have been made by ADPM/Fluor to locate this information. The fact that it appears that

brownrudnick.com

no one is aware of what has become of the computer Mr. McNaught stored his Project files on is a clear example of how the document retention policy of ADPM/Fluor is applicable and relevant to discovery in this case. With regard to the supplemental box of financial documents referenced in your letter, pursuant to my e-mail today, please have the contents of the box copied in full immediately.

With regard to your request for supplemental Answers to Interrogatories from Noresco, it is Noresco's position that no supplementation of Noresco's answers is necessary at this time. Noresco will supplement its Answer to Interrogatories as required under the Rules.

Very truly yours,

**BROWN RUDNICK BERLACK ISRAELS LLP**

Matthew P. Sgro

Enclosures
cc: Cheryl B. Pinarchick, Esq.

# 1566492 - 080908/0004/