# EXHIBIT Q

LAW OFFICES OF
ANDREW J. TINE
ATTORNEY AT LAW

Via Facsimile and US Mail

May 29, 2008

Matthew Sgro, Esq.
Cheryl Pinarchick, Esq.
Brown Rudnick Berlack Israels, LLP
121 South Main Street
Providence, RI 02903

Re: ADP Marshall v. NORESCO

Dear Counsel:

This letter responds to NORESCO's Notice of Deposition Pursuant to Fed.R.Civ.P.30(b)(6) dated May 27, 2008. Attached hereto is a copy of the "Categories of Testimony" provided with said notice.

ADP Marshall makes the following designation of witnesses with respect to the noticed categories of testimony. David Pereira is designated to testify with respect to categories no.'s 1, 2, 3, 4, 5, 7, 10, 19, 20, 21, 22, 23, 24, 25, 27, and 29. David Benoit, a former ADP Marshall employee, now with BC Consulting, 222 Richmond Street, Providence, RI, is designated to testify with respect to categories no.'s 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 24, 26 and 28.

David Pereira is being made available to testify on May 30, 2008 at 10 AM. We would like to schedule a mutually convenient time for David Benoit's deposition.

Sincerely,

Andrew J. Tine

Enc.

251 THAMES STREET - BRISTOL, RHODE ISLAND 02809 - 401.396.9002 FAX 401.396.9479
484 MAIN STREET - WORCESTER, MASSACHUSETTS 01608 - 508.799.7400
DIRECT CORRESPONDENCE TO RHODE ISLAND ADDRESS

LICENSED - MASSACHUSETTS AND RHODE ISLAND

**Categories of Testimony**

1. ADP's Answers to Noresco's First Set of Interrogatories to Plaintiff.

2. ADP's Responses to Noresco's First Request for Admissions to Plaintiff.

3. ADP's Responses to Noresco's First Request for the Production of Documents and Things to Plaintiff, including but not limited to, ADP's search for documents and things in response to the Request.

4. The factual basis for each of the claims asserted in the Complaint.

5. The factual basis for each of your affirmative defenses to the Counterclaim.

6. Damages ADP claims to have suffered as a result of extended general conditions.

7. Damages ADP claims to have suffered as a result of extended insurance, including, but not limited to, any payments made by you for extended insurance.

8. Any other damages ADP claims to have suffered as a result of the claims asserted in the Complaint.

9. Any alleged construction delays on the Project, including but not limited to any delays alleged caused by Noresco and any damages ADP alleges to have suffered as a result of construction delays.

10. Communications between ADP and Noresco regarding any requests by ADP for an extension of time to complete the Project or any aspect of the Project.

11. Each change order for which ADP seeks payment from Noresco.

12. Each deviation listed in ADP's Statement of Damages submitted in connection with your Fed. R. Civ. P. 26(a)(1)(C) initial disclosure ("Statement of Damages").

13. The reason(s) why you contend each deviation listed in the Statement of Damages constitutes a material change from the 75% drawings for the Project.

14. ADP's involvement or participation in the preparation and/or submission of the bid by Noresco to the State for the Project.

15. The negotiation of the Agreement between ADP and Noresco.

16. The terms and conditions of the Agreement.

17. ADP's scope of work under the Agreement.

18. Noresco's scope of work under the Prime Contract, including, but not limited to, how such scope allegedly differed from ADP's scope of work under the Agreement.

19. ADP's budget(s) for the Project, and/or any other estimates or assessment(s) of ADP's costs to perform its obligations under the Agreement and the actual costs incurred by ADP.

20. ADP's involvement and participation in the design of the Project.

21. The business and financial relationship(s) between and among Fluor NE, Fluor Corporation, and ADP.

22. The current location(s) of all electronic and hard copy documents and things generated or maintained by ADP concerning the Project.

23. The document retention and document destruction policies of Fluor NE, Fluor Corporation, and ADP in effect from 2002 to the present.

24. Pending or threatened claims by Contractors against ADP for work or materials provided in connection with the Project.

25. The resolution of any pending or threatened claims by Contractors against ADP for work or materials provided in connection with the Project.

26. Any construction schedule(s) for the Project prepared by or on behalf of ADP, including, but not limited to, any Critical Path Analyses.

27. ADP's management of the Project, including, but not limited to, the circumstances underlying the assignment and/or replacement of any project managers.

28. ADP's bond claim against Lumbermens, including, but not limited to, any requests for information by Lumbermens to ADP and ADP's response(s) thereto.

29. Any steps taken by ADP to identify, secure and avoid the spoliation of materials documents and things relevant to the long-standing disputes between the parties which are presently being litigated in this case.