# EXHIBIT R

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

ADP MARSHALL, INC., a Division of Fluor NE, Inc.,

Plaintiff/Counterclaim-Defendant,

v.

NORESCO, LLC and LUMBERMENS MUTUAL CASUALTY COMPANY,

Defendants/Counterclaim-Plaintiffs/ Third-Party Plaintiffs,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,

Third-Party Defendants.

C.A. No. 07-129-ML

**NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

TO: Andrew J. Tine, Esq.
Law Offices of Andrew J. Tine
251 Thames Street, 2nd Fl.
Bristol, RI 02809

PLEASE TAKE NOTICE that on Wednesday, March 12, 2008 at 10:00 a.m. at the law offices of Brown Rudnick Berlack Israels LLP, 121 South Main Street, Providence, Rhode Island, Defendant, NORESCO, LLC, by its attorneys, will take the deposition upon oral examination of the officer(s) or agent(s) of Plaintiff **ADP Marshall, Inc., a Division of Fluor NE, Inc.**, who is/are designated, pursuant to Federal Rules of Civil Procedure 30(b)(6), to testify on the subjects set forth in the attached Schedule A.

This deposition will be conducted pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public, or before some other person authorized by law to administer oaths in and for the State of Rhode Island.

You are invited to attend and cross-examine.

**NORESCO, LLC and LUMBERMENS MUTUAL CASUALTY COMPANY,**
By their Attorneys,

William M. Dolan III (#4524)
wdolan@brownrudnick.com
Brian J. Lamoureux (#6211)
blamoureux@brownrudnick.com
**BROWN RUDNICK BERLACK ISRAELS LLP**
121 South Main Street
Providence, RI 02903
(401) 276-2600
(401) 276-2601 Fax

Dated: February 21, 2008

*Pro Hac Vice*:
Cheryl B. Pinarchick
cpinarchick@brownrudnick.com
Matthew P. Sgro
msgro@brownrudnick.com
**BROWN RUDNICK BERLACK ISRAELS LLP**
One Financial Center
Boston, MA 02111
(617) 856-8200
(617) 856-8201 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I served a true copy of the foregoing on all parties by mailing same, postage pre-paid, on February 21, 2008, to:

Andrew J. Tine, Esq.
atine@tinelaw.com
Law Offices of Andrew J. Tine
251 Thames Street, 2nd Fl.
Bristol, RI 02809

______________________________

# 1541970 v1 - 080908/0004

# SCHEDULE A

## Definitions

a. The term "ADP" as used herein shall mean the Plaintiff, ADP Marshall, Inc., a Division of Fluor NE, Inc. ("ADP"), and its officers, directors, employees, affiliates, successors, agents, counsel, attorneys, and anyone acting on behalf of ADP.

b. The term "Agreement" as used herein shall mean the written agreement dated March 22, 2002, including all exhibits and attachments thereto, entered into by and between ADP and Noresco for the construction of the Project.

c. The term "communication" as used herein includes, without limitation, the following: letters, e-mails, notes, conversations, telephone conversations, statements, discussions and every other manner of oral or written utterance.

d. The term "Complaint" as used herein shall mean the Complaint filed by ADP in the above-captioned action.

e. The term "Contractor" as used herein shall mean any contractor, subcontractor, independent contractor, consultant, supplier or materialman which performed work on the Project (as defined herein).

f. The term "Counterclaim" as used herein shall mean the Counterclaims filed by the Defendants in the above-captioned action.

g. The term "Lumbermens" as used herein shall mean Lumbermens Mutual Casualty Company, its officers, directors, employees, affiliates, agents, and other representatives.

h. The term "Noresco" as used herein shall mean NORESCO, LLC, its officers, directors, employees, affiliates, agents, and other representatives.

i. As used herein, the term "Prime Contract" shall mean the September 25, 2000 contract between Noresco and the State for the construction and renovation of the Project.

j. The term "Project" as used herein shall mean the construction of the cogeneration facility located at the Pastore Center, Cranston, Rhode Island.

k. The term "State" as used herein shall mean the Rhode Island Department of Mental Health, Retardation and Hospitals.

l. The terms "you" and "your" as used herein shall mean ADP.

## Categories of Testimony

1. ADP's Answers to Noresco's First Set of Interrogatories to Plaintiff.

2. ADP's Responses to Noresco's First Request for Admissions to Plaintiff.

3. ADP's Responses to Noresco's First Request for the Production of Documents and Things to Plaintiff, including but not limited to, ADP's search for documents and things in response to the Request.

4. The factual basis for each of the claims asserted in the Complaint.

5. The factual basis for each of your affirmative defenses to the Counterclaim.

6. Damages ADP claims to have suffered as a result of extended general conditions.

7. Damages ADP claims to have suffered as a result of extended insurance, including, but not limited to, any payments made by you for extended insurance.

8. Any other damages ADP claims to have suffered as a result of the claims asserted in the Complaint.

9. Any alleged construction delays on the Project, including but not limited to any delays alleged caused by Noresco and any damages ADP alleges to have suffered as a result of construction delays.

10. Communications between ADP and Noresco regarding any requests by ADP for an extension of time to complete the Project or any aspect of the Project.

11. Each change order for which ADP seeks payment from Noresco.

12. Each deviation listed in ADP's Statement of Damages submitted in connection with your Fed. R. Civ. P. 26(a)(1)(C) initial disclosure ("Statement of Damages").

13. The reason(s) why you contend each deviation listed in the Statement of Damages constitutes a material change from the 75% drawings for the Project.

14. ADP's involvement or participation in the preparation and/or submission of the bid by Noresco to the State for the Project.

15. The negotiation of the Agreement between ADP and Noresco.

16. The terms and conditions of the Agreement.

17. ADP's scope of work under the Agreement.

18. Noresco's scope of work under the Prime Contract, including, but not limited to, how such scope allegedly differed from ADP's scope of work under the Agreement.

19. ADP's budget(s) for the Project, and/or any other estimates or assessment(s) of ADP's costs to perform its obligations under the Agreement and the actual costs incurred by ADP.

20. ADP's involvement and participation in the design of the Project.

21. The business and financial relationship(s) between and among Fluor NE, Fluor Corporation, and ADP.

22. The current location(s) of all electronic and hard copy documents and things generated or maintained by ADP concerning the Project.

23. The document retention and document destruction policies of Fluor NE, Fluor Corporation, and ADP in effect from 2002 to the present.

24. Pending or threatened claims by Contractors against ADP for work or materials provided in connection with the Project.

25. The resolution of any pending or threatened claims by Contractors against ADP for work or materials provided in connection with the Project.

26. Any construction schedule(s) for the Project prepared by or on behalf of ADP, including, but not limited to, any Critical Path Analyses.

27. ADP's management of the Project, including, but not limited to, the circumstances underlying the assignment and/or replacement of any project managers.

28. ADP's bond claim against Lumbermens, including, but not limited to, any requests for information by Lumbermens to ADP and ADP's response(s) thereto.

29. Any steps taken by ADP to identify, secure and avoid the spoliation of materials documents and things relevant to the long-standing disputes between the parties which are presently being litigated in this case.