**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ADP MARSHALL, INC., a division of Fluor NE, Inc.,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>NORESCO, LLC and LUMBERMEN'S MUTUAL CASUALTY COMPANY,<br><br>Defendants/Counterclaim-Plaintiffs/ Third-Party Plaintiffs,<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>Third-Party Defendants. | C.A. No.: 07-129 ML |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 37(c)**

Now comes the Plaintiff, ADP Marshall, Inc. ("ADPM"), and in support of its Motion for the issuance of Federal Rules of Civil Procedure Rule 37 sanctions against Defendant Noresco, LLC ("Noresco"), states as follows:

## I. BACKGROUND FACTS AND PROCEDURE

1. ADPM initiated this action against Noresco by filing its Complaint with this Court on April 6, 2007.

2. Noresco filed its Counter-Claims against ADPM on June, 11, 2007 alleging Breach of Contract.

3. This Court held a Rule 26(f) conference in this matter on or about July 18, 2007.

4. On July 19, 2007, Noresco produced its Rule 26(a)(1)(C) disclosure. As part of that disclosure it advanced **an entirely new claim** entitled "Noresco Internal Labor For Project Management" calculated to be $613,000 (hereinafter "Labor Management Claim"). See Exhibit A attached hereto. This claim was never advanced prior to this date under the contract or in any forum. No method of calculation or back-up documentation was produced with the Rule 26(a)(1)(C) disclosure as to this new Labor Management Claim.

5. Given that ADPM had no information on the new Labor Management Claim, ADPM propounded on December 28, 2007 its First Request for Production of Documents and Things to Noresco seeking: "All documents and things concerning the damage item described as "Noresco Internal Labor For Project Management."" See Exhibit B attached hereto. In response, Noresco produced no such information or documentation.

6. On May 8, 2008, Noresco provided an expert report which detailed its monetary claim. The expert report made no mention of the Labor Management Claim leading ADPM to believe this new claim was dropped after expert review.

7. On May 22, 2008, during the deposition of Noresco's 30(b)(6) designee, Mr. Wade Carleton, ADPM's counsel was provided with a spreadsheet setting forth a "calculation" of labor hours spent on the job, listing personnel on the job, and assigning expenses allegedly incurred by Noresco as a result of ADPM.[1] This

[1] Wade Carleton admitted in his deposition that Noresco's Labor Management Claim calculations are based on his "best guess" and random assignments of numbers by Noresco. See Deposition of Wade Carleton pg. 233:17. It is well established that damages based upon this sort of speculation are not admissible. See

spreadsheet was apparently a **summary** of how Noresco arrived at its Labor Management Claim. The claim at this point was revised to $509,813.93. See Exhibit C; see also Exhibit I, Deposition of Wade Carleton pgs. 226-228.

8. At the May 22, 2008 deposition of Wade Carlton and by letters dated June 20, 2008, July 14, 2008, August 6, 2008, and email dated August 26, 2008, ADP Marshall's counsel requested the back-up for Noresco's Labor Management Claim. See Exhibits D, E, F and G attached hereto. Finally, on August 30, 2008, over a year after Noresco's initial disclosures asserted this new claim and with only two (2) weeks of discovery remaining, Noresco provided an additional spreadsheet in support of its Labor Management Claim. See Exhibit H hereto, excerpts therefrom.

9. The so called back-up provided to ADPM's counsel on August 30, 2008 is wholly deficient to analyze Noresco's Labor Management Claim. The back-up does not tie out to the spreadsheet provided on May 22, 2008 in any way. The entries in the alleged back-up are summaries from time cards or other information that may indicate if the charges were ever made or are appropriately being assessed against ADPM. The back-up does not indicate which time entries are being claimed against ADPM.

10. The time period for discovery in this action ends on September 15, 2008 and the parties have scheduled 6 remaining depositions to occur with respect to this action, concluding said depositions on September 19, 2008.

---

Ondine Shipping Corp. v. Cataldo, 24 F.3d 353, 357 (1st Cir. 1994), *quoting* Reliance Steel Prods. Co. v. National Fire Ins. Co., 880 F.2d 575, 578 (1st Cir. 1989).

11. ADPM is not able to review the Labor Management Damages in the remaining two week of discovery and such information is still inadequate to determine if an expert should have been retained or if additional depositions would be necessary to test the new claim.

## II. ARGUMENT

### A. STATEMENT OF RELEVANT LAW

Federal Rules of Civil Procedure Rule 26(a)(1) dealing with initial disclosures in discovery states in relevant part that:

> "a party must, without awaiting a discovery request, provide to the other parties... (iii) a computation of each category of damages claimed by the disclosing party- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material... on which each computation is based, including materials bearing on the nature and extent of the injuries suffered... [and] must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference[.]"

In conjunction therewith, Rule 37(c) of the Federal Rules of Civil Procedure sets forth sanctions for the failure of a party to provide such initial disclosures. See F.R.C.P. Rule 37(c). Rule 37(a) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial... [and] may impose other appropriate sanctions[.]" See Id. The first circuit has interpreted that barring the use of non-disclosed information is a mandatory sanction, subject only to limited exceptions. See Klonski v. Mahlab, 156 F.3d 222 (1st Circ. 1998).

### B. APPLICATION

Here, Noresco has neglected and/or refused to provide ADPM with a sufficient computation of its claimed damages. F.R.C.P. Rule 26(a)(1) indisputably mandates that

such computations and supporting documents be produced within 14 days after the parties' Rule 26(f) conference, such being explicitly stated in said Rule. The Rule 26(f) conference in this matter was held on or about July 18, 2007. On July 19, 2008, Noresco provided a one line disclosure of its entirely new Labor Management Claim. Instead of providing the back-up spreadsheet at that time as to how it arrived at the $613,000 Labor Management Claim, Noresco withheld said computations until May 22, 2008. In fact, on May 22, 2008, Noresco provided a summary spreadsheet in support of an alleged $509,814 claim – not a $613,000 claim as previously disclosed.[2] There is no excuse for such a late disclosure under Rule 26, as Rule 26(a)(1)(E) requires a disclosing party to timely make its initial disclosures, regardless of the amount of information available to the disclosing party, their inability to fully investigate their own damages before the Rule 26 initial disclosure deadline, and regardless of the lack of disclosure made by the opposing party. See Rule 26(a)(1)(E).

The fact that Noresco's untimeliness has adversely affected ADPM makes the Court's utilization of a Rule 37 prohibition mandatory. See F.R.C.P. Rule 37(c)(1). The extreme untimeliness of Noresco's production of its Labor Management Claim calculations has left ADPM in the dark for essentially the entire discovery period and prevented ADPM from sufficiently conducting discovery as to Noresco's claimed damages. Without understanding the crux of how Noresco arrived at its damages, ADPM's counsel was at a disadvantage in deposing various individuals in this regard. This is particularly evident in the deposition of Wade Carlton, as ADPM's counsel was

---

[2] No calculation or supporting information has been produced to date as to how Noresco arrived at its initial Labor Management Claim of $613,000.

unable to sufficiently review Noresco's newly produced summary spreadsheet in a break during Mr. Carlton's deposition. See Exhibit I, Deposition of Wade Carelton; 226:19-21.

Given the fact that barring the use of non-disclosed and/or untimely disclosed information is a mandatory sanction, subject only to limited exceptions, such as harmless error, which is clearly not relevant here, the use of Noresco's calculations as to its claimed damages should be excluded. See F.R.C.P. Rule 37(c)(1); see also Klonski v. Mahlab, 156 F.3d 222 (1st Circ. 1998). This by extension requires the barring of Noresco's unsupported $509,814 Labor Management Claim.

As stated *supra*, ADPM requested all documents supporting Noresco's damages claims as early as December 28, 2007, when ADPM served its First Request for Production of Documents upon Noresco.[3] See Exhibit B attached hereto. ADPM's request letters dated June 20, 2008 and July 14, 2008 were equally ignored. See Exhibits D and E attached hereto. On August 6, 2008, ADPM's counsel sent an additional letter requesting the back-up, and explicitly stated to Noresco that it would be highly prejudicial to ADPM at trial if such information was not made available prior to the taking of Theresa McKinnon's (a Noresco employee) deposition. See Exhibit F attached hereto. Noresco rebuffed ADPM's request and Theresa McKinnon's deposition was taken on August 12, 2008, without the aid of the requested back-up documentation for the Labor Management Claim.[4]

---

[3] ADPM's Request for Production sought "1. All documents and things utilized by or referred to by NORESCO in preparing its damages disclosure" and more specifically "10. All documents and things concerning the damage item described as 'Noresco Internal Labor for Project Management' set forth" in an exhibit attached therewith (Noresco's July 19, 2007 damages analysis).

[4] The alleged back-up produced by Noresco on August 30, 2008 is again a summary and not the source information that was requested. Further, the new summary of time allocations does not relate in any cognizable way to the May 22, 2008 spreadsheet produced at the deposition of Wade Carlton, Noresco's 30(b)(6) designee.

Such events definitively outline Noresco's continued violation of the mandatory initial disclosures requirement of Rule 26, establish with certainty that Noresco was aware of the deficient and untimely nature of its production, and that it openly disregarded such. Accordingly, unless Noresco's failure to provide such documentation was substantially justified or harmless to ADPM, the Court must bar Noresco from utilizing its supporting documentation as to its damages claims. See F.R.C.P. Rule 37(c)(1).

ADPM has been greatly harmed by Noresco's failure and/or refusal to timely produce its supporting documentation with respect to the Labor Management Claim. Even if the August 30, 2008 production were sufficient, which it is not, ADPM was unable to conduct its discovery with a full understanding as to the damages being advanced against it. In an effort to keep up with the discovery deadlines set by this Court, ADPM's counsel attended and deposed numerous individuals and 30(b)(6) deponents while deprived of the information central to Noresco's Labor Management Claim, information to which counsel was entitled by rule. To make matters worse, ADPM's counsel openly conveyed to Noresco that its continued failure to produce supporting documentation was adversely affecting ADPM's ability to conduct discovery, and Noresco seemingly welcomed the disadvantage caused by its disregard to the rights afforded to ADPM under Rule 26 and Rule 37.

The fact that Noresco has recently provided its alleged supporting documentation is of little consequence given the untimeliness and the fact that Noresco's August 30, 2008 production continues to lack the necessary detail and relationship to the prior disclosures.

The discovery period in this litigation is set to close on September 15, 2008. ADPM has lost the opportunity to retain a construction and/or accounting expert to analyze Noresco's Labor Management Claim at this juncture. Still without adequate production, and the late nature of the inadequate production, ADPM has been at an extreme disadvantage in preparing its defense to Noresco's newly advanced Labor Management Claim. This harm results from Noresco's failure to timely meet the initial disclosure requirements provided for in F.R.C.P. Rule 26 and subsequent discovery obligations.

Noresco is not justified in its failure to produce documentation in its possession supporting its damages claims. Indeed, Noresco has failed to lend any rational as to why its production of supporting documentation as to its damages claims were so untimely. Rule 26(a)(1)(E) states that:

> "*Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. A party is *NOT* excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." See Rule 26(a)(1)(E)[emphasis added].

In effect, the above-quoted language bars defenses to Rule 37 sanctions based upon assertion by the disclosing party that it had inadequate information in its possession at the time its initial disclosures came due. Counsel to ADPM cannot contemplate any other viable justification for Noresco's untimeliness other than the "Unacceptable Excuses" listed within Rule 26. Because no sufficient justification exists for Noresco's untimely disclosure, and because such untimeliness has greatly harmed ADPM, Rule 37 sanctions should issue against Noresco in the spirit of the Federal Rules. See Klonski v. Mahlab, 156 F.3d 222 (1st Circ. 1998)[emphasis added](Rule 37 clearly "contemplates stricter

adherence to discovery requirements... harsher sanctions for breaches of [that] rule, and ... the required sanction in the *ORDINARY* case is mandatory preclusion" See Klonski v. Mahlab, 156 F.3d 222 (1st Circ. 1998)[emphasis added].

## III. CONCLUSION

For the reasons set forth *supra*, this Honorable Court should grant Plaintiff's Motion for Rule 37 sanctions and bar Defendant Noresco, LLC from asserting its Labor Management Claim at trial and issue any and all other sanctions as the Court deems just and proper.[5]

Respectfully submitted,

*Andrew J. Tine*
Andrew J. Tine (RI Bar # 6756)
Law Offices of Andrew J. Tine
251 Thames Street, 2nd Floor
Bristol, RI 02809
(401) 396-9002 - OFFICE
(401) 396-9479 – FACSIMILE

## CERTIFICATE OF SERVICE/FILING

I, Andrew J. Tine, hereby certify that a true and correct copy of the foregoing was filed via the Court's electronic filing system on this 3rd day of September, 2008.

Andrew J. Tine

[5] Even if Norsesco had timely and properly made disclosures to support is Labor Management Claim, the clear waiver of consequential damages under the contract between the parties would preclude such a claim.