## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ADP MARSHALL, INC., n/k/a Fluor NE, Inc., )<br><br>Plaintiff/Counterclaim-Defendant, )<br>v. )<br><br>NORESCO, LLC and LUMBERMENS MUTUAL CASUALTY COMPANY, )<br><br>Defendants/Counterclaim-Plaintiffs/ Third-Party Plaintiffs, )<br>v. )<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, )<br><br>Third-Party Defendants. ) | C.A. No. 07-129-ML |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE PURSUANT TO FED. R. CIV. P. 37 TO EXCLUDE EXPERT OPINION TESTIMONY OF DAVID BENOIT AND EDWARD MCNAUGHT**

Pursuant to Local Rule 7(b)(2), the Defendants, NORESCO, LLC ("Noresco") and Lumbermens Mutual Casualty Company ("Lumbermens") (collectively, "Defendants"), hereby submit this reply to Plaintiff ADP Marshall, Inc. n/k/a Fluor NE, Inc.'s ("Fluor") Response in Opposition to Defendants' Motion *in Limine* Pursuant to Fed. R. Civ. P. 37(c) to Exclude Expert Opinion Testimony David Benoit ("Benoit") and Edward McNaught ("McNaught").[1]

### A.  **Fluor Was Required To Disclose All Experts By April 3, 2008.**

By order of this Court, Fluor was required to make its expert witness disclosures as required by Fed. R. Civ. P. 26(a) by April 3, 2008. See Exhibits 1 and 2 to Defendants' Motion.

---

[1] For purposes herein, the Memorandum of Law in Support of Defendants' Motion *in Limine* to exclude Benoit and McNaught's expert opinion testimony is referred to as "Defendants' Motion." Plaintiff's opposition to Defendants' Motion is referred to herein as "Fluor's Opposition."

The very first time Fluor identified Benoit and McNaught as persons who may provide expert testimony at trial was on June 16, 2009 – <u>over a year late</u>.  The Court's order expressly provides that "[f]ailure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or the exclusion of evidence."  <u>See</u> Exhibit 1 to Defendants' Motion.  Fluor has not, and cannot, offer any substantially justified for reason these eleventh hour disclosures.  Where, as here, a party flouts a court order, it does so at its peril.  <u>Vigilant Ins. V. East Greenwich Oil Co., Inc.</u>, 234 F.R.D. 20, 21 (D. RI. 2006) ("It is settled law that a party flouts a court order at his peril." (quoting <u>Torres-Vargas v. Pereira</u>, 431 F.3d 389, 393 (1st Cir. 2005) (citations omitted)).)  Accordingly, McNaught and Benoit should be precluded from offering expert opinions at trial in accordance with Fed. R. Civ. P. 37(c).

Fluor's assertion on pages 2 and 3 of its Opposition that it did not understand the Court's pretrial orders or Rule 26(a)(2) to require the disclosure of persons "not specially retained to provide expert testimony" is contrary to its own pleadings, the plain language of the Court's Order and Rule 26(a)(2) as well as the long line of cases which hold that Rule 26(a)(2) *requires* the disclosure of any person who may present expert testimony at trial.

On February 27, 2008, the Court granted, in part, Plaintiff's Motion to Extend the Deadline for Expert Witness Disclosures Required by F. R. Civ. P. 26(a)(2) and ordered Fluor to make such expert disclosures on or before April 3, 2008.  <u>See</u> Exhibit 2 to Defendants' Motion.  Rule 26(a)(2)(A) unambiguously provides that "a party must disclose to the other parties the identity of ***any witness*** it may use at trial to present evidence under Federal Rule of Evidence 702 ["Testimony by Experts"], 703 ["Bases of Opinion Testimony by Experts"], or 705 ["Disclosure of Facts or Data Underlying Expert Opinion"]."  <u>See</u> Fed. R. Civ. P. 26(a)(2)(A) (emphasis added).  <u>See</u> also <u>Vigilant Ins.</u>, 234 F.R.D. at 22 (listing numerous cases holding that

2

the plain language of Rule 26(a)(2)(A) requires disclosure of any person who may present expert testimony at trial, including witnesses not retained or specifically employed to offer expert testimony) (citations omitted). Moreover, Fluor's June 18, 2009 expert disclosure was made *pursuant to Rule 26(a)(2)(A)*. See Exhibit 3 to Defendants' Motion. Thus, Fluor's assertion that it somehow misunderstood its disclosure obligations is specious and does not satisfy Fluor's burden to show substantial justification for its untimely disclosure.

Fluor's argument that it fairly disclosed Benoit and McNaught as witnesses in its Rule 26(a)(1) disclosure also ignores the plain language Rule 26(a)(2)(A) and does not constitute substantial justification for its late disclosure. Rule 26(a)(2)(A) expressly provides that the disclosure of experts is *in addition to* the disclosures required by Rule 26(a)(1). See also Vigilant Ins., 234 F.R.D. at 22 (ruling that disclosure fact witnesses under Rule 26(a)(1) does not relieve a party of its obligation to separately disclose them as expert witnesses pursuant to Rule 26(a)(2)(A) if such witnesses intend to offer expert opinions); Peterson v. Scotia Prince Cruises, LTD., 222 F.R.D. 216, 217 (D. Me. 2004) (same). "[Defendants] should not be made to assume that each witness disclosed by [Plaintiff] could be an expert witness at trial." Vigilant Ins., 234 F.R.D. at 22 quoting Musser v. Gentiva Health Servs., 356 F.3d 751, 756 (7th Cir. 2004) (brackets in original).

Finally, Fluor's assertion that its expert disclosure was timely under Rule 26(a)(2)(C) because it was made 90 days before trial is simply wrong as a matter of law. Rule 26(a)(2)(C) expressly provides that "[a] party must make [Rule 26(a)(2)] disclosures *at the times and in the sequence that the court orders*." (emphasis added). See Fed. R. Civ. P. 26(a)(2)(C). It is only "*absent a stipulation or a court order*" that a party may wait until 90 days before trial to make

3

its expert disclosures. See Fed. R. Civ. P. 26(a)(2)(C)(i). Fluor failed to disclose McNaught and Benoit by the Court-imposed deadline and therefore is properly subject to Rule 37(c) sanctions.

**B.      Fluor was Required to Disclose the Substance and Basis of Any Expert Opinions to be Offered at Trial.**

McNaught and Benoit have been retained to provide expert testimony and therefore were required to produce expert reports in accordance with Rule 26(a)(2)(B). Neither McNaught nor Benoit is employed by Fluor. Rather, both are being paid by Fluor to review the relevant project records and to testify at trial. Until June 18, 2009, the Defendants were lead to believe that they were going to testify as fact witnesses. However, it is clear from Fluor's recently filed Rule 26(a)(2)(A) disclosure that, in fact, McNaught and Benoit have also been retained for purposes of providing *expert* testimony. The fact that McNaught and Benoit have been retained to provide both lay witness and expert testimony does not relieve Fluor of its obligation to provide a report in accordance with Rule 26(a)(2)(A).

Even if the Court finds that Benoit and McNaught were not required to produce expert reports pursuant to Rule 26(a)(2)(B), Fluor was nevertheless obligated to disclose the substance and basis for any expert opinions to be offered at trial in response to expert interrogatories propounded by the Defendants in late 2007. Interrogatory No. 3 states:

> 3.    Identify each person you expect to call as an expert witness at the trial of this action and set forth for each such person:
>
> (a)    A complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (b)    The data or other information considered by the witness in forming each opinion;
>
> (c)    The witness's qualifications, including a list of all publications authored in the previous ten years;

4

      (d)    A list of all other cases in which, during the previous four years, the witness testified as an expert at trial of by deposition; and

      (e)    A statement of the compensation to be paid for the study and testimony of the case.

At no time has Fluor identified Benoit or McNaught in response to Interrogatory No. 3 nor has Fluor provided the substance or basis of any expert opinions they expect to give at trial. There is no excuse for Fluor's failure to respond to Interrogatory No. 3 to provide the requested information nor has Fluor offered one. See Vigilant Ins., 234 F.R.D. at 23 (identification of expert witness under Rule 26(a)(1) did excuse plaintiff of its obligation to respond to expert interrogatories).

    **C.**    **Fluor's Untimely Disclosure Is Not Harmless.**

Fluor attempts to downplay its dereliction of its disclosure obligations on the grounds that the Defendants deposed both McNaught and Benoit and therefore there is no harm to the Defendants. See Fluor's Opposition, p. 6. This is simply untrue. The Defendants conducted the depositions of McNaught and Benoit without the benefit of knowing that these witnesses would offer expert opinions at trial. Accordingly, the Defendants used the time afforded them for depositions to explore these witnesses' *factual* knowledge. Had Fluor made proper and timely Rule 26(a)(2) disclosures regarding these witnesses, the Defendants would have had the opportunity to examine each witness as to the expert opinions they intend to offer at trial, their qualifications to render such opinions and the bases for them. Without this information, the Defendants cannot adequately prepare for trial and this is precisely the type of "trial by ambush" that Rule 26 disclosures are intended to avoid. Mcauley v. Anas, 321 F.3d 45, 50 (1st Cir. 2003). See also St. Joseph Hospital v. INA Underwriters Ins. Co., 117 F.R.D. 19, 22 (D. Me. 1987) (where plaintiff named an individual as a fact witness and defendants deposed him as such, plaintiff was prohibited from supplementing its Rule 26 disclosure beyond the disclosure

5

deadline to also designate him as an expert witness); Zimmerman v. CSX Transp., Inc., 2009 U.S. Dist. LEXIS 39457, 8-9 (S.D. Ind., May 8, 2009) (excluding expert testimony of treating physicians because the witnesses were not timely disclosed, notwithstanding that the witnesses had been deposed as fact witnesses prior to disclosure).  Thus, if the Court were to allow the designation, "it would have … a Hobson's choice:  either to force the defense to trial without appropriate preparation…or to reopen discovery and vacate the trial assignment." Peterson v. Scotia Prince Cruises, Ltd., 222 F.R.D. 216, 218 (D. Me. 2004) (quoting Macaulay, 321 F.3d at 52).)  The Court should decline to do either.

### D. Opinions Regarding Disputed Deviations are Expert Opinions.

Despite designating Benoit and McNaught as experts pursuant to Rule 26(a)(2), Fluor maintains that they are fact witnesses offering testimony pursuant to Fed. R. Evid. 701.[2]  Such contention is belied by Fluor's own pleadings.  First, Fluor conceded in its Memorandum in Support of Its Motion to Exclude and/or in Limine as to Certain Expert Testimony of Noresco's Expert Bradley [sic] Bright that opinions as to whether work was in or out of scope ***requires expertise***.  Moreover, it is clear from Fluor's recent Rule 26(a)(1)(A) disclosure that, in fact, Fluor intends to offer expert testimony from Benoit and McNaught "based upon their special skill sets or knowledge" under Fed. Rule Evid. 702.  See Exhibit 3 to Defendants' Motion, fn.1.  Fluor's late disclosure is the type of situation subsection (c) of Rule 701 is designed to prevent.  See Fed. R. Evid. 701, official commentary to 2000 Amendments (the purpose of subsection (c) is to ensure "that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26…by simply calling an expert witness in the guise of a layperson").  If

---

[2] Defendants' Motion sets forth in Section III(B) numerous reasons why opinions regarding whether disputed deviations fall within or without of Flour's contractual scope of work are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702," and are therefore impermissible under Rule 701.  See Fed. R. Evid. 701.

6

McNaught and Benoit are indeed fact witnesses as professed by Fluor, entry of an order prohibiting them from offering expert opinions at trial pursuant to Fed. R. Evid. 702 should be of no consequence to Fluor.

### Conclusion

For all the reasons set forth herein and in Defendants' Motion, Benoit and McNaught should be precluded from offering expert opinions at trial in accordance with Fed. R. Civ. P. 37(c).

        **NORESCO, LLC and LUMBERMENS MUTUAL CASUALTY COMPANY,**
By their Attorneys,

/s/  William M. Dolan III
William M. Dolan III (#4524)
wdolan@brownrudnick.com
**BROWN RUDNICK LLP**
121 South Main Street
Providence, RI 02903
(401) 276-2600
(401) 276-2601 Fax

Dated: July 21, 2009

*Pro Hac Vice*:
Cheryl B. Pinarchick
cpinarchick@brownrudnick.com
Matthew P. Sgro
msgro@brownrudnick.com
**BROWN RUDNICK LLP**
One Financial Center
Boston, MA 02111
(617) 856-8200
(617) 856-8201 Fax

## **CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

| | |
|---|---|
| Andrew J. Tine, Esq. | CharCretia V. DiBartolo, Esq. |
| atine@tinelaw.com | cdibartolo@hinshawlaw.com |
| Law Offices of Andrew J. Tine | Hinshaw & Culbertson LLP |
| 251 Thames Street, 2nd Fl. | One International Place |
| Bristol, RI  02809 | Boston, MA  02110 |

               /s/  William M. Dolan III

\# 1668912 v3 - 080908/0004