UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ADP MARSHALL, INC., n/k/a Fluor NE, Inc.,<br><br>   Plaintiff/Counterclaim-Defendant,<br>v.<br><br>NORESCO, LLC and LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>   Defendants/Counterclaim-Plaintiffs/<br>   Third-Party Plaintiffs,<br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY and FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>   Third-Party Defendants. | C.A. No. 07-129-ML |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION IN LIMINE PURSUANT TO FED. R. CIV. P. 37 TO EXCLUDE EXPERT OPINION TESTIMONY OF WADE CARLETON, THERESA MACKINNON AND STEPHEN BEATTY**

Defendants NORESCO, LLC ("Noresco") and Lumbermens Mutual Casualty Company ("Lumbermens") (collectively, "Defendants") hereby submit this objection to Plaintiff's Motion in Limine Pursuant to Fed. R. Civ. P. 37 to Exclude Expert Testimony of Wade Carleton, Theresa MacKinnon and Stephen Beatty ("Plaintiff's Motion").

### I.   INTRODUCTION

Plaintiff's Motion is fundamentally flawed as it proceeds from the entirely erroneous premise that these three witnesses are being offered as experts. To the contrary, the witnesses have not been identified nor are they being offered as such. It is apparent that Plaintiff's Motion was filed as a knee-jerk reaction to the Defendants' meritorious motion *in limine* to exclude

expert testimony from two witnesses the Plaintiff, ADP Marshall, Inc., n/k/a Fluor NE, Inc. ("Fluor"), designated as experts some fourteen (14) months after the Court-imposed deadline for expert witness disclosure and nine (9) months after close of discovery. See Motion in Limine to Exclude Expert Opinion Testimony of David Benoit and Edward McNaught, ("Defendants' Motion"), Docket Entry No. 119. Unlike McNaught and Benoit, none of the witnesses that are the subject of Plaintiff's Motion have been designated by the Defendants to offer expert testimony at the September 2009 trial of this action. As the premise of the Motion is just flat wrong, the Plaintiff's Motion should be denied.

## II.  ARGUMENT

### A.  Wade Carleton Is Not Being Offered As An Expert

At the heart of this construction dispute are approximately 60 change order requests improperly submitted by Fluor during construction of a cogeneration power plant at the Pastore Center in Cranston, Rhode Island (the "Project"). Noresco properly refused to issue change orders for this work because Fluor was already contractually obligated to perform it under its agreement with Noresco. Mr. Carleton, a Vice President of Construction for Noresco, was intimately involved in every aspect of the Project, from the negotiation of the agreement with Fluor to date, and had primary responsibility for the approval or denial of Fluor's change order requests. Defendants anticipate that Mr. Carleton will "testify as a fact witness regarding the negotiation of the contract between Fluor and Noresco, Fluor's performance on the project and breach of contract, Fluor's change order request claims, and the damages suffered by Noresco." See List of Trial Witnesses, attached hereto as Exhibit A. All of Mr. Carleton's anticipated testimony will be based upon personal knowledge gained over the course of construction and during the longstanding disputes between Noresco and Fluor. Mr. Carleton has never been

designated as an expert witness pursuant to Fed. R. Civ. P. 26(a)(2)(A), and the extent to which Mr. Carleton's anticipated testimony contains lay witness opinions admissible pursuant to Fed. R. Evid. 701 is more properly determined during trial.[1]

### B. Theresa MacKinnon Is Not Being Offered As An Expert

Theresa MacKinnon has not been designated as an expert witness. Attorney MacKinnon is expected to testify as a fact witness regarding Noresco's damages and Noresco's claims against Fluor's sureties. See Exhibit A. Fluor's apparent doubts regarding the sufficiency of Attorney MacKinnon's personal knowledge are properly addressed during cross-examination. Any objection Fluor may have to lay witness opinions offered by Attorney MacKinnon – if she offers any opinions at all – should be raised at trial. There is no basis for that anticipatory objection now.

### C. Stephen Beatty Is Not Being Offered As An Expert

Stephen Beatty is designated as a fact witness to testify on behalf of Lumbermens regarding Fluor's purported payment bond claim. He has not been designated as an expert witness in this case, and Fluor offers no substantive reason establishing that his anticipated testimony should be considered expert opinion. If Fluor finds any of Attorney Beatty's

---

[1] Plaintiff's Motion implies that any lay witness opinions offered by Mr. Carleton may not be admissible under Rule 701 for the same reasons McNaught and Benoit's opinions are not admissible under Rule 701, as advanced in Defendants' Motion. This assertion fails to distinguish between the anticipated testimony of these three witnesses. Mr. Carleton is anticipated to testify as to why he rejected Fluor's change order requests during the Project. This testimony is simply an expression of Mr. Carleton's analysis at that time, and is therefore fact testimony. The Defendants' duly designated and disclosed expert witnesses will then offer expert opinion as to whether the work described in the change order requests was within or without of Fluor's scope of work. Conversely, McNaught and Benoit are expected to testify directly as to whether the change order request work was within Fluor's contractual scope of work. Fluor has admitted that this testimony requires an expert witness. See Plaintiff's Memorandum in Support of Its Motion to Exclude and/or in Limine as to Certain Expert Testimony of Noresco's Expert, Bradley [sic] Bright, Docket Entry No. 114, at 16 ("Mr. Bright...intends on opining as to what scopes of work ADP Marshall, Inc. should have anticipated were part of the design....This type of *expert inference* cannot be given by someone with Mr. Bright's lacking qualifications.") (emphasis added). McNaught and Benoit cannot, therefore, offer lay opinions on this subject.

testimony objectionable during trial, it will have ample opportunity to raise its objections at that time.

### III. CONCLUSION

The Defendants have not designated Wade Carleton, Theresa MacKinnon or Stephen Beatty as an expert witness pursuant to Fed. R. Civ. P. 26(a)(2)(A), nor have the Defendants given any other indication that these witnesses would be used at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Plaintiff's Motion is therefore at best premature and should be summarily denied.

NORESCO, LLC and LUMBERMENS
MUTUAL CASUALTY COMPANY,
By their Attorneys,

/s/ William M. Dolan III
William M. Dolan III (#4524)
wdolan@brownrudnick.com
**BROWN RUDNICK** LLP
121 South Main Street
Providence, RI 02903
(401) 276-2600
(401) 276-2601 Fax

Dated: July 31, 2009

*Pro Hac Vice*:
Cheryl B. Pinarchick
cpinarchick@brownrudnick.com
Matthew P. Sgro
msgro@brownrudnick.com
**BROWN RUDNICK** LLP
One Financial Center
Boston, MA 02111
(617) 856-8200
(617) 856-8201 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

| | |
|---|---|
| Andrew J. Tine, Esq. | CharCretia V. DiBartolo, Esq. |
| atine@tinelaw.com | cdibartolo@hinshawlaw.com |
| Law Offices of Andrew J. Tine | Hinshaw & Culbertson LLP |
| 251 Thames Street, 2nd Fl. | One International Place |
| Bristol, RI  02809 | Boston, MA  02110 |

/s/ William M. Dolan III

# 1672380 v2 - SGROMP - 080908/0004